EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO._____ |
| | ) |
| v. | ) **CR521-0009** |
| | ) |
| MARIA LETICIA PATRICIO, | ) 18 U.S.C. § 1349 |
| | ) Conspiracy to Commit |
| DANIEL MENDOZA, | ) Mail Fraud |
| | ) |
| NERY RENE CARRILLO-NAJARRO, | ) 18 U.S.C. § 1341 |
| | ) Mail Fraud |
| ANTONIO CHAVEZ RAMOS, | ) |
| a/k/a, Tony Chavez, | ) 18 U.S.C. § 1594 |
| | ) Conspiracy to Engage in |
| JC LONGORIA CASTRO, | ) Forced Labor |
| | ) |
| VICTORIANO CHAVEZ HERNANDEZ, | ) 18 U.S.C. § 1589 |
| | ) Forced Labor |
| ENRIQUE DUQUE TOVAR, | ) |
| | ) 18 U.S.C. § 1956(h) |
| JOSE CARMEN DUQUE TOVAR, | ) Conspiracy to Commit |
| | ) Money Laundering |
| CHARLES MICHAEL KING, | ) |
| | ) 18 U.S.C. § 1512 |
| STANLEY NEAL MCGAULEY, | ) Tampering with a Witness |
| | ) |
| LUIS ALBERTO MARTINEZ, | ) Aiding and Abetting |
| a/k/a, Chino Martinez, | ) 18 U.S.C. § 2 |
| | ) |
| DELIA IBARRA ROJAS, | ) |
| | ) |
| JUANA IBARRA CARRILLO, | ) |
| | ) |
| DONNA MICHELLE ROJAS, | ) |
| a/k/a, Donna Lucio, | ) |
| | ) |
| MARGARITA ROJAS CARDENAS, | ) |
| a/k/a, Maggie Cardenas, | ) |
| | ) |
| JUAN FRANCISCO ALVAREZ CAMPOS, | ) |
| | ) |

ROSALVA GARCIA MARTINEZ,                )
    a/k/a, Chava Garcia,                           )
                                                                   )
ESTHER IBARRA GARCIA,                       )
                                                                   )
RODOLFO MARTINEZ MACIEL,             )
                                                                   )
BRETT DONAVAN BUSSEY,                    )
                                                                   )
LINDA JEAN FACUNDO,                         )
                                                                   )
GUMARA CANELA,                                 )
                                                                   )
DANIEL MERARI CANELA DIAZ,            )
                                                                   )
and                                                               )
                                                                   )
CARLA YVONNE SALINAS                     )


**THE GRAND JURY CHARGES THAT:**

**<u>Introduction:</u>**

1.      At all times material to this Indictment, the defendants herein,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**

**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**
**DANIEL MERARI CANELA DIAZ,**
**CARLA YVONNE SALINAS,**

and others, were members and associates of a transnational criminal organization (the "Patricio TCO"), whose members and associates engaged in mail fraud, international forced labor trafficking, and money laundering, among other crimes, within the Southern District of Georgia, Middle District of Georgia, Northern District of Georgia, Middle District of Florida, Southern District of Texas, Mexico, Guatemala, Honduras, and elsewhere.

2.     The purpose of the Patricio TCO was to make money from illegal activities, including mail fraud, forced labor, and money laundering.  The Patricio TCO fraudulently used the H-2A visa program to smuggle foreign nationals from Mexico, Guatemala, and Honduras into the United States under the pretext of being an agriculture worker.  The Patricio TCO further sought to make money by exploiting these foreign workers and then laundering the illegal proceeds.

### Labor Trafficking and the H-2A Visa Program

3.     Foreign nationals could not work in the United States without prior authorization from the United States government.  Foreign nationals could obtain work authorization in the United States if a qualifying sponsor, an employer based

in the United States, petitioned the United States government for a nonimmigrant visa on their behalf.    A nonimmigrant visa that authorized foreign nationals to work for an agriculture employer was called an "H-2A visa."

4.    To petition the United States government for nonimmigrant H-2A visas for foreign workers, qualifying sponsors based in the United States completed a form on which they claimed they were seeking foreign workers for work authorization, under penalty of law, that the information provided in the form was truthful and accurate; and then mailed their form and supporting documentation to the United States government for processing.   This form was called Form I-129, Petition for Nonimmigrant Worker ("Petition").

5.    Based on these Petitions, the United States would issue nonimmigrant H-2A visas to foreign workers authorizing the workers to enter the United States and perform paid work for an agriculture employer harvesting crops for a specific period of time.

6.    Under the lawful H-2A visa program, a qualifying sponsor or employer was required to pay the foreign worker under the terms of the contract, typically ten to twelve dollars per hour, with pay stubs that accurately listed their pay, hours worked, deductions, and earnings.

7.    Under the lawful H-2A visa program, a qualifying sponsor or employer was also required to pay upfront or reimburse workers in the first work week for costs associated with obtaining the H-2A visa, border crossing fees, reasonable

transportation, lodging, food expenses, and the reasonable costs associated with returning to their home countries.

8.     Under the lawful H-2A program, a qualifying sponsor or employer was prohibited from:  holding or confiscating the immigration documents of its H-2A foreign workers; seeking or receiving payments of any kind from its H-2A foreign workers for recruiting them; and conditioning the employment in any way on the payment of a fee from its H-2A foreign workers.

9.     In an effort to exploit foreign workers and cheat the system for financial gain, from at least 2015 and continuing through the return date of this Indictment, the Patricio TCO mailed multiple false Petitions to the United States government seeking over 71,000 foreign workers to enter the United States to work for an agricultural employer, and fraudulently caused the United States to issue thousands of H-2A visas to foreign nationals.

10.     The Patricio TCO exploited these foreign workers by demanding they pay unlawful fees, by holding their identification documents hostage, by requiring them to perform physically demanding work for little or no pay, by requiring them to live in crowded, unsanitary, and degrading living conditions, and by threatening them with deportation and violence.

11.     The Patricio TCO illegally profited over $200,000,000 from this illegal scheme.

### Money Laundering and the H-2A Visa Program

12.     Federal law makes it unlawful to benefit financially from exploiting foreign workers who entered the United States on an H-2A visa.

13.     From at least 2015 through the return date of this Indictment, the Patricio TCO sought to hide the millions of dollars in illegal proceeds by laundering the money through cash purchases of land, homes, vehicles, businesses, cashier's checks, and funneling millions of dollars through casinos.

### The Defendants

14.     **Defendant Maria Leticia Patricio** was a United States citizen who filed fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.

15.     **Defendant Daniel Mendoza** was a United States citizen who filed fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.   **Defendant Daniel Mendoza** was **Defendant Maria Leticia Patricio's** son.

16.     **Defendant Nery Rene Carrillo-Najarro** was a naturalized United States citizen who contracted with farmers to find and recruit foreign workers to enter the United States under the H-2A visa program.   **Defendant Nery Rene Carrillo-Najarro** also supervised foreign workers in the fields and unlawfully held their identification documents to prevent the workers from leaving.   **Defendant Maria Leticia Patricio** filed fraudulent Petitions for **Defendant Nery Rene Carrillo-Najarro**.

17.    **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez** was an illegal alien who supervised and managed foreign workers who entered the United States under the H-2A visa program.  **Defendant Maria Leticia Patricio** filed fraudulent Petitions for foreign workers supervised by **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez**.

18.    **Defendant JC Longoria Castro** was a United States citizen who recruited foreign workers to enter the United States under the H-2A visa program. **Defendant JC Longoria Castro** also supervised and managed foreign workers who entered the United States under the H-2A visa program.  **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez** unlawfully traded or sold foreign workers with **Defendant JC Longoria Castro**.

