# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

CRISTHIAN ZUNIGA HERNANDEZ, on behalf of themselves and all those similarly situated, et al.,

    Plaintiffs,

    v.

MARIA LETICIA PATRICIO, et al.,

    Defendants.

CV 523—023

## ORDER

Before the Court is Defendant Maria Patricio's motion to set aside default, dkt. no. 39, to which Plaintiffs have filed a response in opposition, dkt. no. 38. For the reasons stated below, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiff initiated this racketeering action on April 5, 2023. Dkt. No. 1. On April 6, 2023, summons were issued as to each Defendant, including Defendant Patricio. Dkt. No. 3. Defendant Patricio was served on August 10, 2023, dkt. no. 29, making her responsive pleading due August 31, 2023. Despite being granted an extension of time within which to file an answer, dkt. no. 31 (granting extension through October 9, 2023), Defendant Patricio filed no answer. Upon Plaintiffs'

motion, dkt. no. 34, the Clerk entered default against Defendant Patricio on October 18, 2023, dkt. no. 35.

On October 25, 2023, Defendant Patricio filed with the Court an "Answer to the Complaint and Entry of Default Motion." Dkt. No. 39.  Therein, Defendant Patricio does not respond to the allegations in Plaintiffs' complaint but instead objects to default being entered against her.  See id.  Defendant Patricio apologizes for her "delay in responding" and states her intention to "contest the allegations made in the Complaint." Id. at 1.  She states her delay "was due to confusion between the dates and deadlines of this suit and the federal suit Operation Blooming Onion, in which Mrs. Patricio is also involved."  Id. at 1-2.  She describes her failure to file an answer as a "genuine misunderstanding and oversight."  Id. at 2. Defendant Patricio then "requests an opportunity to formally respond to the allegations in the Complaint and participate in this litigation."  Id.

Plaintiffs, in construing Defendant Patricio's request as a motion to set aside default, urge the Court to not set aside default, arguing that "Patricio is essentially asking the Court for yet another extension to file her Answer."  Dkt. No. 38 at 2.  Plaintiffs point out that, at that time, Defendant Patricio still had not filed an answer.  Id. at 3.

On November 13, 2023, approximately nineteen days after filing her first response, Defendant Patricio filed a "Response to Civil Action." Dkt. No. 42. The response states, "My formal answer and response and plea are NOT GUILTY. I Maria Patricio acknowledges the importance of adhering to legal timelines and deeply regrets any inconvenience I may have caused." Id.

Like Plaintiffs, the Court construes Defendant Patricio's October 25, 2023 response, dkt. no. 39, as a motion to set aside default. Having failed to show good cause for doing so, Defendant's motion is **DENIED**.

## LEGAL AUTHORITY

A motion to set aside an entry of default is analyzed under Federal Rule of Civil Procedure 55(c). Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014). Rule 55(c) provides that a "court may set aside an entry of default for good cause."

"In determining whether 'good cause' has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." S.E.C. v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (citing Compania Interamericana Export-Import, S.A. v.

Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996)).  It is
the defendant's burden to establish good cause to set aside an
entry of default, and the determination whether to set aside a
default is within the discretion of the Court.  See Mallayev v.
Cohen, No. 1:07-cv-094, 2010 WL 3834461, at *2 (N.D. Ga. Sept.
24, 2010).

## DISCUSSION

To determine whether default should be set aside, the Court
turns to the good cause factors enumerated in Johnson.

### i.   Whether the defaulting party acted promptly to correct the default

Defendant Patricio's answer was due October 9, 2023.  Dkt.
No. 31.  Her current motion to set aside default, dkt. no. 39,
was filed October 25, 2023, sixteen days after the answer
deadline and after the Clerk entered default against her.
Notably, Defendant's motion is itself not a responsive pleading,
nor was a responsive pleading filed contemporaneously with the
motion.  See Dkt. No. 39.

In her motion, Defendant states, somewhat puzzlingly, that
"[s]he is aware of the need to file a formal answer within the
prescribed time frame and *is committed to meeting this
deadline*."  Id. at 2 (emphasis added).  Defendant does not
explain how she intends to meet a deadline which has already
passed.  But she does state her intention to "address the

4

[complaint's] allegations in detail and include any applicable affirmative defenses." <u>Id.</u>

Defendant Patricio did not actually file her "answer" until nineteen days after filing her motion. Dkt. No. 42. The answer does not explain her additional delay in responding to the complaint. Furthermore, Defendant's answer does not, as promised, "address the [complaint's] allegations in detail and include any applicable affirmative defenses." Dkt. No. 39 at 2. Rather, it simply declares her "response and plea are NOT GUILTY." Dkt. No. 42.

Defendant's answer is both untimely and wholly inadequate. Because Defendant still has not properly responded to the allegations contained in the complaint, the Court finds Defendant has not acted promptly to correct her default. This factor weighs against setting aside default.

**ii. Whether the default was culpable or willful**

Defendant Patricio states in her motion that she was confused about deadlines in this case versus deadlines in another federal case. Dkt. No. 39 at 1-2. Plaintiff, however, points out that Defendant Patricio has taken time to travel to Las Vegas as recently as October 15-19, 2023. Dkt. No. 38 at 3 (citing <u>United States v. Patricio</u>, No. 5:21cr9 (S.D. Ga.), ECF 734). Moreover, Defendant fails to give any explanation as to why—after she discovered she had missed the responsive pleading

deadline—she *still* waited nineteen days to file an answer.  This factor weighs against setting aside default.

### iii. Whether setting default aside would prejudice the adversary

Setting aside default in this case would not prejudice Plaintiffs.  The case is still at the beginning stages of litigation, and the parties have not yet engaged in discovery.  Indeed, Plaintiffs have not argued any prejudice, and Plaintiffs' having to continue to litigate the case does not count as prejudice in this context.  Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case.").  This factor weighs in favor of setting aside default.

### iv. Whether the defaulting party presents a meritorious defense

Defendant does not raise any defense, meritorious or otherwise, in her answer.  However, Defendant currently lacks counsel, so her failure to raise possible defenses is not unforeseen.  This factor is neutral as to whether default should be set aside.

### v. Whether there would be significant financial loss to the defaulting party

Defendant does not address whether she would suffer significant financial loss were default not set aside. Again, because she lacks counsel, this failure is not unforeseen. This factor is neutral as to whether default should be set aside.

After consideration of all the relevant factors, the Court finds that Defendant Patricio has not shown good cause to set aside the entry of default against her. Accordingly, her motion, dkt. no. 39, is **DENIED**.

**CONCLUSION**

Defendant Patricio's motion to set aside default, dkt. no. 39, is **DENIED**.

**SO ORDERED**, this ___4___ day of December, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA