IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARIA LETICIA PATRICIO, et al., <br><br> Defendants. | CIVIL ACTION NO.: 5:23-cv-23 |

**O R D E R**

Plaintiffs seek leave to serve Defendant Jose Carmen Duque Tovar by publication. Doc. 32.  After careful consideration, I **DENY** Plaintiffs' Motion at this time.

BACKGROUND

This proposed class action arises from Defendants' alleged labor trafficking and racketeering activities in southeastern Georgia.  Doc. 1 a 1–2.  Plaintiffs worked in Georgia as migrant farm workers from Mexico.  Id. at 2–3.  Plaintiffs allege Defendants forced and misled them into agricultural labor during 2020 and 2021 using the United States' H-2A visa program. Id.  Plaintiffs allege the subject of this Motion, Defendant Jose Carmen Duque Tovar ("Jose Tovar"), recruited workers from Mexico and held their identification documents after they entered the United States to prevent them from leaving.  Id. at 5.

The United States indicted Jose Tovar on October 5, 2021, on related criminal charges, including conspiracy to engage in forced labor and labor trafficking.  See United States v. Patricio, Criminal Action No. 5:21-cr-9 (Oct. 5, 2021).  The other two individual Defendants in this case—Maria Leticia Patricio and Enrique Duque Tovar ("Enrique Tovar")—were also

indicted in the criminal case, along with 21 other individuals. Maria Leticia Patricio and Enrique Tovar have appeared in the criminal case. Jose Tovar has not. The criminal case is still pending.

Plaintiffs have been unable to locate Jose Tovar in order to serve him in this case. Doc. 32. Plaintiffs, through a hired process server, attempted to serve Jose Tovar at his last known address in Axson, Georgia, on June 24, 2023. Doc. 32-1 at 1. The process server did not find Jose there. Instead, the process server found Jose's brother, Defendant Enrique Tovar, there with his wife, Sherry Duque. Id. at 1–2. Enrique Tovar told the process server he did not know where his brother was. Id. Sherry Duque told the process server Jose Tovar was possibly in Mexico. Id. Plaintiffs later asked Enrique Tovar's counsel about Jose Tovar's whereabouts. Id. at 2. Enrique Tovar's counsel explained Jose Tovar did not have any contact with his brother and Enrique did not know where to find Jose. However, the attorney provided Plaintiffs with Jose Tovar's last known phone number. Plaintiffs attempted to contact Jose Tovar at this number multiple times but were unsuccessful. Id. After "extensive social media research," Plaintiffs believe Jose Tovar may be in Montebello, San Luis Potosi, Mexico, along with his daughter and other family members. Id.

Plaintiffs filed this Motion to Execute Alternative Service requesting leave to serve Defendant Jose Tovar by publishing notice in two Spanish-language newspapers with circulation in San Luis Potosi, Mexico. Doc. 32 at 3. Plaintiffs, if granted leave for alternative service, would also publish notice in five publications in Georgia with circulation in different areas Plaintiffs believe Jose Tovar's family members reside. Id.

## DISCUSSION

Plaintiffs seek to serve Defendant Jose Tovar by publication in Mexico under Federal Rule of Civil Procedure 4(e) and Georgia law, but they cannot serve a defendant in a foreign

2

country under these provisions. Under Rule 4(e)(1), individuals within the United States may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). But Plaintiffs move to serve an individual in Mexico, not the United States. Plaintiffs cannot serve Jose Tovar by publication in Mexico under Rule 4(e)(1) and Georgia state law. Plaintiffs must proceed under Rule 4(f) instead. See Caballero v. Ejercito de Liberacion Nacional, No. 1:18-CV-25337, 2019 WL 11505370, at *5 (S.D. Fla. Nov. 21, 2019) ("Because the individual that Plaintiff seeks to serve is in a foreign country, service is specifically governed by Rule 4(f), which governs service of an individual in a foreign country; not Rule 4(e), which governs service of an individual within the United States and provides for the application of state law."), report and recommendation adopted, 2019 WL 11505372 (S.D. Fla. Dec. 11, 2019).

Courts may order service by publication in a foreign country under Federal Rule of Civil Procedure 4(f)(3) unless such service is prohibited by international agreement. See UnderSea Recovery Corp. v. Madero Holding, S.A. de C.V., No. 1:19-CV-0028, 2020 WL 13544376 (N.D. Ga. May 19, 2020) (ordering service by publication in Mexico under Rule 4(f)(3)); Tower v. Adoption Partners, Inc., No. 3:08-CV-1063, 2009 WL 10670568 (M.D. Fla. Nov. 20, 2009) (ordering service by publication in Japan under Rule 4(f)(3)). Courts have broad discretion to allow alternate means of service under Rule 4(f)(3). Codigo Music, LLC v. Televisa S.A. de C.V., No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) (citing Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

"As always, service under Rule 4(f)(3) must comport with constitutional notions of due process by being 'reasonably calculated, under all circumstances, to appraise parties of the pendency of the action and afford them an opportunity to present their objections.'" Aggressor

3

Adventures, LLC v. Red Sea Paradise for Cruises S.A.E., CV122-101, 2023 WL 5088979, at *1 (S.D. Ga. July 10, 2023) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Service by publication in a foreign country may be permitted where diligent attempts have been made to locate the defendant and the publication is one likely to reach the defendant.  See BP Prod. N. Am., Inc. v. Dagra, 236 F.R.D. 270, 272 (E.D. Va. 2006); Tower v. Adoption Partners, Inc., No. 3:08-CV-1063, 2010 WL 11507809, at *5 (M.D. Fla. Sept. 15, 2010).

Plaintiffs have not exercised the requisite level of diligence in pursuing all available means of ascertaining Defendant Jose Tovar's whereabouts.  Plaintiffs' hired process server made a single attempt to contact Jose Tovar at his last known address.  When that attempt was unsuccessful, the process server followed up with a conversation with two family members (one of whom is also party to this action) who happened to be at that address.  Plaintiffs' hired process server did not attempt to speak with Defendant Jose Tovar's other family members throughout Georgia, who Plaintiffs apparently intend to notify through publication.

Plaintiffs' "extensive social media research" fails to demonstrate diligence or any likelihood a particular publication will reach Jose Tovar.  Plaintiffs do not describe the methods or results of their social media research.  Without more information about Plaintiffs' methods, the Court cannot conclude Plaintiffs made diligent efforts to locate Jose Tovar.  Furthermore, the Court cannot determine if it is reasonably certain a publication in San Luis Potosi, Mexico, will reach Jose Tovar based on the limited information Plaintiffs provided about their social media research.  Compare UnderSea Recovery, 2020 WL 13544376 at *4 (permitting service by publication in Mexico where plaintiff twice attempted personal service through the Mexican Central Authority under the Hague Convention, ran a search for defendant's address through at

least seven different databases, and searched official Mexican records), with Caballero, 2019 WL 11505370, at *2–3 (recommending denial of motion for alternative service because plaintiff failed to provide evidence an internet publication would reach defendant in Colombia).

## CONCLUSION

Based on the foregoing, I **DENY** Plaintiffs' Motion at this time.

**SO ORDERED**, this 11th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA