**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil No. CV 523-023** |
| **v.** | ) ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT MBR FARMS, INC.'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant MBR Farms, Inc. ("MBR") and files this its Motion to Dismiss pursuant to Rule 12(b)(6) and in the alternative, Motion for Summary Judgment pursuant to Rule 56, respectfully showing the Court as follows:

1.

Plaintiffs filed the instant action on April 4, 2023, alleging Defendants forced and misled Plaintiffs into farm labor in violation of the Trafficking Victims Protection Act ("TVPA"), the Fair Labor Standards Act ("FLSA"), the Federal and State Racketeer Influenced Corrupt Organizations Act, and Georgia state claims.

2.

Defendant MBR timely answered and denied all liability.

3.

Defendant MBR's answer also provides Plaintiffs' Complaint should be dismissed for failure to adequately plead elements specific to their purported claims for relief. [Doc. 16], First Defense.

4.

Plaintiffs had over a year to amend their Complaint. The time for any amendments expired on June 12, 2024.

5.

As provided in MBR's Memorandum of Law, Plaintiffs failed to sufficiently plead elements essential to each of their claims; as such, this Court should dismiss the same.

6.

In the alternative, MBR moves this Court pursuant to Rule 56 for summary judgment as there are no genuine issues of material fact entitling Plaintiffs to judgment against it.

7.

In support of its Motion for Summary Judgment, MBR relies on the following:

a.   Its contemporaneously filed Memorandum of Law;

b.      All pleadings of record;

c.      Its Statement of Undisputed Material Facts; and

d.      The Affidavit of Enrique Duque Tovar.

WHEREFORE, MBR respectfully prays its Motion to Dismiss or in the alternative Motion for Summary Judgment be granted and Plaintiffs' claims as to MBR be dismissed with prejudice.

Respectfully submitted this 15th day of July, 2024.

                                        COLEMAN TALLEY LLP

                                        */s/ Mark A. Gilbert*
                                        Mark A. Gilbert
                                        Georgia Bar No. 293797
109 S. Ashley Street                    Kayla H. Barnes
Valdosta, Georgia 31601                 Georgia Bar No. 301948
(904) 456-8966                          ***Attorney for MBR Farms, Inc.***
mark.gilbert@colemantalley.com
kayla.barnes@colemantalley.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. CV 523-023** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **DEFENDANT MBR FARMS, INC.'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                                    *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com
aczerniak@vedderprice.com

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

Maria Leticia Patricio
208 Nopalito Rd
Nicholls, GA 31554
*Pro Se*

James R. Miller
Elliot Blackburn, PC
3016 North Patterson Street
Valdosta, Georgia 31602
Tel: (229) 242-3333
jmiller@elliotblackburn.com

*Attorney for Defendant*
ENRIQUE DUQUE TOVAR

This 15th day of July, 2024.

COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ,** **LUIS ALFONSO P ALMILLAS LOPEZ,** **and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Civil No. CV 523-023** |
| **v.** | ) ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE** **DUQUE TOVAR, JOSE CARMEN** **DUQUE TOVAR, and MBR FARMS,** **INC., a Georgia corporation,** | ) ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANT MBR FARMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY**
**JUDGMENT**

COMES NOW Defendant MBR Farms, Inc. ("MBR") and files this Memorandum of

Law in Support of Defendant MBR Farms, Inc.'s Motion for Judgment on the Pleadings or

Alternatively Motion for Summary Judgment to dismiss Plaintiff's Complaint on all counts and,

in support thereof, respectfully shows this Honorable Court as follows:

## I.    INTRODUCTION

Plaintiffs, foreign residents, brought the instant Complaint for alleged damages resulting

from purported conditions of their employment in the United States. Plaintiffs generally allege

they were mistreated while performing farm work. Plaintiffs' allegations mirror Indictment No.

1

CR521 -0009 by the United States against twenty-four individuals. Complaint, Exhibit 1. [Doc. 1-2]. Notably, neither MBR nor any employee nor owner of MBR was named in this sweeping indictment. Plaintiffs have drug MBR into this case, despite having no evidence of any involvement by MBR in Plaintiffs' employment.  This Court should dismiss Plaintiffs' claims against MBR as it is a stranger to the allegations.

Plaintiffs have failed to adequately set forth a single cognizable claim against MBR. Instead, Plaintiffs' over fifty-page Complaint consists entirely of conclusory statements which fail to meet the federal pleading standard. In fact, Plaintiffs' only allegations are against Defendants other than MBR. Plaintiffs' only allegations as to MBR's role in this purported "scheme" is that MBR knew the actions of other Defendants. Plaintiffs fail to allege how MBR had any knowledge of the purported actions of other Defendants. Consequently, Plaintiffs' claims as to MBR should be dismissed for failure to state a claim alone.

At a minimum, Plaintiffs' purported claims against MBR must be dismissed under Rule 56 as there is no genuine dispute of any material fact regarding MBR's role in the actions. The Record shows MBR: (1) Did not employ Plaintiffs; (2) Had no control over hiring and firing Plaintiffs; (3) Had no control over Plaintiffs wages; (4) Had no control over Plaintiffs' hours; and (5) Was not responsible for Plaintiffs' housing. Therefore, Plaintiffs claims against MBR cannot stand under Rule 56.

**II.       SUMMARY OF ALLEGATIONS IN PLAINTIFFS' COMPLAINT**

Plaintiffs brought the instant Complaint against Defendants Maria Patricio ("Patricio"), Enrique Tover ("E. Tovar"), Jose Tovar ("J. Tovar"), and MBR Farms, Inc ("MBR") generally alleging violations of the Trafficking Victims Protection Act ("TVPA"), the Fair Labor Standards Act ("FLSA"), the Federal and Georgia RICO Acts, unjust enrichment, and intentional

infliction of emotional distress. CLASS ACTION COMPLAINT ("Complaint") [Doc. 1], ℙ1. Plaintiffs fail to make adequate factual allegations to support any of its claims against MBR; instead, they make general conclusory allegations which fail to meet the federal pleading standard set forth in Iqbal and Twombly. *See generally* Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Notably, the time for Plaintiffs to amend their Complaint expired on June 12, 2024. [Doc. 58].

