EXHIBIT
F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ

on behalf of themselves and all those similarly
situated,

       Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

       Defendants.

Civil No. CV 523-023

**ENRIQUE DUQUE TOVAR'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA
HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION**

ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, responds as follows
to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set of Request for Production to
Enrique Duque Tovar:

**GENERAL OBJECTIONS**

Enrique Duque Tovar ("Defendant") objects generally to producing information generated
in anticipation of litigation, privileged information generated in the course of litigation,
information reflecting attorney/client communications, and information containing attorney work
product.

**PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS**

These responses are based on diligent exploration by Defendant, and they reflect only the
current state of Defendant's knowledge, understanding, and belief with respect to the matters

addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege. Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1:

Please produce every form W-2, W-4, Form IRS-1099, I-9, application for employment, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to the Plaintiffs, including any documents provided to you by the Plaintiffs or other H-2A workers, created at any time between 2015 and the present.

**Response**: **Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. As Plaintiff has previously been made aware, Defendant's employment and other records related to Plaintiffs and its other H2A workers have previously been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

## REQUEST NO. 2:

Please produce all documents you filed with or sent to the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labor, the United States Bureau of Citizenship and Immigration Services and/or other federal or state agencies to obtain temporary alien labor certification to employ workers under the H-2A nonimmigrant visa program (respectively, "H-2A workers"), with an admittance date any time between January 1, 2015 and the present, as well as any correspondence or other documents received by you from the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labir, the United States Bureau of Citizenship and Immigration Services and/or any other federal or state agencies in response to such filings or mailings. Such documents include, but are not limited to, Form I-129s with all attachments, Form ETA 9142Bs with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, summaries of recruitment efforts, prevailing wage determinations, and any forms detailing or listing the names and/or contact information of H-2A workers.

**Response**: **Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Defendant did not employ H2A workers at any time prior to 2020, and he did not employ the named Plaintiffs in any year other than 2021. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this**

civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

<u>REQUEST NO. 3:</u>

Please produce any and all documents and correspondence sent to you or received by you from any individual(s), agencies, companies and/or entities utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**<u>Response</u>: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

<u>REQUEST NO. 4:</u>

Please produce any and all documents and correspondence sent to you or received by you from MBR Farms, Inc. utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**<u>Response</u>: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what**

documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

<u>**REQUEST NO. 5:**</u>

Please produce any and all documents and correspondence sent to you or received by you from Jose Carmen Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

<u>**Response:**</u> **Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

<u>**REQUEST NO. 6:**</u>

Please produce any and all documents and correspondence sent to you or received by you from Sherry Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

<u>**Response:**</u> **Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the**

requested documentation at this time. By way of further response, Defendant states that Sherry Duque Tovar is his wife. While his wife has helped him on occasion with discrete tasks related to his business, her role and her involvement in his business affairs has been very limited.

**REQUEST NO. 7:**

Please produce any and all documents and correspondence sent to you or received by you from Maria Letitia Patricio utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 8:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers, including the Plaintiffs, who were employed by you at any time from January 1, 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the**

aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

<u>REQUEST NO. 9:</u>

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and MBR Farms, Inc. at any time between 2015 and the present.

**<u>Response</u>: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did not do business with MBR Farms, Inc. prior to 2021 or at any time since 2021.**

<u>REQUEST NO. 10:</u>

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**<u>Response</u>: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what**

documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

REQUEST NO. 11:

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you Jose Carmen Duque Tovar at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

REQUEST NO. 12:

Please produce all documents evidencing or tending to evidence any policies or practices you had with respect to the recruitment, selection, hiring, employment, housing, or pay of H-2A workers from 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 13:**

Please produce all documents, including but not limited to payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations (including those made on tablets and notebooks), canceled checks, receipts, employment contracts, and employment applications, evidencing or tending to evidence any of the following information with regard to the labor of the Plaintiffs and other H-2A workers, at any time from January 1, 2015 and the present:

(a)     Name of employee;

(b)     Employee identification number(s);

(c)     The employee's permanent address;

(d)     Dates of employment;

(e)     The daily starting and stopping time of all labor performed;

(f)     The type of work and/or activities performed;

(g)     Hours worked;

(h)     Wage rate(s) paid;

(i)     Gross wages paid;

(j)     All withholdings from wages, and the purpose for each such withholding;

(k)     Any amounts advanced, loaned, or otherwise provided to the Plaintiffs; and

(l)     Net pay.

Please separate payroll records provided in response to this request by "workweek" as defined by Department of Labor regulations of the Fair Labor Standards Act, 29 C.F.R. § 778.105

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, Microsoft Access databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs. Produce the data on CD, DVD, a portable drive, or via a secure file sharing service, accompanied by documentation of the file structures and contents.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers.**

However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 14:**

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**Response**: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did no employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.

