IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,<br><br>Defendants. | Civil No. CV 5:23-cv-00023 |

**DEFENDANT MBR FARMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY AND FOR EXTENSION OF DISCOVERY DEADLINES**

COMES NOW Defendant MBR Farms, Inc. ("MBR") and files this its Response in Opposition to Plaintiffs' Motion to Stay and for Extension of Discovery Deadlines showing this Honorable Court as follows:

**I.   Introduction.**

Since filing the instant case in April 2023, Plaintiffs have repeatedly sat on their hands instead of prosecuting their own case. Instead of acting diligently to comply with the Court's scheduling orders, Plaintiffs have repeatedly requested last minute extensions to keep their claims alive. Now, mere weeks before discovery is

1

set to expire, Plaintiffs, for the very first time, move this Court to enter a stay pursuant to 18 U.S.C. § 1595(b). It would be inequitable to allow Plaintiffs to abuse the Court processes in this case. Despite having the purported ability to request this stay since the inception of the case, Plaintiffs have waited over a year to bring this stay to both the Court's and Defendants' attentions. Throughout this time, MBR has expended immense resources defending this case and timely responding to discovery requests. Plaintiff cannot suddenly take the position that this case is stayed. This is especially true where Plaintiffs have failed to assert a single cognizable claim against MBR. Plaintiffs should not be allowed to play fast and loose with the Court. Due to Plaintiffs' own actions, it is completely within this Court's discretion to deny Plaintiffs' Motion to Stay.

## II.     Relevant Procedural Posture.

Plaintiffs filed their Complaint over a year ago on April 5, 2023. Doc. 1. The Complaint specifically contemplates the criminal investigation. Doc. 1-2. Since the inception of this case, Plaintiffs have engaged in a pattern of delay, failed to prosecute their case, and have taken positions completely at odds with this new stay request. On July 5, 2023, the last day for service on Defendants, Plaintiffs filed a Motion for an Extension of time to serve Defendants Patricio, E. Tovar, and J. Tovar, requesting a 120-day extension. Doc. 19. Notably, this Motion contemplated that J. Tovar was in Mexico. Id. at 2. The Court granted Plaintiffs' Motion for Extension

of Time for Service in part on July 12, 2023; however, it only gave Plaintiffs 90 days, or until October 10th, to serve these Defendants. Doc. 22.  Notably, Plaintiffs have still failed to serve J. Tovar despite the October 10, 2023, deadline. On October 10, 2023, the last day for service, Plaintiffs filed their Motion to Execute Alternative Service of the Summons and Amended Complaint on Defendant Jose Carmen Duque Tovar. Doc. 32. Plaintiffs moved to serve J. Tovar by publication in Mexico, despite the fact they had not made diligent efforts to locate J. Tovar. Accordingly, the Court denied this Motion on December 11, 2023. Doc. 44. There is absolutely no evidence in the Record suggesting Plaintiffs made any attempt to serve J. Tovar while he was in Mexico.

Plaintiffs along with E. Tovar and MBR held their Rule 26(f) conference on October 24, 2023. The Rule 26(f) Report specifically contemplates the ongoing criminal action and the discovery issues it would cause. Doc. 37, IV. c. ("There is a protective order in place in the pending criminal action in the matter of United States v. Patricio, et al., No. 5:21-cr-00009-LGW-BWC, in which Defendant Enrique Duque Tovar ("Enrique Duque") is an indicted defendant. Enrique Duque therefore contends he is therefore precluded from responding to certain discovery demands. The parties expect the applicability of the criminal case protective order to this civil lawsuit will be a subject of motion practice, and it is possible a substantial portion of Enrique Duque's discovery may not be produced until the conclusion of the

criminal case."). Despite specifically acknowledging discovery issues due to the criminal action, Plaintiffs were completely silent regarding a stay under 18 U.S.C. § 1595(b). Instead of requesting a stay, Plaintiffs contemplated extending the discovery period from 140 days to 275 days. Id. at IV.

Plaintiffs chose to move forward with the case and request written discovery on March 21, 2024. Defendants MBR and J. Tovar expended resources responding to these discovery requests. E. Tovar responded to these discovery requests on April 26, 2024, reiterating the fact that his documents were seized in the criminal investigation and certain responses were precluded due to a protective order. A copy of Defendant E. Tovar's discovery responses is attached to Plaintiffs' Motion for Stay as Exhibit F. Doc. 65-7. Again, instead of requesting a stay, Plaintiffs chose to move forward. Close to a month after E. Tovar responded to discovery, Plaintiffs sent a letter challenging E. Tovar's discovery responses. A copy of this letter is enclosed herewith as Exhibit 1.

