# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| EDWIN AGUILAR-ROBLERO, JOSE CRUZ-HERNANDEZ, MARCOS FLORES-REYES, VICTORINO HERNANDEZ-HERNANDEZ, JOEL HERNANDEZ-RAMOS, NEYMAELIN LOPEZ-MATIAS, AGUSTIN MIGUEL-FELIX, ROSENALDO RODRIGUEZ-VAZQUEZ, EMMANUEL ROMERO-GRAJALES, DAVID RUBIO-HERNANDEZ, ERICK ZAVALA-HERNANDEZ,, | |
| Plaintiffs, | CIVIL ACTION NO.: 5:23-cv-00010-LGW-BWC |
| v. | |
| NERY RENE CARRILLO-NAJARRO; ASOCIACION CAMPESINA DE DESARROLLO DE LAS COMUNIDADES DE GUATEMALA, LLC; TRIPLE T FAMILY FARMS, LLC; KRYSTAL CARTER TANNER, | |
| Defendants. | |

## RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

August 30, 2023
Defendants' representatives:

<u>Defendant Krystal Tanner and Triple T Farms, Tom Rawlings</u>
<u>Defendant Nery Rene Carrillo (pro se)</u>

<u>Plaintiffs' representatives:</u>
<u>Soli Mercado-Spencer, Georgia Legal Services</u>
<u>Juan Barragan-Rangel, Georgia Legal Services</u>
<u>Dan Werner, Radford & Keebaugh, LLC</u>
<u>Charlie Wang, Vedder Price</u>
<u>Eleanor Callaway, Vedder Price</u>

I.    **INITIAL MATTERS:**

A.    **<u>Jurisdiction and Venue</u>**

The defendant(s)

☐ does        ☒ does not

contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue).  If contested, such position is because:

1)  Jurisdiction:

<u>Southern District of Georgia</u>

2)  Venue:

<u>Waycross Division</u>

B.    **<u>Immunity</u>**

The defendant(s)

☐ has raised        ☐ will raise        ☒ will not raise

an immunity defense based on:

<span style="color:red">Click here to enter text.</span>

**C.  <u>Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand</u>**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided.  If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

<u>The parties who have appeared do not intend to file a motion to dismiss or motion to transfer at this time. Plaintiffs intend to amend their complaint, after which the parties will jointly move for a stay this case, with limited exceptions related to service of process, tolling, and anti-retaliation protections, while the parallel criminal proceeding (USA v. Patricio et al., USDC SDGA Case No. 5:21-cr-00009-LGW-BWC) is ongoing.</u>

4

## II.   SETTLEMENT:

### A.  <u>Settlement Efforts to Date</u>

The parties state:

☒        They have not yet taken any efforts to resolve this dispute.

☐        They have taken efforts to resolve this dispute, and those efforts generally consisted of:

<span style="color:red">Click here to enter text.</span>

### B.  <u>Early Settlement Discussion</u>

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐        The parties are prepared to discuss settlement with the Court at this time.

☒        The parties will not be prepared to discuss settlement until:  The conclusion of the parallel criminal proceeding.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

<u>The parallel criminal proceedings in USA v. Patricio remains ongoing.  The parties intend to stay the proceedings including discovery until after the conclusion of the criminal proceedings.</u>

## III.   INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

### A.  **Initial Disclosures**

Rule 26(a)(1) disclosures:

☐ have been completed.      ☒ will be completed by 30 days after the lift of the stay.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference.  If any party is requesting additional time to provide disclosures, please explain why:

Because of the parallel criminal proceeding, the parties wish to stay this case, including initial disclosure and other discovery deadlines.  The parties would serve initial disclosures 30 days after the stay is lifted.

### B.  **Scheduling Conference**

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order.  Ordinarily, the Court will allow appearance via telephone.  If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

The parties request that the Court hold a telephonic Scheduling Conference prior to the issuance of the Scheduling Order. While the parties agree to the terms set forth in this Report, there are two additional related civil lawsuits (Zuniga Hernandez v. Patricio, No. 5:23-cv-00023-LGW-BWC, and Marin-Santiago v. Canela, No 5:21-cv-00061-LGW-BWC) and parallel criminal proceedings in this district.  Because of the complexity of these potentially intersecting cases, the parties believe it would be helpful to discuss the case schedule with the Court.

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report.  Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

The parties are available for scheduling conference on the following dates:

September 21, 22, 26, 27, 28, 29
October 2

## IV.    DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First:  Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second:  Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third:  Making all expert disclosures; and

Fourth:  Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course.  In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures.  Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

Click here to enter text.

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

There is an ongoing parallel criminal proceeding.  The parties wish to stay this civil matter, including discovery, until after the conclusion of the criminal proceedings.