19.    **Defendant Victoriano Chavez Hernandez** was a Mexican citizen who entered the United States on an H-2A visa.  **Defendant Victoriano Chavez Hernandez** recruited foreign workers to enter the United States on an H-2A visa. **Defendant Victoriano Chavez Hernandez** also supervised and managed foreign workers who entered the United States under the H-2A visa program. **Defendant Victoriano Chavez Hernandez** was related to and worked with **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez**.

20.    **Defendant Enrique Duque Tovar** was a United States citizen who supervised and managed foreign workers who entered the United States under the H-2A visa program. **Defendant Enrique Duque Tovar** unlawfully held the foreign workers' identification documents to prevent them from leaving and threatened the

workers with violence. **Defendant Maria Leticia Patricio** filed fraudulent Petitions for foreign workers supervised by **Defendant Enrique Duque Tovar**.

21.    **Defendant Jose Carmen Duque Tovar** was a lawful permanent resident who recruited foreign workers to enter the United States on an H-2A visa. **Defendant Jose Carmen Duque Tovar** also supervised and managed foreign workers who entered the United States under the H-2A visa program. **Defendant Jose Carmen Duque Tovar** unlawfully held the foreign workers' identification documents to prevent them from leaving. **Defendant Jose Carmen Duque Tovar** was related to and worked with **Defendant Enrique Duque Tovar**.

22.    **Defendant Charles Michael King** was a United States citizen, owner of Kings Berry Farms, and the registered agent of Hilltop Packing, LLC. **Defendant Charles Michael King** had foreign workers who entered the United States on an H-2A visa working on his farms. **Defendants Maria Leticia Patricio** and **Daniel Mendoza** filed fraudulent Petitions for **Defendant Charles Michael King**. **Defendant Charles Michael King** was an associate of **Defendant Stanley Neal McGauley**.

23.    **Defendant Stanley Neal McGauley** was a United States citizen, owner of Hilltop Packing, LLC, and contracted with farmers to help find and recruit foreign workers to enter the United States under the H-2A visa program. **Defendants Maria Leticia Patricio** and **Daniel Mendoza** filed fraudulent Petitions for **Defendant Stanley Neal McGauley**. **Defendant Stanley Neal McGauley** was an associate of **Defendant Charles Michael King**.

24.     **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez**, was a United States citizen who contracted with farmers to help find and recruit foreign workers to enter the United States under the H-2A visa program. **Defendant Maria Leticia Patricio** filed fraudulent Petitions for **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez**. **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez** unlawfully traded or sold foreign workers to other members of the Patricio TCO. **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez** is related to and works with **Defendant Delia Ibarra Rojas** and other members of Rojas family.

25.     **Defendant Delia Ibarra Rojas** was a lawful permanent resident and head of the Rojas family. **Defendant Delia Ibarra Rojas** laundered money for the Patricio TCO by smuggling cash across the border and by funneling millions of dollars through casinos.

26.     **Defendant Juana Ibarra Carrillo** was a United States citizen and recruited foreign workers to enter the United States under the H-2A visa program. **Defendant Juana Ibarra Carrillo** laundered money for the Patricio TCO by smuggling cash across the border and by funneling millions of dollars through casinos. **Defendant Juana Ibarra Carrillo** was **Defendant Delia Ibarra Rojas'** daughter. **Defendant Juana Ibarra Carrillo** assisted **Defendant Brett Donavan Bussey** in filing fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.

27.     **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio** was a United States citizen and recruited foreign workers to enter the United States under

the H-2A visa program. **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio** unlawfully held foreign workers' identification documents after they entered the United States. **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio** laundered money for the Patricio TCO by smuggling cash across the border and by funneling cash through casinos. **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio** was **Defendant Delia Ibarra Rojas'** daughter. **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio** assisted **Defendant Brett Donavan Bussey** in filing fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.

28.     **Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas**, was a United States citizen and recruited foreign workers to enter the United States under the H-2A visa program. **Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas** unlawfully held foreign workers' identification documents after they entered the United States to prevent them from leaving. **Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas** laundered money for the Patricio TCO by smuggling cash across the border and by funneling cash through casinos. **Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas** was **Defendant Delia Ibarra Rojas'** daughter. **Defendant Margarita Rojas Cardenas, a/k/a Maggie Cardenas** assisted **Defendant Brett Donavan Bussey** in filing fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.

29.     **Defendant Juan Francisco Campos** was an illegal alien who supervised and managed foreign workers who entered the United States under the H-2A visa program.  **Defendant Juan Francisco Campos** is an associate of the Rojas family and **Defendant Brett Donavan Bussey**.

30.     **Defendant Rosalva Garcia Martinez, a/k/a, Chava Garcia**, was a United States citizen who contracted with farmers to help find and recruit foreign workers to enter the United States under the H-2A visa program.  **Defendant Rosalva Garcia Martinez, a/k/a, Chava Garcia** is **Defendant Delia Ibarra Rojas's** niece and an associate of **Defendant Brett Donavan Bussey**.

31.     **Defendant Esther Ibarra Garcia** was a United States citizen who worked with the Rojas family to complete fraudulent Petitions.  **Defendant Esther Ibarra Garcia** is **Defendant Rosalva Garcia Martinez, a/k/a, Chava Garcia's** mother and related to **Defendant Delia Ibarra Rojas**.

32.     **Defendant Rodolfo Martinez Maciel** was an illegal alien who supervised and managed foreign workers who entered the United States under the H-2A visa program.  **Defendant Esther Ibarra Garcia** filed fraudulent Petitions for foreign workers supervised by **Defendant Rodolfo Martinez Maciel**. **Defendant Rodolfo Martinez Maciel** is an associate of the Rojas family.

33.     **Defendant Brett Donavan Bussey** was a United States citizen who filed fraudulent Petitions to bring foreign workers into the United States under the H-2A visa program.  **Defendant Brett Donavan Bussey** was an associate of the Rojas family.

34.     **Defendant Linda Jean Facundo** was a United States citizen and assisted **Defendant Brett Donavan Bussey** in filing fraudulent Petitions to bring in foreign workers into the United States under the H-2A visa program.

35.     **Defendant Gumara Canela** was a United States citizen who contracted with farmers to help find and recruit foreign workers to enter the United States under the H-2A visa program. **Defendant Gumara Canela** also supervised foreign workers in the fields and unlawfully held their identification documents to prevent the workers from leaving. **Defendants Maria Leticia Patricio** and **Defendant Brett Donavan Bussey** filed fraudulent Petitions for **Defendant Gumara Canela**.