### A. **Definitions in Plaintiffs' Complaint**

Plaintiffs' Complaint attempts to broadly categorize Defendants to skirt the responsibility of laying out the actions of each individual defendant. They use the term "Traffickers" to encompass the named defendants, Patricio, E. Tovar, J. Tovar, and MBR. COMPLAINT [Doc. 1], pg. 1. Plaintiffs then make allegations against "Traffickers" without any effort to assign specific conduct or otherwise differentiate between the Defendants. They also break down four separate alleged RICO Enterprises:

- RICO Enterprise I - Patricio, E. Tovar, J. Tovar, and MBR . COMPLAINT, ℙ32.

- RICO Enterprise II aka Patricio TCO- Patricio, E. Tovar, J. Tovar, Daniel Mendoza, Nery Rene Carrillo-Najarro, Antonio Chavez Ramos a/k/a Tony Chavez, JC Longoria Castro, Victoriano Chavez Hernandez, Charles Michael King, Stanley Neal McGauley, Luis Alberto Martinez a/k/a Chino Martinez, Delia Ibarra Rojas, Juana Ibarra Carrillo, Donna Michelle Rojas a/k/a Donna Lucio, Margarita Rojas Cardenas a/k/a Maggie Cardenas, Juan Francisco Alvarez Campos, Rosalva Garcia Martinez a/k/a Chava Garcia, Esther Ibarra Garcia, Rodolfo Martinez Maciel, Brett Donavan Bussey, Linda Jean Facundo, Gumara Canela, Daniel Merari Canela Diaz, and Carla Yvonne Salinas. The individuals named in RICO Enterprise II were indicted on federal charges. COMPLAINT,

¶¶ 33 – 35, Exh. 2. Notably, MBR is expressly excluded from the definition of RICO Enterprise II. Moreover, no individual associated with MBR was indicted.

- RICO Enterprise III – Patricio TCO and the Seminole Hard Rock Hotel. COMPLAINT, ¶ 36.

- RICO Enterprise IV – Patricio TCO and employees of the Georgia Department of Labor.

Despite claiming twenty-five individuals and entities were participants of these purported RICO Enterprises, Plaintiffs only brings claims against four defendants. COMPLAINT, ¶ 37.

Plaintiffs claim the purported RICO Enterprises were part of a human trafficking scheme to bring foreign nationals into the U.S. for labor exploitation. *See generally*, COMPLAINT, ¶¶ 54-65. When describing the "overall human trafficking scheme", Plaintiffs fail to make a single non-conclusory allegation as to MBR; instead, all allegations are made as to "Contractors". Plaintiffs define "Contractors" as Defendants Patricio, E. Duque, and J. Duque. MBR farms is excluded from the definition of Contractors. COMPLAINT, ¶ 54. Plaintiffs allege the Contractors did the following:

- Demanded excessive and illegal fees to come to the U.S. on a H-2A visa;

- Falsely guaranteed Plaintiffs would be paid under the terms of a contract, with transportation, housing, and food provided;

- Caused Plaintiffs to pay for their own costs;

- Held their immigration and identification documents;

- Required Plaintiffs to perform work for little or no pay;

- Paid Plaintiffs in cash without paystubs;

- Forced Plaintiffs to live in substandard conditions and threatened deportation and violence;

4

- Forced Plaintiffs to pay fees for the return of their documents;

- Obtained more than $200,000 million from the trafficking scheme. COMPLAINT, ‖‖ 54 – 64.

The only allegation Plaintiffs' make as to MBR and its involvement in the "trafficking scheme" is a conclusory statement that it "conspired with the Contractors in this labor exploitation scheme." COMPLAINT, ‖ 65.

**B.  <u>Summary of Counts in Plaintiffs' Complaint</u>**

The following is a summary of each count alleged by Plaintiffs:

**Count I** seeks economic damages, punitive damages, and attorneys' fees against all Defendants under 18 U.S.C. § 1589 which, generally, requires a showing of participation in a venture engaged in trafficking by means of physical or threatened force.  Id. at ‖‖ 194 – 201.

**Count II** seeks economic damages, punitive damages, and attorneys' fees against all Defendants under 18 U.S.C. § 1590 regarding recruiting, harboring, and trafficking with respect to peonage, slavery, involuntary servitude, or forced labor. Id. at ‖‖ 202 – 207.

**Count III** seeks economic damages, punitive damages, and attorneys' fees against Defendant Patricio and MBR under 18 U.S.C. § 1594 regarding conspiracy to commit violations of sections in this Chapter. Id. at ‖‖ 208 – 216.

**Count IV** seeks economic damages, punitive damages, and attorneys' fees against all Defendants under 18 U.S.C. § 1592 regarding unlawful conduct in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor. Id. at ‖‖ 217 – 221.

**Count III (*again*)** seeks economic damages, punitive damages, and attorneys' fees against all Defendants under 18 U.S.C. § 1595(a) which creates civil remedies for violation of other sections in this chapter. Id. at ‖‖ 222 – 225 (referred to herein as Count III Part 2).

**Count IV [sic]** seeks alleged unpaid wages, an additional amount as liquidated damages, and attorneys' fees and costs against all Defendants under 29 U.S.C. § 201 *et. seq.* regarding Fair Labor Standards. Id. at ¶¶ 226 – 237.