**REQUEST NO. 15:**

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**Response**: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers.

**However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did no employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.**

## REQUEST NO. 16:

Please produce all documents reflecting any of the following information pertaining to real property you have owned at any time between January 1, 2015 and the present:

(a)     The physical location of the property (address and parcel identifier);

(b)     The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

(c)     Commercial activities conducted on the property, including but not limited to:

      i.     Any crop(s) grown on the property;

      ii.     The acreage on which each crop was grown.

(d)     The date you purchased or otherwise acquired the property;

(e)     The purchase price of the property; and

(f)     If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

(g)     If you leased the property to another individual or entity, identify

      i.     The name of the lessee;

      ii.     The dates during which the property was leased;

      iii.     The amount the lessee paid to you to lease the property;

      iv.     Any other terms and conditions of the lease; and

      v.     The purpose for which the lessee leased the property.

**Response: See objections and response to Interrogatory No. 1, which are incorporated herein**

by reference. **Subject to and without waiving those objections, Defendant states that he sold the 506 Railroad Avenue property in 2019 and does not maintain any records related to it. Copies of deeds can be obtained through the Clerk of Court's electronic database at www.gsccca.org.**

**REQUEST NO. 17:**

Please produce all reports prepared by any witnesses concerning this litigation and specifically any expert witness reports.

**Response: None.**

**REQUEST NO. 18:**

Please produce all documents related to any communications with your employees or former employees since the lawsuit began in which any of the issues in this lawsuit were discussed. This should specifically include, but is not limited to: documents provided to employees or placed in common areas accessible to employees (including in any vehicles utilized by employees), documents which employees were requested to sign, even if those documents were not signed, and any and all documents signed by any employees related to this suit.

**Response: None. Defendant further states that he has not hired or maintained any employees during the pendency of this action.**

**REQUEST NO. 19:**

Please produce all documents related to any settlement, deal, agreement, or arrangement of any kind made by you or your agent(s) with a person or party or their attorney concerning this litigation, including any insurance policies that may apply to this case. This request includes, but is not limited to, an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

**Response: Defendant objects to this request as needlessly invasive and irrelevant to any facts at issue in this case. Subject to and without waiving the foregoing objections, Defendant stats that he is not aware of any insurance policies that may apply to this action nor has anyone offered or agreed to indemnify him against any losses or costs related to this action.**

**REQUEST NO. 20:**

Please produce all documents that you contend support your defense of this action.

**Response: Defendant objects to this request as being overly broad and as an impermissible attempt to uncover trial strategy. Defendants further notes the existence of the aforementioned protective order which limits his ability to access documents that may be relevant to his defense.**

**REQUEST NO. 21:**

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 22:**

Please produce all documents referenced in your responses to Plaintiffs' Interrogatories.

**Response: Given the existence of the aforementioned protective order, Defendant has not identified any documents in response to Plaintiff's Interrogatories.**

**REQUEST NO. 23:**

Please produce all documents that explain the meaning of any codes, shorthand, untitled columns of data, data fields, or other data presentation conventions used in documents that you have produced in this litigation.

**Response: Defendant does not believe that this request applies to any documents being produced.**

**REQUEST NO. 24:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this**

**Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 25:**

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

**Response:** *United States v. Patricio, et al.*, **No. 5:21-cr-00009-LGW-BWC**

**REQUEST NO. 26:**

Please produce all information returns you submitted to the U.S. Internal Revenue Service between January 1, 2016 and the present.

**Response: Defendant objects to this request as overly broad and needlessly invasive. Plaintiff has not made any particularized allegations against this Defendant that would justify an intrusion into his tax returns dating back to 2016. Defendant objects to this request to the extent that it impermissibly seeks information concerning his financial condition which would only otherwise be discoverable in a post-judgment context. Subject to and without waiving the foregoing objections, Defendant is producing his tax returns for 2018 and 2019, which are the most recent tax returns he has submitted to the U.S. Internal Revenue Service.**

**REQUEST NO. 27:**

Please produce any annual or fiscal year financial statements, cash flow statements, balance sheets, tax returns, and shareholder statements, prepared for you for the fiscal year including January 1, 2018 and each subsequent year until the date of the trial in this case.