Plaintiffs failed to take any further action in the instant case until after MBR filed its Motion to Dismiss, and in the Alternative, Motion for Summary Judgment on July 15, 2024. Doc. 61. Interestingly, Plaintiffs suggested a stay under 18 U.S.C. § 1595(b) for the first time on July 18, 2024, just two days after MBR filed its Motion to Dismiss Plaintiffs' claims against it.  A copy of Plaintiffs' counsel's email requesting a stay is attached hereto as Exhibit 2. Plaintiffs could have invoked a stay

4

under 18 U.S.C. 1595(b) since the inception of this case over a year ago, but they did not. Instead, they waited over a year causing Defendants and this Court to expend resources. Even now, Plaintiffs cause Defendants to expend resources defending this case all while requesting a stay with this Court. On July 23rd, after requesting a stay via email on July 18th, Plaintiffs requested a deposition of MBR. A copy of this request is attached hereto as Exhibit 3. This deposition is scheduled to move forward on August 9th, all while Plaintiffs are requesting this Court enter a stay. Plaintiffs' request for a stay is nothing more than a last ditched effort to hold on to claims for which they failed to adequately plead, have no evidence to support, and have completely failed to prosecute. Due to Plaintiffs' extreme conduct, a stay is not warranted in this case. Plaintiffs have chosen to continue with this case despite the criminal prosecution. They should not be allowed to switch course considering they put themselves in this position. To allow such a stay would cause harm MBR and would allow Plaintiffs to waste judicial resources.

### III.     **Plaintiffs are Estopped from Obtaining a Stay.**

Plaintiffs are judicially estopped from abusing the use of judicial machinery by requesting a stay under 18 U.S.C. § 1595(b) at the very end of the discovery period, when it has previously moved forward with discovery. This requests flies in the face of the integrity of the judicial process.  It would be inequitable to allow such a stay in this case due to the extreme nature of Plaintiffs' own conduct.

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). The purpose of the doctrine of judicial estoppel is "to protect the integrity of the judicial process." Id. *quoting* Edwards v. Aetna Life Ins. Co., 690 F. 2d 595, 598 (C.A.6 1982). To allow otherwise would allow parties to deliberately change positions "according to the exigencies of the moment." Id. at 750; Scarano v. Central R. Co., 203 F.2d 510, 513 (C.A.3 1953) (judicial estoppel prevents parties from "playing fast and loose with the courts"). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire, 532 U.S. at 750. There is not a specific formula to determine whether judicial estoppel applies. Id. However, the following factors are typically considered:

1. A party's position must be clearly inconsistent with its earlier position;
2. Courts look to whether the party has convinced the court of its earlier position;
3. Whether the party seeking the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id.

It is well within this Court's discretion to hold Plaintiffs are estopped from requesting a stay under 18 U.S.C. § 1595(b) due to Plaintiffs' previous conduct. Plaintiffs have continuously chosen to move forward with this case despite the stay provision in § 1595(b)(1). It is undisputed Plaintiffs' Counsel had actual knowledge of the stay provision in § 1595(b)(1) but caused this Court and Defendants to move forward with this case anyway.

A. Plaintiffs' Knowledge of 18 U.S.C. § 1595(b)

Relevant in the Court's analysis of judicial estoppel is Plaintiffs' demonstrated knowledge of the stay provision in 18 U.S.C. § 1595(b). This knowledge shows Plaintiffs intended to take a position inconsistent with staying this case. Plaintiffs' Motion for Stay cites two other suits filed in this Court purportedly related to this case. Marin–Santiago v. Canela, No. 5:21-cv-00061-LGW-BWC (S.D. Ga., Oct. 18, 2021); Aguiar-Roblero v. Carrillo-Najarro, No. 5:23-cv-00010-LGW-BWC (S.D. Ga., Feb. 10, 2023). Plaintiffs' Counsel also serves as counsel for plaintiffs in Marin – Santiago and Anguilar-Roblero. Notably, the Rule 26(f) reports in Marin-Santiago and Anguilar-Roblero both contemplate a stay under 18 U.S.C. § 1595(b). Marin–Santiago, No. 5:21-cv-00061-LGW-BWC, Doc. 36, p. 6 ("Defendant Perez notes that the stay of proceedings under 18 U.S.C. 1595(b) may affect this time frame");[1] Aguiar-Roblero, No. 5:23-cv-00010-LGW-BWC, Doc. 28, pg. 4 ("Plaintiffs intend

---

[1] For the Court's convenience, a copy of this filing is attached as Exhibit 4.

to amend their complaint, after which the parties will jointly move for a stay this case, with limited exceptions related to service of process, tolling, and anti-retaliation protections, while the parallel criminal proceeding (USA v. Patricio et al., USDC SDGA Case No. 5:21-cr-00009 LGWBWC) is ongoing.").[2] Each of these Rule 26 (f) reports were filed before the Rule 26(f) report in the instant case, yet Plaintiffs never brought up this stay provision or their intent to use it.