A.  **Fact-Based Written Discovery, Inspections, and Examinations**

i.  Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by nine (9) months after the lifting of the stay.

ii.  The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is:  <u>25</u>.

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

<span style="color:red">Click here to enter text.</span>

iii.  Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)?  <u>Yes.</u>

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

<u>The Plaintiffs intend to inspect the locations where the plaintiffs lived and worked during the fact-based discovery period.</u>

iv.  Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35?  <u>No.</u>

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

<span style="color:red">Click here to enter text.</span>

**B.  Depositions of Non-Expert Witnesses**

    i.    Discovery depositions of witnesses who have not been designated as experts
will be completed by:  nine (9) months after lifting of the stay.

    ii.    The maximum number of depositions (including all expert and non-expert) that
may be taken by a party is:  <u>10</u>.

        If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule
of Civil Procedure 30(a)(2)(A)(i), please state why:

        <span style="color:red">Click here to enter text.</span>

    iii.    Depositions will be limited in duration by Federal Rule of Civil
Procedure 30(d)(1), except the depositions of:

        <u>Spanish-speaking deponents</u>

        which, by agreement, shall be limited as follows:

        <u>14 hours.</u>

**C.  Expert Discovery**

    i.    Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? <u>Yes</u>

    ii.    Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? <span style="color:red">Choose an item.</span>

    iii.    Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by thirty (30) days after close of fact discovery.

    iv.    Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by thirty (30) days after close of fact discovery.

    v.    The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by thirty (30) days after exchange of rebuttal reports, which is thirty (30) days after the parties mutual exchange of initial expert reports.

           If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

           <span style="color:red">Click here to enter text.</span>

### D.  **Agreed Discovery Procedures**

i.  Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming?  If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

As set forth above, there are two additional related civil lawsuits (Zuniga Hernandez v. Patricio, No. 5:23-cv-00023-LGW-BWC, and Marin-Santiago v. Canela, No 5:21-cv-00061-LGW-BWC) and parallel criminal proceedings in this district. The parties agree to work together, to the extent feasible, to agree to the terms of a stay in this action and to avoid duplication of work between the various cases. Further, some fact witnesses may be incarcerated or outside the United States.  The parties will discuss the logistics regarding fact discovery directed to these witnesses after the stay is lifted.

ii.  Phased Discovery

Does any party propose that discovery be limited or proceed in phases?  If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time.  Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

No.

E.  **Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action?  Yes

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Plaintiffs intend to seek substantiual third-party discovery from, Seminole Hard Rock Hotel and Casino, the Georgia Department of Labor, and other individuals or entities alleged to be connected with the trafficking scheme. The discovery would seek documents and testimony regarding the third-parties' transactions and communications with the Defendants.  At this juncture, Plaintiffs do not anticipate difficulties obtaining discovery from these third-parties and do not believe they should participate in the scheduling conference.

## F. **Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i.   Do the parties anticipate any disagreements about electronic discovery?  If so, please explain:

No.

ii.   Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery?  If so, please explain:

Yes.

iii.   Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

Plaintiffs anticipate requesting disclosure and discovery of electronically stored information in Defendants' electronic timekeeping and payroll systems, in the original electronic file formats in which the information is accessed and stored by Defendants and if necessary, in an exportable database format.  Plaintiffs also anticipate seeking identifying information (the name and version of the program) for the timekeeping and payroll computer programs used by Defendants.  In addition, Plaintiffs anticipate seeking email correspondence and other electronic communications relevant to the allegations in the Complaint.

The parties propose the following, and request that it be included in the Court's Scheduling Order:
- During the pendency of this suit, all parties will implement a "litigation hold" over all documents and electronically stored information in their possession, custody, or control.  All parties will take prompt and affirmative measures to maintain, preserve, and safeguard against disposal, destruction, or any other modification or damage, any and all documents and electronically stored information in their possession, custody, or control relating to the allegations in this suit.  It is Plaintiffs' position that this obligation extends to documents or electronically stored information in the possession, custody, or control of any agent of a party or anyone from whom the party can obtain documents upon request.  Plaintiffs maintain that Defendants should instruct their agents, employees, and any persons involved in hiring, supervision, or timekeeping with respect to H-2A workers to implement this litigation hold.
- The litigation hold covers, but is not limited to, all electronically stored information related to timekeeping and payroll, including spreadsheets, databases, check logs, check

14

software, punch card or time clock records, and all underlying data used in, or produced as a result of pay calculations.  The hold also requires preservation of email and electronic communications and records related to any allegation or defense in this case.  The parties and their counsel will take affirmative steps to ensure and monitor compliance with the litigation hold until discovery is complete, and issues of relevance are determined by the Court, including altering any routine systems that might modify or destroy electronically stored information.