36.     **Defendant Daniel Merari Canela Diaz** was an illegal alien who supervised, managed, and transported foreign workers who entered the United States under the H-2A visa program. **Defendant Daniel Merari Canela Diaz** was an associate of **Defendant Gumara Canela.**

37.     **Defendant Carla Yvonne Salinas** was a United States citizen who recruited and transported foreign workers who entered the United States under the H-2A visa program. **Defendant Carla Yvonne Salinas** was an associate of **Defendant Brett Donavan Bussey** and **Defendant Gumara Canela.**

## COUNT ONE
*Conspiracy to Commit Mail Fraud*
18 U.S.C. § 1349

38.     Paragraphs 1 through 37 of this Indictment are incorporated by reference as if fully set forth herein.

39.     Beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through the return date of this Indictment, the precise dates being unknown, in Atkinson, Bacon, Coffee, Tattnall, Toombs, and Ware Counties, within the Southern District of Georgia, and elsewhere, the defendants,

**MARIA LETICIA PATRICIO,
DANIEL MENDOZA,
NERY RENE CARRILLO-NAJARRO,
ANTONIO CHAVEZ RAMOS,
a/k/a, Tony Chavez,
JC LONGORIA CASTRO,
VICTORIANO CHAVEZ HERNANDEZ,
ENRIQUE DUQUE TOVAR,
JOSE CARMEN DUQUE TOVAR,
CHARLES MICHAEL KING,
STANLEY NEAL MCGAULEY,
LUIS ALBERTO MARTINEZ,
a/k/a, Chino Martinez,
DELIA IBARRA ROJAS,
JUANA IBARRA CARRILLO,
DONNA MICHELLE ROJAS,
a/k/a, Donna Lucio,
MARGARITA ROJAS CARDENAS,
a/k/a, Maggie Cardenas,
JUAN FRANCISCO ALVAREZ CAMPOS,
ROSALVA GARCIA MARTINEZ,
a/k/a, Chava Garcia,
ESTHER IBARRA GARCIA,
RODOLFO MARTINEZ MACIEL,
BRETT DONAVAN BUSSEY,
LINDA JEAN FACUNDO,
GUMARA CANELA,
DANIEL MERARI CANELA DIAZ,**

**Page 13 of 50**

**CARLA YVONNE SALINAS,**

aided and abetted by each other and by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit mail fraud, that is to execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by using the United States mail, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

## OBJECT OF THE CONSPIRACY

40.     The object of the conspiracy was to make money from illegal activities, including mailing fraudulent Petitions seeking nonimmigrant H-2A visas for foreign workers, financially exploiting the foreign workers through forced labor, and then hiding the illegal proceeds through money laundering.

## MANNER AND MEANS OF THE CONSPIRACY

41.     It was part of the conspiracy that conspirators would exploit federal immigration and visa laws to make money.

42.     It was part of the conspiracy that conspirators located in foreign countries would fraudulently recruit foreign workers to work in the United States by unlawfully requiring the foreign workers to pay excessive fees for the opportunity to come to the United States on an H-2A visa and work in the United States for pay.

43.     It was further part of the conspiracy that conspirators would lie to the foreign workers and falsely guarantee that once in the United States, the workers

would be paid under the terms of a contract, typically ten to twelve dollars per hour, with transportation, housing, and food provided.

44.     It was further part of the conspiracy that conspirators located in foreign countries would smuggle the unlawful fees paid by the foreign workers to conspirators located in the United States.

45.     It was further part of the conspiracy that after receiving the unlawful fees paid by foreign workers, conspirators located in the United States would prepare and mail fraudulent Petitions seeking nonimmigrant H-2A visas for the foreign workers to enter the United States.

46.     It was further part of the conspiracy that conspirators would unlawfully threaten and coerce workers and witnesses to provide materially false information to government officials to hide violations of federal immigration and visa laws.

47.     It was further part of the conspiracy that conspirators would unlawfully require the foreign workers to pay for their border crossing fees, transportation fees, lodging fees, and food expenses.

48.     It was further part of the conspiracy that if a foreign worker could not afford the unlawful fees, conspirators would unlawfully require the worker to pay back a smuggling debt, resulting in debt-bondage.

49.     It was further part of the conspiracy that once the foreign workers entered the United States on the H-2A visa, conspirators would confiscate their passports and H-2A visas to prevent the workers from leaving or contacting law enforcement.

50.     It was further part of the conspiracy that conspirators would force the foreign workers to work in agriculture fields in the United States for little to no pay in violation of the H-2A visa process.

51.     It was further part of the conspiracy that when payday did eventually come, conspirators would pay the foreign workers in cash and without pay stubs that accurately listed their pay, hours worked, deductions, and earnings.

52.     It was further part of the conspiracy that conspirators would force the foreign workers to live in crowded, unsanitary, and degrading living conditions.

53.     It was further part of the conspiracy that conspirators would threaten the workers with deportation or violence if the foreign workers did not pay the unlawful fees, refused to work off their illegal smuggling debt, or contacted law enforcement.

54.     It was further part of the conspiracy that conspirators would use foreign workers as a work force and sell or trade workers in exchange for money to other members of the organization.

55.     It was further part of the conspiracy that conspirators would require the foreign workers to work at unapproved locations such as restaurants and golf clubs.

56.     It was further part of the conspiracy that conspirators would force foreign workers to pay additional unlawful fees to get their passports and H-2A visas back from conspirators.

57.     It was further part of the conspiracy that conspirators would allow some foreign workers to abscond and not work in agriculture fields under the terms of the H-2A visa program, but only if they paid additional unlawful fees.

58.     It was further part of the conspiracy that conspirators would take the unlawful fees paid by the foreign workers and divide the illegal proceeds among other conspirators involved in the scheme.

59.     It was further part of the conspiracy that conspirators would hide the illegal proceeds by requiring the foreign workers to smuggle cash into the United States when they crossed the border.

60.     It was further part of the conspiracy that conspirators would hide the illegal proceeds by laundering the money through cash purchases of land, homes, vehicles, and businesses.

61.     It was further part of the conspiracy that conspirators would hide the illegal proceeds by laundering the money through cash purchases of cashier's checks.

62.     It was further part of the conspiracy that conspirators would hide the illegal proceeds by laundering the money through casinos.

## OVERT ACTS

63.     In furtherance of the conspiracy and to effect the objects thereof, the defendants and others both known and unknown to the Grand Jury, committed one or more of the following overt acts, among others:

**Mailing the Petitions**

a.    On or about November 3, 2014, members of the Patricio TCO, aided and abetted by **Defendant Delia Ibarra Rojas**, **Defendant Donna Michelle Rojas, a/k/a Donna Lucio**, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas**, **Defendant Rodolfo Martinez Maciel**, **Defendant Esther Garcia**, and others, mailed Petition WAC1502350421 to the United States government.  Petition WAC1502350421 sought seventy-four foreign workers to enter the United States under the H-2A visa program.  As a result, on or about November 14, 2014, among other foreign nationals, Victims 52 and 53 entered the United States to work for the Patricio TCO.

b.    On or about March 8, 2015, members of the Patricio TCO, aided and abetted by **Defendant Delia Ibarra Rojas**, **Defendant Donna Michelle Rojas, a/k/a Donna Lucio**, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas**, **Defendant Rodolfo Martinez Maciel**, **Defendant Esther Garcia**, and others, mailed Petition WAC1510650724 to the United States government.  Petition WAC1510650724 sought seventy-four foreign workers to enter the United States under the H-2A visa program.  As a result, on or about April 16, 2015, among other foreign nationals, Victim 54 entered the United States to work for the Patricio TCO.

c.    On or about August 11, 2015, members of the Patricio TCO mailed Petition WAC1521050856 to the United States government.  Petition WAC1521050856 sought fifty-three foreign workers to enter the United States under

the H-2A visa program.  As a result, on or about November 14, 2015, among other foreign nationals, Victim 61 entered the United States to work for the Patricio TCO.

         d.     On or about April 5, 2017, members of the Patricio TCO mailed Petition WAC1712851010 to the United States government.   Petition WAC1712851010 sought eighty foreign workers to enter the United States under the H-2A visa program.  As a result, on or about May 14, 2017, among other foreign nationals, Victim 18 entered the United States to work for the Patricio TCO.

         e.     On or about August 8, 2018, members of the Patricio TCO, aided and abetted by **Defendant Charles Michael King,** mailed Petition WAC1825351049 to the United States government.    Petition WAC1825351049 sought 300 foreign workers to enter the United States under the H-2A visa program. As a result, on or about September 14, 2018, among other foreign nationals, Victim 12 entered the United States to work for the Patricio TCO.