**Count VI** seeks economic damages, treble damages, and attorneys'/experts' fees and costs against all Defendants under 18 U.S.C. § 1962 regarding deriving income from racketeering activity. Id. at ¶¶ 238 – 269.

**Count VII** seeks economic damages, punitive damages, treble damages, attorneys' and experts' fess, an order requiring the Defendants to "divest themselves of any interest in the RICO Enterprises and real or personal property they acquired through the pattern of racketeering activity," and an order prohibiting the Defendants "from engaging in the same type of endeavor as they did through the RICO Enterprises, including operating a farm labor contracting business and/or employing farmworkers" under O.C.G.A. § 16-14-1 *et. seq.* under Georgia's Racketeer Influenced and Corrupt Organizations Act. Id. at ¶¶ 270 – 292.

**Count IX (*Complaint Skips VIII*)** seeks return of the alleged value of benefits conferred to Defendants by Plaintiffs, economic damages, and punitive damages against all Defendants under a theory of unjust enrichment. Id. at ¶¶ 293 – 300.

**Count X** seeks recovery of emotional and pain and suffering damages, as well as punitive damages against all Defendants under a theory of intentional infliction of emotional distress. Id. at ¶¶ 301 -306.

Plaintiffs fail to sufficiently allege MBR is liable to them for any of the above counts.

## III.   STATEMENT OF MATERIAL FACTS

This case arises out of Plaintiffs' – foreign nationals – work in the United States. *See generally*, COMPLAINT. Defendant E. Tovar, approached MBR to inquire if it would need any

workers in the 2021 growing season. AFFIDAVIT OF ENRIQUE DUQUE TOVAR ("Affidavit"), ℙ 3. E. Tovar along with J. Tovar recruited Plaintiffs. Id. at ℙ 4. MBR farms was not involved with the Plaintiffs' recruitment. Id. MBR was not involved in filling out any documentation to bring Plaintiffs or other H-2A workers to the United States. Id. at ℙℙ 5, 7. MBR did not manage, supervise, or direct Plaintiffs or other H-2A workers. Id. at ℙ 10. It was Enrique Tovar's responsibility, NOT MBR's to track the amount of each worker's labor and to pay each worker. Id. at ℙ 12. MBR had no control over the hiring, firing, or modifying the employment conditions of the workers. Id. at ℙ15. MBR had no control or involvement over the worker's payroll and payment of wages. Id. at ℙ 16. MBR was not made aware of the amount or amounts that Plaintiffs or other H2A workers were paid for their work. Id. MBR had no control over Plaintiffs' and other H-2A workers' living and housing conditions. Id. at ℙ17. The only investments MBR made into equipment for Plaintiffs and other H-2A workers were the purchase of buckets and portable toilets. Id. at ℙ18. MBR never provided E. Tovar with authority for him to act as their agent. Id. at ℙ19. The Record shows MBR is truly a stranger to the allegations in the Complaint.

## IV.    ARGUMENT AND CITATION OF AUTHORITY

The Court should dismiss Plaintiffs' claims under Federal Rule of Civil Procedure (F.R.C.P.) 12(b)(6) as Plaintiffs have failed to allege facts which would show they are entitled to any relief against MBR. At minimum, this Court should dismiss Plaintiffs' claims against MBR under F.R.C.P. 56 as the Record shows there is no genuine issue as to any material fact and MBR is entitled to judgment as a matter of law.

### A.  Standard of Review.

i. Motion to Dismiss

F.R.C.P. 12(b)(6) allows dismissal of a complaint where it appears a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jenkins v. McKeithen, 395 U.S. 411, 422 (1969), rehearing denied, 396 U.S. 869 (1969). Pleadings are required to set forth "a short plain statement of the claim showing that the pleader is entitled to relief[.]" F.R.C.P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is insufficient to allege a "mere possibility that the defendant may have acted unlawfully." Moseley v. Carnival Corp., 593 Fed. Appx. 890, 892 (11th Cir. 2014). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007).

"[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Courts should use a two-pronged analysis to determine the veracity of pleadings. Iqbal, 556 U.S. at 679. Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should consider whether the factual allegations remaining in the complaint are facially plausible. Id.

A review of the instant Complaint shows Plaintiffs failed to adequately plead they are entitled to any relief from MBR Farms.

    ii. Motion for Summary Judgment

Summary judgment is appropriate if the movant shows there is no genuine issue of material fact. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); F.R.C.P. Rule 56. If the movant demonstrates there is no genuine issue of fact and carries its initial burden, it is up to the non-movant to demonstrate evidence exists which would support a jury verdict. Anderson, 477 U.S. at 243. "An issue of fact is 'material' if it might affect the outcome of the case under the governing law…[i]t is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted). Additionally, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-248 (emphasis original). Summary judgment in favor of the moving party is proper when, after time for adequate discovery, the party bearing the burden of proof at trial fails to make a sufficient showing of the existence of an essential element of their case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment should be used to "isolate and dispose of factually unsupported claims" –here, summary judgment is warranted on all of Plaintiffs' claims. Id. at 323-324.

## B. **This Court Should Dismiss Plaintiffs' Claims Under the Trafficking Victims Protection Act.**[1]

Congress enacted the TVPA in 2000 to protect victims of human trafficking and prosecute the perpetrators.[2] Plaintiffs attempt to assert six separate counts under the TVPA; however, the only statute Plaintiffs cite with a civil remedy is 18 U.S.C. § 1595 (a). Accordingly,

---

[1] COMPLAINT, Counts I – III Part 2, ₱₱194 – 225.