**Response: Defendant objects to this request as overly broad and needlessly invasive. Plaintiff has not made any particularized allegations against this Defendant that would justify an intrusion into his tax returns dating back to 2016. Defendant objects to this request to the extent that it impermissibly seeks information concerning his financial condition which would only otherwise be discoverable in a post-judgment context. Subject to and without**

waiving the foregoing objections, Defendant is producing his tax returns for 2018 and 2019, which are the last two tax returns that Defendant has filed. Defendant further states that he does not have and has never created cash flow statements, balance sheets, or other financial statements. Furthermore, Defendant is a sole proprietor, so the request for shareholder statements does not apply.

**REQUEST NO. 28:**

Please produce all documents reflecting bank, investment, casino, and other financial accounts held, operated, controlled, or accessible by you.

**Response: Defendant objects to this request as vague, overly broad, and needlessly intrusive. The only bank account Defendant has ever maintained is a joint checking account with his wife for personal and household purposes. Defendant has never used that account for business purposes.**

**REQUEST NO. 29:**

Please produce all documents reflecting any transaction between you and the Seminole Hard Rock Hotel & Casino Tampa from 2015 to present.

**Response: None. Defendant has never had a transaction of any kind with Seminole Hard Rock Hotel & Casino Tampa.**

Respectfully submitted, this 26th day of April, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

## <u>CERTIFICATE OF SERVICE</u>

GEORGIA, LOWNDES COUNTY

I hereby certify that I have served the foregoing ***Defendant Enrique Duque Tovar's Response to Christhian Zuniga Hernandez's First Set of Requests for Production to Enrique Duque Tovar*** upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 26th day of April, 2024.

ELLIOTT BLACKBURN PC

*/s/ James R. Miller*
JAMES R. MILLER
Georgia Bar No.: 159080

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ

on behalf of themselves and all those similarly
situated,

        Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

        Defendants.

Civil No. CV 523-023

**ENRIQUE DUQUE TOVAR'S SUPPLEMENTAL RESPONSES TO PLAINTIFF
CRISTHIAN ZUNIGA HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION**

ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, hereby supplements

his responses to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set of Request for

Production to Enrique Duque Tovar:

**GENERAL OBJECTIONS**

Enrique Duque Tovar ("<u>Defendant</u>") objects generally to producing information generated

in anticipation of litigation, privileged information generated in the course of litigation,

information reflecting attorney/client communications, and information containing attorney work

product.

**PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS**

These responses are based on diligent exploration by Defendant, and they reflect only the

current state of Defendant's knowledge, understanding, and belief with respect to the matters

addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege. Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 9:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and MBR Farms, Inc. at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not**

reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that, according to his understanding of the protective order, all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he did not have a business relationship or engage in business dealings with MBR Farms, Inc. prior to 2021 or at any time since 2021, and Defendants has not been a party to any correspondence with MBR Farms, Inc. subsequent to 2021.

**REQUEST NO. 10:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that, according to his understanding of the protective order, all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he has not been party to any correspondence with Maria Letitia Patricio since his cell phone was confiscated by the U.S. government.

**REQUEST NO. 11:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you Jose Carmen Duque Tovar at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he has not been party to correspondence with Jose Carmen Duque Tovar since his cell phone was confiscated by the U.S. government.**

**REQUEST NO. 14:**

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further**

response, Defendant states that he did not employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.

**REQUEST NO. 15:**

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did not employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.**

**REQUEST NO. 21:**

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order,**

as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is generally unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. Defendant has, however, sent certain open records requests in an effort to obtain information concerning the incidents alleged in Plaintiffs' Complaint involving law enforcement, and the responses to those requests are being produced herewith.

**REQUEST NO. 24:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 25:**

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

**Response: Defendant objects to this request as overly broad and unduly vague. Defendant does not know what Plaintiff means by such terms as "reviewed," "inspected," or "examined" but anticipates that anyone submitting documents or otherwise having affairs within the purview of the named agencies has likely been reviewed or examined for legal compliance in the ordinary course of business. Defendant objects to this interrogatory to the extent that it seeks information of that kind. Subject to and without waiving the foregoing**

**objections, Defendants states that, to his knowledge, the only time he has been investigated, cited, warned, interviewed, or prosecuted by any federal or state agency is** *United States v. Patricio, et al.*, **No. 5:21-cr-00009-LGW-BWC, United States District Court for the Southern District of Georgia.**

Respectfully submitted, this 7th day of June, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

## CERTIFICATE OF SERVICE

GEORGIA, LOWNDES COUNTY

I hereby certify that I have served the foregoing *Defendant Enrique Duque Tovar's Supplemental Response to Christhian Zuniga Hernandez's First Set of Requests for Production to Enrique Duque Tovar* upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 7th day of June, 2024.

ELLIOTT BLACKBURN PC

*/s/ James R. Miller*
JAMES R. MILLER
Georgia Bar No.: 159080