    B. <u>Plaintiffs have convinced the Court and Defendants that 18 U.S.C. § 1595(b) would Not be Invoked Here.</u>

Despite having full knowledge of 18 U.S.C. § 1595(b) and invoking it in purportedly related cases, Plaintiffs decided to push forward with discovery in the instant case and entered scheduling orders regarding the same. Plaintiffs freely entered the scheduling order set forth in the Rule 26(f) report. Plaintiffs submitted this document to the Court despite knowing about the stay provision in 18 U.S.C. § 1595(b) and despite having knowledge of the criminal case and issues it might cause with discovery.

Plaintiffs chose to push forward with discovery despite 18 U.S.C. § 1595(b). Plaintiffs caused Defendants to expend resources to respond to discovery despite this knowledge and despite knowing about the criminal action. There is simply no excuse for Plaintiffs' delay in requesting a stay. Even after requesting this stay, Plaintiffs

---

[2] For the Court's convenience, a copy of this filing is attached as Exhibit 5.

have scheduled MBR's deposition. Plaintiffs cannot have their cake and eat it too. On one hand they espouse this need for a stay, just days after MBR filed a dispositive motion. On the other hand, they push forward with discovery and demand depositions of MBR.

C. <u>Allowing Plaintiffs to Invoke a Stay at the Final Hour would Provide Plaintiffs with an Unfair Advantage.</u>

Plaintiffs only invoke this stay now because they have been dilatory in prosecuting their case. They have caused Defendant MBR to expend resources providing initial disclosures, discovery responses, and now preparing for a deposition. Plaintiffs caused Defendant MBR to engage in discovery all while knowing about this stay.

Plaintiffs should not be allowed to simply pause this case just because they have a Motion to Dismiss pending against them. Plaintiffs have had over a year to gather evidence to support their case. This is nothing more than a last ditched effort to keep its claims against MBR alive despite failing to plead a single cognizable claim against it.

IV. **<u>Plaintiffs have Failed to Adequately Plead any Claim Against MBR; Accordingly, a Stay Under 18 U.S.C. § 1595(b) is Inapplicable</u>.**

It is axiomatic that a stay under 18 U.S.C. § 1595(b) requires Plaintiffs allege a valid claim. As set forth in MBR's Motion to Dismiss (Doc. 61), Plaintiffs have

9

failed to properly allege a single claim against MBR. Instead of providing actual allegations as to MBR, Plaintiffs make conclusory statements and simply reiterate the elements of each of their purported claims. Plaintiffs fail to allege MBR committed a single action in violation of the Trafficking Victims Protection Act. All allegations as to recruitment of Plaintiffs or abuse towards Plaintiffs are against individuals other than MBR. Plaintiffs fail to even properly allege any other individual acted as MBR's agent.

Similarly, Plaintiffs fail to sufficiently allege their claims against MBR under the FLSA. Plaintiffs' Complaint fails to allege MBR is even an employer under the FLSA. Plaintiffs fail to sufficiently allege MBR committed any action in violation of Georgia or Federal RICO statutes. Plaintiffs fail to allege MBR committed any action outside of agreeing to be listed as Grower on the 2021 job order. Complaint, ¶212. Plaintiffs fail to allege sufficient facts to suggest MBR recruited Plaintiffs to work for it; accordingly, they failed to assert sufficient facts for an unjust enrichment claim. Finally, Plaintiffs fail to allege any conduct by MBR which would necessitate a claim of intentional infliction of emotional distress.

Being that Plaintiffs fail to assert a single claim against MBR. There cannot be a stay against MBR under 18 U.S.C. § 1595(b).