**G.** **Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i.   Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection?  <u>No</u>

If so, please briefly describe such agreement:

<u>___</u>

ii.  Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

<u>Yes</u>

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

<u>The parties tentatively agree that Plaintiffs shall file a protective order at a later time after the lift of the stay of the civil matter that seeks to protect from disclosure the Plaintiffs' post-employment immigration status and work history as well as any sensitive personal identifying information of the parties, such as travel visas or passports.</u>

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

<u>No</u>

If so, please explain:

<span style="color:red">Click here to enter text.</span>

### H.  Protected Health Information

  i.  Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

  No

 ii.  Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

  No

iii.  Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

  No

 iv.  Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?  No

  If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters.  Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

  Click here to enter text.

  v.  Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

  If so, please explain:

  Click here to enter text.

## V.    MOTIONS

### A.  Motions to Amend the Pleadings or to Add Parties

    i.   The plaintiff(s)          ☒ does          ☐ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by 60 days after entry of default against Asociacion Campesina.

    ii.   The defendant(s)          ☐ does          ☐ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by Click here to enter a date..

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

Click here to enter text.

    iii.   By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer.  If any party is requesting more than this time, please state the reason(s) why such time is necessary.

Plaintiffs attorneys seek an additional sixty (60) days after entry of default against Defendant Asociación Campesina.  Plaintiffs' attorneys with the Georgia Legal Services Program intend to withdraw from the case. Plaintiff's attorneys at Radford & Keebaugh and Vedder Price will seek to amend the plaintiffs' complaint to add class action allegations after GLSP has withdrawn and a default has been entered against Defendant Asociación Campesina.s

### B.  Civil Motions (Except Motions in Limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: ___

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

Due to the complexity of the case, the parties seek to file dispositive motions within sixty (60)

days after close of expert discovery, and Daubert motions within 30 days after ruling on the dispositive motions.

## VI.    PRETRIAL

### A.  <u>Pretrial Order</u>

The parties shall prepare and file the joint consolidated pretrial order by:  30 days after ruling on a dispositive motion.

The Court generally provides sixty (60) days following the civil motions deadline to file the pretrial order.   However, if a motion for summary judgment or other dispositive motion is pending at the time of the deadline, the deadline for filing the pretrial order is automatically extended to twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.  If any party is requesting additional time (a deadline more than sixty (60) days following the civil motions deadline), please state the reason(s) why such time is necessary:

Click here to enter text.

### B.  <u>De Ben Esse Depositions</u>

The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* (taken not for discovery but for testimony to be used at trial) by:  Click here to enter a date..

The Court generally provides thirty (30) days before the pretrial order deadline to complete *de ben esse* depositions.  If any party is requesting additional time, please state the reason(s) why such time is necessary.  The parties are cautioned that they will be required to specifically designate all testimony that they seek to offer by deposition as well as all objections to such testimony in the consolidated pretrial order.

Click here to enter text.

## VII.   ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:

Mr. Carrillo's authorization for electronic signature confirmed via teleconference.

Dated:   **September 15, 2023**

_____            _____
Pro Se                                                          Pro Se

/s/  Charlie Wang                                        /s/  Daniel Werner
Counsel for Plaintiff(s)                              Counsel for Plaintiff(s)

/s/  Tom Rawlings (Krystal Tanner; Triple T Farms)           /s/   Click here
to enter text.
Counsel for Defendant(s)                          Counsel for Defendant(s)

/s/  Nery Rene Carillo Najarro (Pro Se)            /s/  Click here to enter
text.
Counsel for Defendant(s)                          Counsel for Defendant(s)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2023, a true and correct copy of the foregoing

- **RULE 26(f) REPORT**

was electronically filed with the Clerk of the Court using the CM/ECF system, to:

TRIPLE T FAMILY FARMS, LLC
Registered Agent: Carter Krystal Tanner
156 Ohoopee River Road,
Wrightsville, GA, 31096, USA

CARTER KRYSTAL TANNER
156 Ohoopee River Road,
Wrightsville, GA, 31096, USA

ASOCIACION CAMPESINA DE DESARROLLO DE LAS COMUNIDADES DE
GUATEMALA, LLC
204 Circle Dr
Douglas, GA 31533

☒ by having transmitted via e-mail the document listed above to the person(s) at
the e-mail address(es) set forth below

NERY RENE CARRILLO-NAJARRO
nrene.carillo@gmail.com
ascarrillo0916@gmail.com

Respectfully submitted this 15th day of September, 2023.

/s/ Charlie Y. Wang

Charlie Y. Wang