         f.     On or about March 7, 2019, **Defendant Maria Leticia Patricio,** aided and abetted by others, mailed Petition WAC1913750688 to the United States government.  Petition WAC1913750688 sought 316 foreign workers to enter the United States under the H-2A visa program.  As a result, on or between April 18, 2019 and May 16, 2019, among other foreign nationals, Victims 55, 56, 57, and 65 entered the United States to work for the Patricio TCO.

         g.     On or about December 10, 2019, **Defendant Daniel Mendoza,** **Defendant Stanley Neal McGauley,** and **Defendant Charles Michael King,** aided and abetted by each other and others, mailed Petition WAC2005850609 to the

United States government.  Petition WAC2005850609 sought seventy-four foreign workers to enter the United States under the H-2A visa program.  As a result, on or about March 1, 2020, among other foreign nationals, Victims 2, 8, 9, 10, 13 and 14 entered the United States to work for the Patricio TCO.

        h.      On or about January 24, 2020, **Defendant Maria Leticia Patricio**, aided and abetted by others, mailed Petition WAC2009450945 to the United States government.   Petition WAC2009450945 sought forty-nine foreign workers to enter the United States under the H-2A visa program.  As a result, on or about February 21, 2020, among other foreign nationals, Victims 1, 3, 4, and 5 entered the United States to work for the Patricio TCO.

        i.      On or about April 2, 2020, **Defendant Maria Leticia Patricio**, aided and abetted by others, mailed Petition WAC2015150421 to the United States government.  Petition WAC2015150421 sought forty-nine foreign workers to enter the United States under the H-2A visa program.  As a result, on or between May 22, 2020 and June 12, 2020, among other foreign nationals, Victims 6, 7, and 11 entered the United States to work for the Patricio TCO.

        j.      On or about April 6, 2020, **Defendant Maria Leticia Patricio,** aided and abetted by others, mailed Petition WAC2015450679 to the United States government.  Petition WAC2015450679 sought ninety-nine foreign workers to enter the United States under the H-2A visa program.  As a result, on or about April 29, 2020, among other foreign nationals, Victim 62 entered the United States to work for the Patricio TCO.

k.     On or about April 28, 2020, **Defendant Maria Leticia Patricio,** aided and abetted by others, mailed Petition WAC2017650917 to the United States government.   Petition WAC2017650917 sought 163 foreign workers to enter the United States under the H-2A visa program.  As a result, on or about May 16, 2020, among other foreign nationals, Victim 66 entered the United States to work for the Patricio TCO.

l.     On or about November 9, 2020, **Defendant Maria Leticia Patricio** and **Defendant Gumara Canela**, aided and abetted by each other and others, mailed Petition IOE8728779174 to the United States government.  Petition IOE8728779174 sought seventy-three foreign workers to enter the United States under the H-2A visa program.  As a result, on or about December 8, 2020, among other foreign nationals, Victims 19 and 51 entered the United States to work for the Patricio TCO.

m.     On or about December 18, 2020, **Defendant Maria Leticia Patricio** and **Defendant Nery Rene Carrillo-Najarro**, aided and abetted by each other and others, mailed Petition IOE8107735208 to the United States government. Petition IOE8107735208 sought forty-nine foreign workers to enter the United States under the H-2A visa program.  As a result, on or between February 13, 2021 and May 11, 2021, among other foreign nationals, Victims 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 64 entered the United States to work for the Patricio TCO.

n.     On or about December 18, 2020, **Defendant Maria Leticia Patricio** and **Defendant Nery Rene Carrillo-Najarro**, aided and abetted by each

other and others, mailed Petition IOE8089201100 to the United States government. Petition IOE8089201100 sought fifty foreign workers to enter the United States under the H-2A visa program. As a result, on or between February 13, 2021 and May 11, 2021, among other foreign nationals, Victims 39, 40, and 41 entered the United States to work for the Patricio TCO.

o.      On or about February 24, 2021, **Defendant Maria Leticia Patricio** and **Defendant Enrique Duque Tovar**, aided and abetted by each other and others, mailed Petition IOE8415258469 to the United States government. Petition IOE8415258469 sought eighty-four foreign workers to enter the United States under the H-2A visa program. As a result, on or between April 1, 2021 and April 22, 2021, among other foreign nationals, Victims 42, 43, 44, 45, 46, 47, 48, 49, and 50 entered the United States to work for the Patricio TCO.

p.      On or about February 25, 2021, **Defendant Maria Leticia Patricio** and **Defendant Gumara Canela**, aided and abetted by each other and others, mailed Petition IOE8425516837 to the United States government. Petition IOE8425516837 sought 132 foreign workers to enter the United States under the H-2A visa program. As a result, on or between April 1, 2021 and May 5, 2021, among other foreign nationals, Victims 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, and 63 entered the United States to work for the Patricio TCO.

### Exploiting the Workers

q.      In or around November 2014, members of the Patricio TCO, aided and abetted by **Defendant Delia Ibarra Rojas**, **Defendant Donna Michelle**

Rojas, a/k/a Donna Lucio, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Defendant Rodolfo Martinez Maciel, Defendant Esther Garcia**, and others, unlawfully charged Victims 52 and 53 fees that they could not afford, confiscated their identification documents to prevent them from leaving, forced them to work in fields digging up onions with their bare hands, only paid them twenty cents for every bucket they filled with onions, and threatened them with a gun to keep them in line.

r.      In or around April 2015, members of the Patricio TCO, aided and abetted by **Defendant Delia Ibarra Rojas, Defendant Donna Michelle Rojas, a/k/a Donna Lucio, Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Defendant Rodolfo Martinez Maciel, Defendant Esther Garcia**, and others, unlawfully charged Victim 54 fees that he could not afford, confiscated his identification documents to prevent him from leaving, forced him to work in fields digging up onions with his bare hands, only paid him twenty cents for every bucket he filled with onions, and threatened him with a gun to keep him in line.

s.      In or around November 2015, members of the Patricio TCO falsely promised Victim 61 work in the United States, unlawfully charged Victim 61 fees that he could not afford, confiscated his cell phone and identification documents to prevent him from leaving or communicating with anyone, and then abandoned him and left him stranded in the United States with nothing, claiming there was no more work.

t.      In or around May 2017, members of the Patricio TCO unlawfully charged Victim 18 fees he could not afford, confiscated his identification documents to prevent him from leaving, put him to work in the fields harvesting crops, and did not pay him as required under the H-2A visa program.

u.      Between on or about July 12, 2018 and July 18, 2019, **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez**, aided and abetted by **Defendant Delia Ibarra Rojas**, unlawfully sold approximately thirty workers to a conspirator in Indiana for $21,481.

v.      Between on or about September 14, 2018 and November 4, 2019, a member of the Patricio TCO, aided and abetted by **Defendant Charles Michael King**, and **Defendant Stanley Neal McGauley**, repeatedly raped, kidnapped, and tried to kill Victim #12.

w.      Between in or around April 2019 and June 2019, members of the Patricio TCO, aided and abetted by **Defendant Maria Leticia Patricio**, **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez**, and **Defendant JC Longoria Castro**, unlawfully charged Victims 55, 56, 57, and 65 fees, put them to work in the fields harvesting crops, and did not pay them as required under the H-2A visa program.

x.      Between in or around May 2019 and June 2019, **Defendant Antonio Chavez Ramos, a/k/a, Tony Chavez**, unlawfully sold or traded Victim 65 to **Defendant JC Longoria Castro**.