[2] U.S. DOJ, Human Trafficking, Key Legislation, https://www.justice.gov/humantrafficking/key-legislation#:~:text=The%20Trafficking%20Victims%20Protection%20Act%20of%202000%20(TVPA)%2C%20Pub,of%20slavery%20domestically%20and%20internationally.

it appears Plaintiffs are attempting to bring claims under the civil remedy statute for purported

violations of the TVPA under §§ 1589 (obtaining labor through force, abuse, harm, or threats of

force, abuse, or harm), 1590 (recruitment of individuals to work in violation of 1589), and 1592

(confiscation or removal of passports or immigration documents). Plaintiffs fail to set forth

sufficient factual allegations to suggest MBR committed any violation under the TVPA or

knowingly benefited as a result of any violation of the TVPA.

i.    Plaintiffs Fail to Allege MBR Committed any Action in Violation of 18 U.S.C. § 1589.[3]

18 U.S.C. § 1589 provides:

(a) Whoever knowingly provides or obtains the labor or services of a person by
any one or of, or by any combination of, the following means--
(1) by means of force, threats of force, physical restraint, or threats of physical
restraint to that person or another person;
(2) by means of serious harm or threats of serious harm to that person or another
person;
(3) by means of the abuse or threatened abuse of law or legal process; or
(4) by means of any scheme, plan, or pattern intended to cause the person to
believe that, if that person did not perform such labor or services, that person or
another person would suffer serious harm or physical restraint,

shall be punished as provided under subsection (d).

Plaintiffs merely recite 18 U.S.C. § 1589(a) instead of alleging how the purported violations took

place.

The Traffickers knowingly provided or obtained the labor or services of the
Plaintiffs and other class members by means of actual and threatened force and
physical restraint. The Traffickers knowingly provided and/or obtained the labor
or services of the Plaintiffs and other class members by means of serious harm
and/or threats of serious harm. The Traffickers knowingly provided and/or
obtained the labor or services of the Plaintiffs and other class members by means
of a scheme, plan, or pattern intended to cause the Plaintiffs and other class
members to believe that, if they did not perform such labor or services, they
would suffer serious harm or physical restraint.

---

[3] COMPLAINT, Count I, ¶¶ 194 – 201.

10

*See* COMPLAINT, ⁋ 195–197. These are exactly the type of "formulaic recitations" prohibited by the federal pleading standard. Twombly. 550 U.S. at 555.

The only allegations regarding force are attributed to Defendant E. Duque. COMPLAINT, ⁋⁋168; 172; 173; and 174("Defendant E. Duque repeatedly threatened, or caused Plaintiffs to be threatened, that any worker who left employment would be reported to immigration; Defendant E. Duque threatened and assaulted the plaintiffs and other class members after police came attempting to find out who called the police; [Defendant E. Duque] told Plaintiffs and other class members that he was going to 'deal' with the person who spoke with social services; Defendant E. Duque drunkenly assaulted Plaintiff Ramon Rodriguez Mendez"). There are simply no allegations of fact pointing to any use of force, abuse, or threat of abuse against MBR.

   ii.   Plaintiffs fail to allege MBR committed any action in violation of 18 U.S.C. § 1590.[4]

   18 U.S.C. § 1590 (a) provides:

> Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

There is no allegation MBR was involved in the recruitment, harboring, or transportation of Plaintiffs. Plaintiffs allege Defendant E. Duque submitted both the 2020 and 2021 job orders to the GADOL, not MBR. COMPLAINT, ⁋⁋67, 82. The only signature on the 2020 and 2021 job orders is E. Duque's. Exhibits 3-4 [Doc. 1-3; 1-4]. MBR does not even appear on the face of the 2020 job order. [Doc. 1-3]. Similarly, there is no allegation MBR recruited Plaintiffs. All allegations related to recruitment are as to Defendant J. Duque. *See* COMPLAINT, ⁋⁋ 98-110.

---

[4] COMPLAINT, Count II, ⁋⁋ 202 – 207.

Instead of setting forth any facts as to MBR, Plaintiffs attempt to skirt their responsibility by baldly alleging Defendant J Duque acted as an "agent of the other Traffickers." Id. Again, Plaintiffs fail to assert sufficient factual allegations to suggest an agency relationship existed between Defendant J. Duque and MBR. An agency relationship can exist under either actual authority or apparent authority. O.C.G.A. § 10-6-1 ("The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act of him or subsequently ratifies the acts of another in his behalf"). "Actual authority 'requires: (1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent.'" Person v. Lyft, Inc., 542 F. Supp. 3d 1342, 1351 (N.D. Ga. 2021) (quoting Franza v. Royal Caribbean Cruises, Ltd., 772 F.3d 1225, 1236). Plaintiffs' Complaint is absolutely void of any allegations of fact which would suggest Defendant J. Duque possessed actual authority from MBR to engage in the alleged actions set forth in Paragraphs 98 – 110 of the Complaint. There is *NO* allegation MBR acknowledged J. Duque would act on its behalf, *NO* allegation MBR accepted J. Duque's actions, and *NO* allegation MBR had any control over the alleged actions of J. Duque. In fact, Plaintiffs fail to allege MBR even knew J. Duque would recruit workers. Plaintiffs clearly fail to allege J. Duque acted as MBR's agent under actual authority.

Similarly, Plaintiffs fail to allege J. Duque acted on MBR's behalf under apparent authority. "[A]pparent authority is not predicated on whatever a third party chooses to think an agent has the right to do, or even upon what the agent says he can do, but must be based on **acts of the principal** which have led the third party to believe reasonably the agent had such authority." Dunn v. Venture Bldg. Group, Inc., 283 Ga. App. 500, 503 (2007) (emphasis added) (internal citations omitted). The Northern District of Georgia has reiterated the fact that just

12

because an individual holds himself out as having a position of authority does not create apparent authority. *See* Zimmerman v. Roche, 1:09-cv-0605-JEC, 2010 WL 11506545, at * 13 (N.D. Ga. Sept. 20, 2010) (holding membership by an actor on a corporate board does not alone create apparent authority absent action by the principal). Plaintiffs fail to allege MBR took any action which would lead them to reasonably believe J. Duque had authority to act on their behalf.

   iii.   Plaintiffs fail to allege MBR committed any action in violation of 18 U.S.C. § 1592.[5]

  18 U.S.C. § 1592 states:

> Whoever knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document of another person

> (1) In the course of a violation of section 1581, 1583, 1584, 1589, 1590, 1591, or 1594(a);
> (2) With intent to violate section 1581, 1583, 1584, 1589, 1590, or 1591; or
> (3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000,

> shall be fined under this title or imprisoned for not more than 5 years, or both.