V.  **Plaintiffs Have Failed to Show Good Cause for the Extension of Discovery for an Additional 90 Days.**

Plaintiffs propose an additional 90 days of discovery after Jose Carmen Duque Tovar files his answer. Such a request ignores the fact that the time to serve J. Tovar expired on October 10, 2023. Plaintiffs' service on J. Tovar was initially due on July 5, 2023. On July 5, 2023, Plaintiffs moved this Court for an additional 120 days to serve Defendants Patricio, J. Tover, and E. Tovar. Doc. 19. In the Motion for an Extension of Time to Serve Defendants, Plaintiffs indicated they had reason to believe J. Tovar was in Mexico. Id. at 2. The Court entered an Order on July 12, 2023, providing Plaintiff until October 10, 2023, to serve J. Tovar. granting in part Plaintiff's Motion for an extension of time for service. Doc. 22.

On October 10, 2023, the very last day to serve J. Tovar per the Court's July 12th Order, Plaintiffs filed a Motion to Execute Alternative Service of the Summons and Amended Complaint on Defendant Jose Carme Duque Tovar and Memorandum in Support. Doc. 32. This Court properly denied Plaintiffs' Motion for Alternative Service on December 11, 2023. Doc. 44. The Court found Plaintiffs had "not exercised the requisite level of diligence in pursuing all available means of ascertaining Defendant Jose Tovar's whereabouts." Id.

Plaintiffs have failed to file any additional requests to extend the time to serve J. Tovar. There is similarly a complete absence in the Record of any evidence suggesting Plaintiffs took any steps to serve J. Tovar while he resided in Mexico. Instead, Plaintiffs appear to rest on the assertion that the "90-day limit for service

does not apply to service in a foreign country." Doc. 67, fn. 1. Plaintiffs ignore the purpose of F.R.C.P 4(m) is not to give a plaintiff unlimited time to serve a defendant located in a foreign country. Many courts have held dismissal is appropriate where the plaintiff "did not attempt to serve the defendant in a foreign country." *See* USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133–34 (2d Cir. 2005); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985); Yellowwave Corp. v. Mana, 2000 WL 1508249, at 2 (S.D.N.Y. Oct. 11, 2000).

Here Plaintiffs have failed to show they made any effort to serve J. Tovar while he resided in Mexico. As such, the time for service on J. Tovar has passed. Consequently, discovery cannot be extended 90 days after J. Tovar files his answer.

Plaintiffs have also failed to show they have diligently engaged in discovery. Plaintiffs did not even begin to schedule depositions until less than a month before discovery is set to expire. Plaintiffs cannot hang their hat on the assertion discovery was negatively affected by the criminal case since Plaintiffs knew about this case and these potential issues since the Rule 26(f) conference. Plaintiffs should not be allowed to extend discovery as they have had close to a year to conduct the same.

VI.   **Conclusion.**

Yet again, Plaintiffs ask this Court to extend deadlines to make up for their own dilatory actions. Plaintiffs have provided absolutely no explanation as to why they are requesting this stay so late in the game. Despite having actual knowledge of

the stay provisions in 18 U.S.C. § 1595(b), Plaintiffs have forced MBR to expend resources to defend against the claims against it for over a year. Notably, Plaintiffs have failed to even assert a valid claim against MBR. Plaintiffs should not be allowed to extend this case indefinitely while MBR suffers. Plaintiffs' mere filing of this suit has severely attacked MBR's reputation and affected its ability to conduct business. MBR should have the opportunity to clear its name especially since Plaintiffs never indicated this case would be indefinitely stayed. Defendant MBR respectfully requests this Court deny Plaintiffs' Motion for Stay and grant MBR's Motion to Dismiss.

Respectfully submitted this 5th day of August, 2024.

COLEMAN TALLEY LLP

109 S. Ashley Street
Valdosta, Georgia 31601
(904) 456-8966
kayla.barnes@colemantalley.com

*/s/ Kayla H. Barnes*
Kayla H. Barnes
Georgia Bar No. 301948
***Attorney for MBR Farms, Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, <br><br> Defendants. | Civil No. CV 523-023 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the foregoing **DEFENDANT MBR FARMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY AND FOR EXTENSION OF DISCOVERY DEADLINES** upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                                               *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com
aczerniak@vedderprice.com

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

Maria Leticia Patricio
208 Nopalito Rd
Nicholls, GA 31554
*Pro Se*

| | |
|---|---|
| James R. Miller | *Attorney for Defendant* |
| Elliot Blackburn, PC | ENRIQUE DUQUE TOVAR |
| 3016 North Patterson Street | |
| Valdosta, Georgia 31602 | |
| Tel: (229) 242-3333 | |
| jmiller@elliotblackburn.com | |

This 5th   day of August, 2024.

                                              COLEMAN TALLEY LLP

                                              */s/ Kayla Barnes*
                                              Kayla Barnes