y.      On or about June 22, 2019, Victim 65 died from a heat stroke when he was outside working in the fields for **Defendant JC Longoria Castro.**

z.      Between in or around March 2020 and April 2020, a member of the Patricio TCO, aided and abetted by **Defendant Daniel Mendoza** and **Defendant Stanley Neal McGauley**, kidnapped and threatened to kill Victims 2, 8, 9, and 10, and threatened to harm their families in Mexico.

aa.     Between in or around February 2020 and September 2020, members of the Patricio TCO, aided and abetted by **Defendant Maria Leticia Patricio**, unlawfully charged Victims 1, 3, 4, 5, 6, 7, and 11 fees they could not afford, confiscated their identification documents to prevent them from leaving, put them to work in the fields harvesting crops, and later unlawfully used them as a work force for lawn care, construction, and repair work.  Members of the Patricio TCO did not pay them as required under the H-2A visa program.   In addition, members of the Patricio TCO forced Victims 1, 3, 4, 5, 6, 7, and 11 to live with dozens of other workers in a single room trailer with little or no food and limited plumbing and without safe drinking or cooking water.

bb.     Between in or around April 2020 and July 2020, members of the Patricio TCO, aided and abetted by **Defendant Maria Leticia Patricio**, unlawfully charged Victim 62 fees, put him to work in the fields harvesting crops, did not allow proper water breaks, and forced him to live in a hazardous trailer.

cc.     On or about September 6, 2020, Victim 66 died when he was cleaning a Patricio TCO labor camp that did not have air conditioning.

dd.     Between in or around December 2020 and January 2021, **Defendant Gumara Canela**, aided and abetted by others, unlawfully charged Victims 19 and 51 fees they could not afford, confiscated their identification documents to prevent them from leaving, put them to work in the fields harvesting crops, forced them to live in crammed, dirty quarters with little or no food and limited plumbing and threatened them with deportation.

ee.     Between in or around February 2021 and May 2021, members of the Patricio TCO, aided and abetted by **Defendant Maria Leticia Patricio** and **Defendant Nery Rene Carrillo-Najarro**, and others, unlawfully charged Victims 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 64 fees, confiscated their identification documents to prevent them from leaving, put them to work in the fields harvesting crops, and did not pay them as required under the H-2A visa program.

ff.     In or around April 2021 and May 2021, **Defendant Enrique Duque Tovar, Defendant Jose Carmen Duque Tovar,** aided and abetted by **Defendant Maria Leticia Patricio**, and others, unlawfully charged Victims 42, 43, 44, 45, 46, 47, 48, 49, and 50 fees they could not afford, confiscated their identification documents to prevent them from leaving, put them to work in the fields harvesting crops, forced them to live in cramped, single room trailers with little or no food and limited plumbing, forced them to sleep in the same cramped trailer with a worker contagious with measles, and threatened them with violence and deportation.

gg.     In or around April 2021, **Defendant Gumara Canela**, aided and abetted by **Defendant Maria Leticia Patricio**, and others, unlawfully charged

Victims 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, and 63 fees they could not afford, confiscated their identification documents to prevent them from leaving, put them to work in the fields harvesting crops, forced them to live in cramped, dirty trailers with raw sewage leaking into the trailers, threatened them with deportation, and detained them in a work camp surrounded by an electric fence.

hh.    On or about April 19, 2021, Victims 15 and 16 escaped from **Defendant Gumara Canela's** work camp with an electric fence. After their escape, Victims 15 and 16 hid in the woods and were rescued by federal agents.

### Hiding the Illegal Profits

ii.    From at least in or around 2015 and continuing through in or around 2020, members of the Patricio TCO funneled over $13,000,000 in cash into casinos.

jj.    From at least in or around 2015 and continuing through in or around 2020, members of the Patricio TCO obtained more than $23,000,000 in casino winnings.

kk.    On or about November 20, 2016, **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez,** paid $12,000 in cash to purchase a vehicle from El Compadre Trucks, Inc.

ll.    On or about July 1, 2013, **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez,** paid $10,000 in cash to purchase a vehicle from Griffin Ford Lincoln, Inc.

mm.   On or about October 24, 2017, **Defendant Juana Ibarra Carrillo** paid $56,000 in cash to purchase a vehicle from Woody Folsom Chrysler, Dodge, Jeep, RAM of Baxley.

nn.   On or about December 13, 2017, **Defendant Delia Ibarra Rojas** paid $44,558 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

oo.   On or about December 13, 2017, **Defendant Delia Ibarra Rojas** paid $26,689 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

pp.   On or about January 10, 2018, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $33,512 in cash to purchase a vehicle from Woody Folsom Chrysler, Dodge, Jeep, RAM of Vidalia.

qq.   On or about January 26, 2018, **Defendant Delia Ibarra Rojas** paid $57,959 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

rr.   On or about April 20, 2018, **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio,** paid $53,000 in cash to purchase a vehicle from Paul Thigpen Lincoln of Vidalia.

ss.   On or about June 5, 2018, **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio,** paid $16,900 in cash to purchase a vehicle from Metter Ford.

tt.   On or about June 7, 2018, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $30,420 in cash to purchase a vehicle from Redding Motor Co., dba, Metter Ford.

uu.   On or about June 26, 2018, **Defendant Delia Ibarra Rojas**, paid $46,000 in cash to purchase a vehicle from Woody Folsom Nissan of Vidalia.

vv.     On or about November 18, 2019, a member of the Patricio TCO purchased the OK Corral, a restaurant, dance and night club in Alma, Georgia for $212,000 in cash.

ww.     On or about December 8, 2019, **Defendant Juana Ibarra Carrillo** possessed $11,045.00 in cash when she crossed the border from Mexico into the United States.

xx.     On or about January 4, 2020, **Defendant Juana Ibarra Carrillo** possessed $9,840 in cash when she crossed the border from Mexico into the United States.

yy.     On or about January 18, 2020, **Defendant Juana Ibarra Carrillo** possessed $9,184 in cash when she crossed the border from Mexico into the United States.

zz.     On or about February 18, 2020, **Defendant Juana Ibarra Carrillo** possessed $9,529 in cash when she crossed the border from Mexico into the United States.

aaa.    On or about February 26, 2020, **Defendant Juana Ibarra Carrillo** possessed $7,969 in cash when she crossed the border from Mexico into the United States.

bbb.    On or about April 24, 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $21,500 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

ccc.   On or about May 11, 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $21,975 in cash to purchase a vehicle from Vaden Nissan of Statesboro.

ddd.   On or about June 15, 2020, **Defendant Juana Ibarra Carrillo** possessed $9,896 in cash when she crossed the border from Mexico into the United States.

eee.   On or about September 11, 2020, **Defendant Juana Ibarra Carrillo** possessed $2,300 in cash when she crossed the border from Mexico into the United States.

fff.   On or about March 13, 2021, **Defendant Juana Ibarra Carrillo** possessed $9,708 in cash when she crossed the border from Mexico into the United States.

ggg.   On or about April 16, 2021, a member of the Patricio TCO possessed $7,000 in cash when she crossed the border from Mexico into the United States.

### Obstructing the Investigation

hhh.   On November 26, 2019, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas**, spoke with **Defendant Brett Donavan Bussey** on the phone.  During the call, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas** and **Defendant Brett Donavan Bussey** discussed witnesses that had been summoned to appear before the federal Grand Jury in this investigation. **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas**

and **Defendant Brett Donavan Bussey** discussed telling the witnesses to deny knowing members of the Patricio TCO involved in this investigation and discussed coaching another witness.

      iii.    On December 5, 2019, a witness in this investigation testified before the federal Grand Jury. The witness testified that after she was interviewed by federal agents and subpoenaed to testify before the federal Grand Jury, **Defendant Rosalva Garcia Martinez, a/k/a, Chava Garcia** told her to deny all knowledge about this situation and encouraged her to commit perjury.