Again, Plaintiffs simply regurgitate the language of §1592 instead of actually alleging any action taken by MBR in violation of 18 U.S.C. § 1592:

> The Traffickers knowingly concealed, removed, confiscated, and possessed the Plaintiffs' and other class members' passports and other immigration documents, and other actual or purported government identification documents in the course of violating 18 U.S.C. §§ 1589 and 1590. The Traffickers knowingly concealed, removed, confiscated, and possessed the Plaintiffs' and other class members' passports and other immigration documents, and other actual or purported government identification documents, to prevent or restrict or attempt to prevent or restrict, without lawful authority, Plaintiffs' and other class members' liberty to move or travel, in order to maintain their labor services.

COMPLAINT, ¶¶ 218; 219.

---

[5] COMPLAINT, Count IV, ¶¶ 217 – 221.

Notably, Plaintiffs specifically exclude MBR from allegations regarding the confiscation of Plaintiffs' documents. COMPLAINT, ¶ 158 ("The Contractors exploited the Plaintiffs and other class members by holding their immigration and identification documents hostage to prevent them from leaving or from contacting law enforcement") (emphasis added). MBR is specifically excluded from the definition of Contractors. Id. at ¶ 54.

iv.   Plaintiffs Fail to Allege MBR Committed Any Action in Violation of 18 U.S.C. § 1595.[6]

18 U.S.C. §1595(a) provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

As explained above, Plaintiff has failed to properly allege MBR perpetrated any violation of the TVPA. Moreover, Plaintiffs have failed to allege MBR knowingly benefited from any violation of the TVPA. Again, Plaintiffs merely recite § 1595 instead of alleging any actual facts supporting knowledge. COMPLAINT, ¶223 ("Pursuant to 18 U.S.C. §1595(a), the Traffickers knowingly benefitted, or attempted or conspired to benefit, financially and/or by receiving things of value, from participation in a venture they knew or should have known has engaged in violations of 18 U.S.C. §§ 1589, 1590, and 1592").

The Eleventh Circuit uses the Black's Law Dictionary definition of "knowledge" in interpreting the TVPA. See Doe #1 v. Red Roof Inns, Inc., 21 F. 4th 714, 723-25 (11th Cir. 2021) ("Knowledge is an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact….Constructive knowledge, on the other hand, is that knowledge which one using reasonable care or diligence should have").

---

[6] COMPLAINT, Count III part 2, ¶¶ 222 - 225.

In <u>Red Roof Inn</u>, the plaintiffs alleged hotel franchisors had knowledge of sex trafficking because they sent inspectors to the hotels who would have seen signs of sex trafficking and would have received reviews mentioning sex work occurring at the hotels However, the Eleventh Circuit held "observing something is not the same as participating in it" and dismissed the appeal. <u>Id</u>. at 727. In the instant case, Plaintiffs have not made any allegations suggesting MBR even observed any abuse of Plaintiffs much less participated in it. Consequently, Plaintiffs have failed to assert a beneficiary claim under § 1595.[7]

## C. **This Court Should Dismiss Plaintiffs' Claims Under the Fair Labor Standards Act.[8]**

"To state a cause of action under the FLSA, an employee must first allege an employment relationship." <u>Blake v. Batmasian</u>, 191 F. Supp. 3d 1370, 1375 (S.D. Fla. 2016) (citing <u>Morgan Family Dollar Stores, Inc.</u>, 551 f.3d 1233, 1277 n. 68 (11th Cir. 2008)). The "economic realty" test controls when deciding whether a party is an employee. *See* <u>Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc.</u>, 494 F. Appx. 940, 942. In <u>Villarreal v. Woodham</u>, the Eleventh Circuit established the economic reality test asking "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 113 F.3d 202, 205 (11th Cir. 1997). In the context of alleged joint employers courts should use the eight-factor test set out in <u>Layton v. DHL Exp. (USA), Inc.</u>, 686 F.3d 1772, 1778 -81 (11th Cir. 2012). These factors are:

> (1) the nature and degree or control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire,

---

[7] Plaintiffs' Alternative Conspiracy Claims in Count III part 2 (Complaint, ¶¶ 208 -216) are nothing more than an attempt to create civil beneficiary claims under 18 U.S.C. § 1595(a). Accordingly, these claims must also be dismissed.

[8] COMPLAINT, Count IV, ¶¶ 226 – 237.

fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

Id. at 1176. No one factor is controlling. Id. at 1177.

Plaintiffs conclusively state "Defendant MBR Farms and the other Defendants jointly employed the Plaintiffs and other class members during the 2021 blueberry harvest season." COMPLAINT, ¶21. Plaintiffs make no factual allegations regarding the Layton factors. As such, Plaintiffs' claims under the FLSA against MBR must be dismissed, as they have failed to establish an employee relationship.

### D. **This Court Should Dismiss Plaintiffs' Federal and State RICO Claims**[9]

To properly plead a case and set forth a claim under federal and state RICO statutes, Plaintiffs must prove "both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.'" Chancey v. State, 256 Ga. 415, 417 (Ga. 1986) (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010).