All in violation of Title 18, United States Code, Sections 1349 and 2.

## COUNTS TWO THROUGH SEVEN
*Mail Fraud*
18 U.S.C. § 1341

64.     Paragraphs 1 through 37 of the Indictment are incorporated by reference as if fully set forth herein.

65.     On or about the dates set forth below, the defendants identified below, in Coffee County, within the Southern District of Georgia, and elsewhere, aided and abetted by others known and unknown, knowingly and willfully devised and intended to devise a scheme and artifice to defraud the United States government, and to obtain money by means of false and fraudulent pretenses, representations and promises, using the manner and means identified below, which manner and means were material to the scheme and artifice:

66.     <u>The Scheme and Artifice</u>:

a.      It was part of the scheme and artifice that the defendants, without authority and with an intent to defraud, would complete multiple Petitions with false and fraudulent information seeking nonimmigrant H-2A visas for the foreign workers.

b.      It was part of the scheme and artifice that the defendants, without authority and with an intent to defraud, would obtain fraudulent signatures and fake documents for purported employers based in the United States for the foreign workers for the fraudulent Petitions.

c.      It was further part of the scheme and artifice that the defendants, without authority and with an intent to defraud, would mail these false and

fraudulent Petitions to the United States government, causing the United States government to issue hundreds of H-2A visas to foreign nationals.

67.   The Mailings:

On or about the following dates, the defendant identified below, aided and abetted by others, for the purpose of executing, and attempting to execute, the scheme and artifice, did knowingly cause to be sent by the United States Postal Service:

| Count | Defendant | Date | Description | Origin | Destination |
|---|---|---|---|---|---|
| 2 | Maria Leticia Patricio | 1/24/2020 | Petition WAC2009450945 | Douglas, Georgia | Laguna Niguel, California |
| 3 | Maria Leticia Patricio | 4/2/2020 | Petition WAC2015150421 | Douglas, Georgia | Laguna Niguel, California |
| 4 | Brett Donavan Bussey | 10/26/2020 | Petition IOE8349681333 | Douglas, Georgia | Laguna Niguel, California |
| 5 | Brett Donavan Bussey | 3/5/2021 | Petition IOE8683630617 | Douglas, Georgia | Laguna Niguel, California |
| 6 | Brett Donavan Bussey | 3/24/2021 | Petition IOE8425312006 | Douglas, Georgia | Laguna Niguel, California |
| 7 | Brett Donavan Bussey | 3/10/2021 | Petition IOE8439181963 | Douglas, Georgia | Laguna Niguel, California |

All in violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNT EIGHT</u>
*Conspiracy to Engage in Forced Labor*
18 U.S.C. § 1594(b)

68.    Paragraphs 1 through 37 and 63 of the Indictment are incorporated by reference as if fully set forth herein.

69.    Beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through the return date of this Indictment, the precise dates being unknown, in Atkinson, Bacon, Coffee, Tattnall, Toombs, and Ware Counties, within the Southern District of Georgia, and elsewhere, the defendants,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**
**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**
**DANIEL MERARI CANELA DIAZ,**

Page **34** of **50**

## CARLA YVONNE SALINAS,

aided and abetted by each other and by others known and unknown, with some joining the conspiracy earlier and others joining later, did conspire and agree with each other to knowingly benefit, financially or by receiving anything of value, from participation in a venture which had engaged in the providing and obtaining of labor and services by unlawfully charging foreign workers to obtain an H-2A visa and by unlawfully withholding their identification documents, by means of the abuse and threatened abuse of law and legal process and by means of a scheme, plan, and pattern intended to cause foreign workers to believe that, if such foreign workers did not perform such labor and services, that the foreign workers or another person would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor and services by such means, in violation of Title 18, United States Code, Section 1589(b).

70. As outlined in Paragraph 63 of this Indictment, Victim 65 and Victim 66 died as a result of the violation, and the offense included the kidnapping of Victim 2, Victim 8, Victim 9, and Victim 10, the aggravated sexual abuse of Victim 12, and an attempt to kill Victim 12.

All done in violation of Title 18, United States Code, Sections 2 and 1594(b).

## COUNTS NINE THROUGH FIFTY-TWO
*Forced Labor*
18 U.S.C.§ 1589(b)

71.     Paragraphs 1 through 37 and 63 of the Indictment are incorporated by reference as if fully set forth herein.

72.     On or about the dates set forth below, the defendants identified below, aided and abetted by each other and others known and unknown to the Grand Jury, in Atkinson, Bacon, Coffee, Tattnall, Toombs, and Ware Counties, within the Southern District of Georgia, and elsewhere, did knowingly benefit financially from participation in a venture which had engaged in the providing and obtaining of labor and services by unlawfully charging foreign workers to obtain an H-2A visa and unlawfully withholding their identification documents, by means of the abuse and threatened abuse of law and legal process and by means of a scheme, plan, and pattern intended to cause the victims identified below, to believe that if they did not perform such labor and services, that they would suffer serious harm or physical restraint, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by such means:

| Count | Defendants | Approximate Dates of Forced Labor | Victim |
|-------|------------|-----------------------------------|--------|
| 9 | Delia Ibarra Rojas, Donna Michelle Rojas, a/k/a, Donna Lucio, Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Rodolfo Martinez Maciel, and Esther Garcia | November 2014 | Victim 52 |

| 10 | Delia Ibarra Rojas, Donna Michelle Rojas, a/k/a, Donna Lucio, Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Rodolfo Martinez Maciel, and Esther Garcia | November 2014 | Victim 53 |
|---|---|---|---|
| 11 | Delia Ibarra Rojas, Donna Michelle Rojas, a/k/a, Donna Lucio, Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Rodolfo Martinez Maciel, and Esther Garcia | April 2015 | Victim 54 |
| 12 | Antonio Chavez Ramos, a/k/a, Tony Chavez, and JC Longoria Castro | April 2019 | Victim 55 |
| 13 | Antonio Chavez Ramos, a/k/a, Tony Chavez, and JC Longoria Castro | April 2019 | Victim 56 |
| 14 | Antonio Chavez Ramos, a/k/a, Tony Chavez, and JC Longoria Castro | April 2019 | Victim 57 |
| 15 | Antonio Chavez Ramos, a/k/a, Tony Chavez, and JC Longoria Castro | May and June 2019 | Victim 65 |
| 16 | Nery Rene Carillo-Najarro | February 2021 | Victim 29 |
| 17 | Nery Rene Carillo-Najarro | February 2021 | Victim 30 |
| 18 | Nery Rene Carillo-Najarro | February 2021 | Victim 31 |
| 19 | Nery Rene Carillo-Najarro | February 2021 | Victim 32 |
| 20 | Nery Rene Carillo-Najarro | February 2021 | Victim 33 |
| 21 | Nery Rene Carillo-Najarro | February 2021 | Victim 34 |
| 22 | Nery Rene Carillo-Najarro | February 2021 | Victim 35 |
| 23 | Nery Rene Carillo-Najarro | February 2021 | Victim 36 |