The allegations in Plaintiff's Complaint do NOT support an inference of an agreement by MBR to the overall objective of the conspiracy or an agreement by MBR to commit two predicate acts. The first step in Iqbal's plausibility standard is to eliminate any allegations that are merely legal conclusions. 556 U.S. at 678-79. Plaintiffs offer conclusory statements which this court must ignore. For example, Plaintiffs conclusively state "Defendants Patricio and MBR Farms conspired with Defendants E. Duque and J. Duque by pursuing the same criminal

---

[9] COMPLAINT, Counts VI and VII, ¶¶ 238 – 292.

objectives and with intent to further the endeavors which, when completed, violated 18 U.S.C. §

1962(c)." COMPLAINT, ¶267. The Court must then look at Plaintiffs' remaining allegations to

determine whether Plaintiffs adequately pled a RICO claim. Plaintiffs have failed to plead any

action by MBR which would contribute to the alleged conspiracy. The only allegation of action

specifically taken by MBR is that it agreed to be listed as Grower on the 2021 job order.

COMPLAINT, ¶212 (b). This action does not rise to the level of a predicate act. There is no

allegation MBR had any knowledge regarding the alleged treatment of Plaintiffs.

Considering Plaintiffs have failed to set forth sufficient allegations of fact, its RICO

claims against MBR must be dismissed.

### E. This Court Should Dismiss Plaintiffs' Unjust Enrichment Claims at to MBR.[10]

The Georgia Court of Appeals has held:

A claim of unjust enrichment will lie if there is no legal contract and the party
sought to be charged has been conferred a benefit by the party contending an
unjust enrichment which the benefited party equitably ought to return or
compensate for. The concept of unjust enrichment in law is premised upon the
principle that a party cannot induce, accept, or encourage another to furnish or
render something of value to such party and avoid payment for the value received.

Jones v. White, 311 Ga. App. 822, 827 – 828 (2011). In other words, "a claim for unjust

enrichment exists where a plaintiff asserts that **the defendant** induced or encouraged the plaintiff

to provide something of value to the defendant; that the plaintiff provided a benefit to the

defendant with the expectation that the defendant would be responsible for the cost thereof; and

that the defendant knew of the benefit being bestowed upon it by the plaintiff and either

affirmatively chose to accept the benefit or failed to reject it." Campbell v. Ailion, 338 Ga. App.

382, 387 (2016).

---

[10] COMPLAINT, Count IX, ¶¶ 293 - 300.

Plaintiffs fail to assert sufficient facts to suggest Defendant MBR recruited Plaintiffs to work for it. All recruitment allegations are as to Defendant J. Duque. Therefore, the Court must dismiss Plaintiffs' unjust enrichment claims as to MBR.

### F. This Court Should Dismiss Plaintiffs' IIED Claims as to MBR.[11]

"To succeed on a claim for intentional infliction of emotional distress in Georgia, a plaintiff must show: (1) the defendant's conduct was extreme and outrageous; (2) the defendant acted intentionally or recklessly; (3) the defendant's conduct caused emotional distress; and (4) the resulting emotional distress was severe." Lightning v. Roadway Exp. Inc., 60 F.3d 1551, 1557 (11th Cir. 1995).

Plaintiffs fail to identify any conduct by MBR which could be considered extreme and outrageous. As such, the analysis stops there, and this Court must dismiss Plaintiffs' claims for intentional infliction of emotional distress against MBR.

### G. Motion for Summary Judgment

At minimum, this Court should dismiss Plaintiffs' claims against MBR as the Record shows there is no genuine issue of fact as to any of Plaintiffs' claims. Filed with this Motion is the Affidavit of Enrique Tovar. This Affidavit establishes MBR:

1) Had no control over farm workers;

2) Did not supervise the work of any of the Plaintiffs;

3) Did not determine the amount or method of pay of the H-2A workers;

4) Had no control over Plaintiffs' and other H-2A workers' living and housing conditions; and

5) Never provided E. Tovar with authority to act as its agent.

---

[11] COMPLAINT, Count X, ¶¶ 301 -306.

*See* Affidavit of Enrique Tovar.

i.    The Record Shows there is No Genuine Issue of Fact as to Plaintiffs' TVPA Claims.

The Affidavit of Enrique Tovar shows there is no genuine issue of material fact as to Plaintiffs' TVPA claims. It is undisputed MBR had no control over Plaintiffs' employment conditions. Moreover, it is undisputed MBR played no role in the recruitment of Plaintiffs. Consequently, the Court must dismiss Plaintiffs' claims under the TVPA.

ii.    The Record Shows there is No Genuine Issue of Fact as to Plaintiffs' FLSA Claims.

Similarly, the Affidavit shows there is no genuine issue of material fact as to Plaintiffs' FLSA claims. There is no question MBR is NOT a joint employer under the FLSA. A review of the eight Layton factors shows MBR cannot be deemed a joint employer. MBR had no control over Plaintiffs or other H-2A workers. AFFIDAVIT, ⁋10. MBR did not supervise Plaintiffs or other H-2A workers. Id. at 11. MBR did not determine Plaintiffs or other H-2A workers' rate of pay. Id. at 12. MBR could not hire or fire individual Plaintiffs or other H-2A workers. Id. at 15. MBR did not have any involvement in Plaintiffs' or H-2A workers; payroll. Id. at 16. Plaintiffs' own Complaint alleges they worked at fields other than those MBR owned. COMPLAINT, ⁋ 170 ("Defendant E. Duque would rent out the Plaintiffs and other class members to do other work not on the 2020 and 2021 Job Orders."). Finally, the only equipment MBR invested in was the purchase of buckets and portable toilets. AFFIDAVIT, ⁋18. Since there is no question MBR was not a joint employer, the Court must dismiss Plaintiffs' claims under the FLSA.

iii.    The Record Shows there is No Genuine Issue of Fact as to Plaintiffs' RICO Claims.