| 24 | **Nery Rene Carillo-Najarro** | February 2021 | Victim 39 |
|----|------------------------------|---------------|-----------|
| 25 | **Nery Rene Carillo-Najarro** | February 2021 | Victim 41 |
| 26 | **Nery Rene Carillo-Najarro** | February 2021 | Victim 64 |
| 27 | **Nery Rene Carillo-Najarro** | May 2021 | Victim 37 |
| 28 | **Nery Rene Carillo-Najarro** | May 2021 | Victim 38 |
| 29 | **Nery Rene Carillo-Najarro** | May 2021 | Victim 40 |
| 30 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 42 |
| 31 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 43 |
| 32 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 44 |
| 33 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 45 |
| 34 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 46 |
| 35 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 47 |
| 36 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 48 |
| 37 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 49 |
| 38 | **Enrique Duque Tovar, and Jose Carmen Duque Tovar** | April 2021 | Victim 50 |
| 39 | **Gumara Canela** | December 2020 | Victim 19 |
| 40 | **Gumara Canela** | December 2020 | Victim 51 |

| 41 | **Gumara Canela** | April 2021 | Victim 15 |
|---|---|---|---|
| 42 | **Gumara Canela** | April 2021 | Victim 16 |
| 43 | **Gumara Canela** | April 2021 | Victim 17 |
| 44 | **Gumara Canela** | April 2021 | Victim 20 |
| 45 | **Gumara Canela** | April 2021 | Victim 21 |
| 46 | **Gumara Canela** | April 2021 | Victim 22 |
| 47 | **Gumara Canela** | April 2021 | Victim 23 |
| 48 | **Gumara Canela** | April 2021 | Victim 24 |
| 49 | **Gumara Canela** | April 2021 | Victim 25 |
| 50 | **Gumara Canela** | April 2021 | Victim 26 |
| 51 | **Gumara Canela** | April 2021 | Victim 27 |
| 52 | **Gumara Canela** | May 2021 | Victim 63 |

73.   As outlined in Paragraph 63 of this Indictment, Victim 65 died as a result of the violation alleged in Count Fifteen.

All in violation of Title 18 United States Code, Sections 1589(b) and 2.

**COUNT FIFTY-THREE**
*Money Laundering Conspiracy*
18 U.S.C. § 1956(h)

74.    Paragraphs 1 through 37 of the Indictment are incorporated by reference as if fully set forth herein.

75.    Beginning at a time unknown to the Grand Jury, but at least from in or about 2015 and continuing through the return date of this Indictment, the precise dates being unknown, in Atkinson, Bacon, Coffee, Tattnall, Toombs, and Ware Counties, within the Southern District of Georgia, and elsewhere, the defendants,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**
**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**

Page 40 of 50

**DANIEL MERARI CANELA DIAZ,**
**CARLA YVONNE SALINAS,**

aided and abetted by each other and by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, (1) to conduct and attempt to conduct financial transactions affecting interstate commerce, with funds which were proceeds of a specified unlawful activity, that is conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit forced labor, in violation of Title 18, United States Code, Section 1594, and which the defendants knew to be the proceeds of some form of unlawful activity, and (2) to transport cash to a place in the United States from or through a place outside the United States, and did conspire to do so with the intent to promote the carrying on of the aforesaid specified activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(2)(A).

76. In furtherance of the conspiracy, the conspirators committed and caused to be committed in the Southern District of Georgia and elsewhere, financial transactions affecting interstate commerce, using funds which were, and which the defendants knew to be, proceeds of the unlawful conspiracy to commit mail fraud and conspiracy to commit forced labor, but not limited to, the transactions shown below:

a. From at least in or around 2015 and continuing through in or around 2020, **Defendant Delia Ibarra Rojas** deposited $9,467,428 in cash into the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

b.      From at least in or around 2015 and continuing through in or around 2020, **Defendant Juana Ibarra Carillo** deposited $2,753,440 in cash into the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

c.      From at least in or around 2015 and continuing through in or around 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** deposited $22,155 in cash into the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

d.      From at least in or around 2015 and continuing through in or around 2020, members of the Patricio TCO deposited $1,617,461.50 in cash into the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

e.      From at least in or around 2015 and continuing through in or around 2020, **Defendant Delia Ibarra Rojas** had reported winnings totaling $7,127,691.72 at the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

f.      From at least in or around 2015 and continuing through in or around 2020, **Defendant Juana Ibarra Carrillo** had reported winnings totaling $8,758,071.45 at the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

g.      From at least in or around 2015 and continuing through in or around 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** had reported winnings totaling $9,156 at the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

h.      From at least in or around 2015 and continuing through in or around 2020, members of the Patricio TCO had reported winnings totaling $7,890,681.31 at the Seminole Hard Rock Hotel and Casino in Tampa, Florida.

i.      On or about November 20, 2016, **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez** paid $12,000 in cash to purchase a vehicle from El Compadre Trucks, Inc.

j.      On or about July 1, 2013, **Defendant Luis Alberto Martinez, a/k/a, Chino Martinez** paid $10,000 in cash to purchase a vehicle from Griffin Ford Lincoln, Inc.

k.      On or about October 24, 2017, **Defendant Juana Ibarra Carrillo,** paid $56,000 in cash to purchase a vehicle from Woody Folsom Chrysler, Dodge, Jeep, RAM of Baxley.

l.      On or about December 13, 2017, **Defendant Delia Ibarra Rojas** paid $44,558 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

m.      On or about December 13, 2017, **Defendant Delia Ibarra Rojas** paid $26,689 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

n.      On or about January 10, 2018, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $33,512 in cash to purchase a vehicle from Woody Folsom Chrysler, Dodge, Jeep, RAM of Vidalia.

o.      On or about January 26, 2018, **Defendant Delia Ibarra Rojas** paid $57,959 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

p.      On or about April 20, 2018, **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio,** paid $53,000 in cash to purchase a vehicle from Paul Thigpen Lincoln of Vidalia.

q.      On or about June 5, 2018, **Defendant Donna Michelle Rojas, a/k/a, Donna Lucio,** paid $16,900 in cash to purchase a vehicle from Metter Ford.

r.      On or about June 7, 2018, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $30,420 in cash to purchase a vehicle from Redding Motor Co., dba, Metter Ford.

s.      On or about June 26, 2018, **Defendant Delia Ibarra Rojas**, paid $46,000 in cash to purchase a vehicle from Woody Folsom Nissan of Vidalia.

t.      On or about November 18, 2019, **Defendant Maria Leticia Patricio's** husband purchased the OK Corral, a restaurant, dance and night club in Alma, Georgia for $212,000 in cash.

u.      On or about April 24, 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $21,500 in cash to purchase a vehicle from Paul Thigpen Chevrolet of Vidalia.

v.      On or about May 11, 2020, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas,** paid $21,975 in cash to purchase a vehicle from Vaden Nissan of Statesboro.

All in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(A)(i), 1956(a)(2)(A), and 2.

## COUNT FIFTY-FOUR
*Tampering with a Witness*
18 U.S.C.§ 1512

77.    Paragraphs 1 through 37 of the Indictment are incorporated by reference as if fully set forth herein.

78.    Between on or about November 26, 2019 and December 5, 2019, in Chatham, Coffee and Tattnall Counties, within the Southern District of Georgia, the Middle District of Georgia, and the Southern District of Florida, **Defendant Margarita Rojas Cardenas, a/k/a, Maggie Cardenas, Defendant Brett Donavan Bussey**, and **Defendant Rosalva Garcia Martinez, a/k/a, Chava Garcia**, aided and abetted by each other and others, did knowingly attempt to intimidate, corruptly persuade, and engage in misleading conduct towards federal Grand Jury Witness 1, by telling Grand Jury Witness 1 to lie before the federal Grand Jury, to deny all knowledge about the investigation into the Patricio TCO filing Petitions for H-2A visas, and encouraged Grand Jury Witness 1 to commit perjury, with the intent to influence, delay, and prevent the testimony of Grand Jury Witness 1 in an official proceeding, that is a federal grand jury investigation into the Patricio TCO.