The Record shows MBR had absolutely no involvement with the employment of Plaintiffs and other H-2A workers. Accordingly, it cannot be a part of any alleged conspiracy regarding Plaintiffs' employment. As such, this Court must dismiss Plaintiffs' RICO claims.

19

iv.    The Record Shows there is No Genuine Issue of Fact as to Plaintiffs' Unjust Enrichment Claims.

The Affidavit shows Plaintiffs were employed by Defendant E. Duque. Defendant E. Duque, not MBR, induced Plaintiffs to work. *See generally,* AFFIDAVIT. Absent actions by MBR, Plaintiffs' claims for unjust enrichment against MBR cannot stand.

v.    The Record Shows there is No Genuine Issue of Fact as to Plaintiffs' IIED Claims.

The Affidavit demonstrates MBR had absolutely no involvement with the employment, housing, transportation, or payment of Plaintiffs or other H-2A workers. *See generally,* AFFIDAVIT. Considering MBR had no involvement with Plaintiffs or other H-2A workers, Plaintiffs' claims for intentional infliction of emotional distress must be dismissed.

V.    **CONCLUSION**

Plaintiffs have attempted to force MBR into the instant case despite having no evidence MBR committed any action or conspired to commit any action in violation of the TVPA or FLSA. Plaintiffs' allegations against MBR are conclusory in nature and fail to set forth a single action taken by MBR that would show it engaged in trafficking or was Plaintiffs' joint employer. Plaintiffs' own shortcomings dictate this Court should dismiss Plaintiffs' claims against MBR. At minimum, this Court must dismiss Plaintiffs' claims against MBR as the Record shows MBR had no involvement with Plaintiffs' employment. There is a reason no one from MBR was indicted in the criminal investigation into the alleged actions. It is because MBR is a complete stranger to this case. Plaintiffs should not be able to keep MBR in this action with no evidence against it.

Respectfully submitted this 15th day of July, 2024.

COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert
Georgia Bar No. 293797
Kayla H. Barnes
Georgia Bar No. 301948
***Attorney for MBR Farms, Inc.***

109 S. Ashley Street
Valdosta, Georgia 31601
(904) 456-8966
mark.gilbert@colemantalley.com
kayla.barnes@colemantalley.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ,** **LUIS ALFONSO P ALMILLAS LOPEZ,** **and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. CV 523-023** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE** **DUQUE TOVAR, JOSE CARMEN** **DUQUE TOVAR, and MBR FARMS,** **INC., a Georgia corporation,** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **DEFENDANT MBR FARMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                    *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com
aczerniak@vedderprice.com

22

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

Maria Leticia Patricio
208 Nopalito Rd
Nicholls, GA 31554
*Pro Se*

James R. Miller                                          *Attorney for Defendant*
Elliot Blackburn, PC                                     ENRIQUE DUQUE TOVAR
3016 North Patterson Street
Valdosta, Georgia 31602
Tel: (229) 242-3333
jmiller@elliotblackburn.com

This 15ᵗʰ day of July, 2024.

                                  COLEMAN TALLEY LLP

                                  */s/ Mark A. Gilbert*
                                  Mark A. Gilbert

23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. CV 523-023 |
| v. | ) ) | |
| MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT MBR FARMS, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

COMES NOW MBR Farms, Inc., Defendant in the above-styled case, and files its Statement of Undisputed material Facts in support of its Motion for Summary Judgment as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Defendant E. Tovar, approached MBR to inquire if it would need any workers in the 2021 growing season. AFFIDAVIT OF ENRIQUE DUQUE TOVAR ("Affidavit"), ¶ 3.

2. E. Tovar along with J. Tovar recruited Plaintiffs. Id. at ¶ 4.

3. MBR farms was not involved with the Plaintiffs' recruitment. Id.

4. MBR was not involved in filling out any documentation to bring Plaintiffs or other H-2A workers to the United States. <u>Id</u>. at ¶¶ 5, 7.

5. MBR did not manage, supervise, or direct Plaintiffs or other H-2A workers. <u>Id</u>. at ¶ 10.

6. It was Enrique Tovar's responsibility, NOT MBR's to track the amount of each worker's work and to pay each worker. <u>Id</u>. at ¶ 12.

7. MBR had no control over the hiring, firing, and modifying the employment conditions of the workers. <u>Id</u>. at ¶15.

8. MBR had no control or involvement over the worker's payroll and payment of wages. <u>Id</u>. at ¶ 16.

9. MBR was not made aware of the amount or amounts that Plaintiffs or other H-2A workers were paid for their work. <u>Id</u>.

10. MBR had no control over Plaintiffs' and other H-2A workers' living and housing conditions. <u>Id</u>. at ¶17.

11. The only investments MBR made into equipment for Plaintiffs and other H-2A workers were the purchase of buckets and portable toilets. <u>Id</u>. at ¶18.

12. MBR never provided Enrique Duque Tovar with authority for him to act as their agent. <u>Id</u>. at ¶19.

Respectfully submitted this 15th day of July, 2024.

COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert
Georgia Bar No. 293797
Kayla H. Barnes
Georgia Bar No. 301948
***Attorney for MBR Farms, Inc.***

109 S. Ashley Street
Valdosta, Georgia 31601
(904) 456-8966
mark.gilbert@colemantalley.com
kayla.barnes@colemantalley.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

|  |  |  |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil No. CV 523-023** |
| **v.** | ) ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,** | ) ) ) ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **DEFENDANT MBR FARMS, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS** upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                                    *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com
aczerniak@vedderprice.com

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

Maria Leticia Patricio
208 Nopalito Rd
Nicholls, GA 31554
*Pro Se*

James R. Miller                                  *Attorney for Defendant*
Elliot Blackburn, PC                             ENRIQUE DUQUE TOVAR
3016 North Patterson Street
Valdosta, Georgia 31602
Tel: (229) 242-3333
jmiller@elliotblackburn.com

This 15th day of July, 2024.

                                  COLEMAN TALLEY LLP

                                  */s/ Mark A. Gilbert*
                                  Mark A. Gilbert

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### (Waycross Division)

CRISTHIAN ZUNIGA HERNANDEZ,
LUIS ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ

*on behalf of themselves and all those similarly
situated,*

                *Representative Plaintiffs,*

v.

MARIA LETICIA PATRICIO,
ENRIQUE DUQUE TOVAR,
JOSE CARMEN DUQUE TOVAR, and
MBR FARMS, INC., a Georgia corporation,

               *Defendants.*

CASE NO. 5:23-cv-00023-LGW-BWC

## AFFIDAVIT OF ENRIQUE DUQUE TOVAR

**STATE OF GEORGIA**
**COUNTY OF LOWNDES**

    **PERSONALLY APPEARED** before the undersigned officer, duly authorized by law to administer oaths under the laws of the State of Georgia, Enrique Duque Tovar who, after being duly sworn, deposes and states under oath as follows:

1.

    I am over the age of 18, and I am otherwise competent to testify to the matters and facts stated herein. This Affidavit is given upon my personal knowledge of all matters addressed.

2.

    I provided services to farmers as an H-2A farm labor contractor in the state of Georgia in 2020 and in 2021. Those are the only two years that I have ever acted as a farm labor contractor.



-1-

3.

Prior to the 2021 growing season, I did not have a business or working relationship with MBR Farms, Inc. ("MBR"). Toward the end of 2020, I approached Bobby Garrity of MBR, who was an acquaintance of mine, to ask if he would need any help procuring workers to pick blueberries for his 2021 crop. Mr. Garrity told me that MBR would likely need up to 100 workers to pick its 2021 blueberry crop.

4.

Based on my discussions with Mr. Garrity, I engaged my brother Jose Carmen Duque Tovar, who was then in Mexico, to identify and recruit workers living in Mexico to come to South Georgia under the H-2A non-immigrant visa program for the 2021 growing season.

5.

I ultimately sought and obtained approval to bring a total of 84 H-2A workers to the United States from Mexico for the 2021 growing season.

6.

I engaged Maria Leticia Patricio, who provided H-2A consulting services to farm labor contractors and farmers, to help me prepare and submit the necessary documentation to the Georgia Department of Labor, the United States Department of Labor, and the United States Citizenship and Immigration Services in order to obtain certifications, approvals, and visas for the workers. I am not experienced with the application process or documentation and relied on Maria Leticia Patricio's expertise and experience in filling out the required forms and submitting them to the various government agencies.

7.

On or around January 14, 2021, with the assistance of Maria Leticia Patricio, I submitted

E.D

-2-

a job order, which was assigned Order Number H-300-21006-998169, to the Georgia Department of Labor.

8.

MBR was listed as the "Grower" on this job order to the Georgia Department of Labor.

9.

In my capacity as a farm labor contractor, in 2021, I provided workers to pick blueberries grown by MBR as part of an arms-length agreement between me and MBR. I was never a party to an agreement with MBR creating a joint venture, partnership, or principal-agent relationship.

10.

In providing workers to pick blueberries at farms owned or leased by MBR, I was the farm labor contractor, and my role was to manage and supervise the H-2A workers. Each day, MBR would inform me which fields needed to be picked, and I would arrange for the workers to be transported to the identified field or fields. I, along with my brother and other persons employed by me, supervised and directed the workers. MBR did not have any degree of control over the H-2A workers on their farm.

11.

At no time did MBR, either directly or indirectly, supervise the work of any of the Plaintiffs or other workers.

12.

It was my responsibility, not MBR's, to track the amount of each worker's work and to pay each worker the correct amount. MBR had no power to determine the pay rates or the methods of payment of the H-2A workers.

E.D.

13.

During the work, Plaintiffs would pick blueberries on MBR's farm until they had a bucket filled with blueberries. Upon turning in a full bucket of blueberries, each H-2A worker would receive a chip or token. Because the buckets held a maximum of 6 lbs. of blueberries and because the applicable piece rate entitled each worker to $0.50 per pound of blueberries picked, each chip or token entitled the worker to $3.00 in pay.

14.

MBR would pay me a lump sum directly according to the weight of the blueberries, but I was responsible for paying the H-2A workers according to the number of chips they had collected during each work day.

15.

As the labor contractor, I was the sole party responsible for hiring, firing, and modifying employment conditions of the workers. As such, MBR did not have the power, either directly or indirectly, to hire, fire, or modify the employment conditions of the workers.

16.

MBR did not prepare and was not involved with the payroll and payment of wages directly to the workers. Consequently, MBR Farms was not made aware of the amount or amounts that Plaintiffs or the other H2A workers were paid for their work.

17.

MBR had no control over Plaintiffs' and other H-2A workers' living and housing conditions and did not have the ability to relocate their living quarters.

18.

To my recollection, the only investments made by MBR in the equipment and facilities

E.D.

-4-

utilized by Plaintiffs and the other H-2A workers were (a) the purchase of buckets for the workers to place their blueberries into after they were picked and (b) the procurement of portable toilets for use by the workers on MBR's farm.

19.

At no time did MBR ever, explicitly or implicitly, provide authority for me to act on its behalf as an agent.

20.

To the best of my knowledge, MBR is not a Defendant in the October 5, 2021 criminal indictment (Indictment No. CR521-0009) filed in this Court, which Plaintiffs alleged arose out of the same scheme that gave rise to this lawsuit.

FURTHER AFFIANT SAYETH NOT.

ENRIQUE DUQUE

ENRIQUE DUQUE TOVAR

Subscribed and sworn to before me this
1st day of July, 2024.

Notary Public

My Commission Expires:

-5-