All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Fifty-Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1594(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the Title 18 offenses alleged in Counts One and Fifty-Four of this Indictment, the defendants,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**
**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**
**DANIEL MERARI CANELA DIAZ,**
**CARLA YVONNE SALINAS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),  any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Additionally, upon conviction of one or more of the Title 18 offenses alleged in Counts Two through Seven and Fifty-Three of this Indictment, the defendants,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**
**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**
**DANIEL MERARI CANELA DIAZ,**
**CARLA YVONNE SALINAS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, and any property, real or personal, that was

involved in, used, or intended to be used to commit or to facilitate the commission of

said violation(s), and any property traceable to such property.

Moreover, upon conviction of one or more of the Title 18 offenses alleged in

Counts Eight through Fifty-Two of this Indictment, the defendants,

**MARIA LETICIA PATRICIO,**
**DANIEL MENDOZA,**
**NERY RENE CARRILLO-NAJARRO,**
**ANTONIO CHAVEZ RAMOS,**
**a/k/a, Tony Chavez,**
**JC LONGORIA CASTRO,**
**VICTORIANO CHAVEZ HERNANDEZ,**
**ENRIQUE DUQUE TOVAR,**
**JOSE CARMEN DUQUE TOVAR,**
**CHARLES MICHAEL KING,**
**STANLEY NEAL MCGAULEY,**
**LUIS ALBERTO MARTINEZ,**
**a/k/a, Chino Martinez,**
**DELIA IBARRA ROJAS,**
**JUANA IBARRA CARRILLO,**
**DONNA MICHELLE ROJAS,**
**a/k/a, Donna Lucio,**
**MARGARITA ROJAS CARDENAS,**
**a/k/a, Maggie Cardenas,**
**JUAN FRANCISCO ALVAREZ CAMPOS,**
**ROSALVA GARCIA MARTINEZ,**
**a/k/a, Chava Garcia,**
**ESTHER IBARRA GARCIA,**
**RODOLFO MARTINEZ MACIEL,**
**BRETT DONAVAN BUSSEY,**
**LINDA JEAN FACUNDO,**
**GUMARA CANELA,**
**DANIEL MERARI CANELA DIAZ,**
**CARLA YVONNE SALINAS,**

shall forfeit to the United States, pursuant to Title 18 United States Code, Section

1594(d)(1) and (2), any property constituting, or derived from, proceeds obtained

directly or indirectly, as the result of such violation, and any property, real or

personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of said violation(s), and any property traceable to such property.

The United States also intends on seeking a Forfeiture and Money Judgment in an amount reflecting the total amount of proceeds obtained or attempted to obtained while committing the offenses set-forth in this Indictment.

If any of the property described above, as a result of any act or omission of the Defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21 United States Code, Section 853(p), as incorporated by Title 28 United States Code, Section 2461(c).

A True Bill.

*(Signatures Continue on the Next Page)*

**Page 49 of 50**

David H. Estes
Acting United States Attorney

E. Greg Gilluly
Assistant United States Attorney
Deputy Chief, Criminal Division

Tania D. Groover*
Assistant United States Attorney
*Lead Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CR521-0009

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO._____ |
| | ) |
| v. | ) |
| | ) |
| MARIA LETICIA PATRICIO, | ) 18 U.S.C. § 1349 |
| | ) Conspiracy to Commit |
| DANIEL MENDOZA, | ) Mail Fraud |
| | ) |
| NERY RENE CARRILLO-NAJARRO, | ) 18 U.S.C. § 1341 |
| | ) Mail Fraud |
| ANTONIO CHAVEZ RAMOS, | ) |
| a/k/a, Tony Chavez, | ) 18 U.S.C. § 1594 |
| | ) Conspiracy to Engage in |
| JC LONGORIA CASTRO, | ) Forced Labor |
| | ) |
| VICTORIANO CHAVEZ HERNANDEZ, | ) 18 U.S.C. § 1589 |
| | ) Forced Labor |
| ENRIQUE DUQUE TOVAR, | ) |
| | ) 18 U.S.C. § 1956(h) |
| JOSE CARMEN DUQUE TOVAR, | ) Conspiracy to Commit |
| | ) Money Laundering |
| CHARLES MICHAEL KING, | ) |
| | ) 18 U.S.C. § 1512 |
| STANLEY NEAL MCGAULEY, | ) Tampering with a Witness |
| | ) |
| LUIS ALBERTO MARTINEZ, | ) Aiding and Abetting |
| a/k/a, Chino Martinez, | ) 18 U.S.C. § 2 |
| | ) |
| DELIA IBARRA ROJAS, | ) |
| | ) |
| JUANA IBARRA CARRILLO, | ) |
| | ) |
| DONNA MICHELLE ROJAS, | ) |
| a/k/a, Donna Lucio, | ) |
| | ) |
| MARGARITA ROJAS CARDENAS, | ) |
| a/k/a, Maggie Cardenas, | ) |
| | ) |
| JUAN FRANCISCO ALVAREZ CAMPOS, | ) |
| | ) |

ROSALVA GARCIA MARTINEZ,                    )
    a/k/a, Chava Garcia,                         )
                                               )

ESTHER IBARRA GARCIA,                        )
                                               )

RODOLFO MARTINEZ MACIEL,                     )
                                               )

BRETT DONAVAN BUSSEY,                        )
                                               )

LINDA JEAN FACUNDO,                          )
                                               )

GUMARA CANELA,                               )
                                               )

DANIEL MERARI CANELA DIAZ,                   )
                                               )

and                                          )

CARLA YVONNE SALINAS

## PENALTY CERTIFICATION

The undersigned Assistant United States Attorney hereby submits a penalty certification stating that the maximum penalties for the offenses described in the Indictment are as follows:

**Count 1:**        **Conspiracy to Commit Mail Fraud**
                      18 U.S.C. § 1349

- Not more than 20 years imprisonment
- Not more than a $250,000 fine
- Not more than 3 years of supervised release
- $100 special assessment
- Restitution in an amount to be determined by the Court

**Counts 2-7**      **Mail Fraud**
                      18 U.S.C. § 1341

- Not more than 20 years imprisonment
- Not more than a $250,000 fine
- Not more than 3 years of supervised release
- $100 special assessment

**Page 2 of 4**

- Restitution in an amount to be determined by the Court

**Count 8:**          **Conspiracy to Engage in Forced Labor**
                     18 U.S.C. § 1594(b)

- Imprisonment for any term of years and up to life;
- A fine of not more than $250,000;
- A term of supervised release of not more than 5 years;
- A $100 special assessment;
- A second special assessment of $5000; and
- Restitution in an amount to be determined by the Court.

**Counts 9-52:**     **Forced Labor**
                     18 U.S.C. § 1589(b)

- Imprisonment for any term of years and up to life;
- A fine of not more than $250,000;
- A term of supervised release of not more than 5 years;
- A $100 special assessment;
- A second special assessment of $5000; and
- Restitution in an amount to be determined by the Court.

**Count 53:**        **Money Laundering Conspiracy**
                     18 U.S.C. § 1956(h)

- Imprisonment for not more than 20 years;
- A fine of not more than $500,000 or twice the value of the property involved, whichever is greater;
- A term of supervised release of not more than 5 years;
- A $100 special assessment;

**Count 54:**        **Tampering with a Witness**
                     18 U.S.C. § 1512

- Imprisonment for not more than 20 years;
- A fine of not more than $250,000;
- A term of supervised release of not more than 5 years;
- A $100 special assessment;

**Page 3 of 4**

Respectfully submitted this ___5th___ day of October, 2021.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

Tania D. Groover
Assistant United States Attorney
Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov