IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ and
RAMON RODRIGUEZ MENDEZ

      Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation

      Defendants.

Civil No. CV 5:23-cv-00023

## PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Plaintiffs CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO PALMILLAS LOPEZ and RAMON RODRIGUEZ MENDEZ submit this Statement of Additional Facts in support of their Opposition to Defendant MBR Farms, Inc.'s Motion to Dismiss, and in the Alternative, Motion for Summary Judgment.

1. In 2021, Defendant Enrique Duque Tovar ("Enrique") obtained approval of his H-2A petition under order H-300-21006-998169. (Enrique Decl. ¶ 5; Wang Decl. ¶ 3 , Ex. A - 2021 Work Order).

2. Defendant Enrique represented to the U.S. Department of Labor ("USDOL") and the Georgia Department of Labor ("GADOL") that he sought to recruit eighty-four workers to perform farm labor related to blueberries. (Wang Decl. ¶ 3, Ex. A - 2021 Work Order at p. 1.)

3.      Defendant Enrique also represented that he would offer the workers an hourly wage of $11.71 an hour and a piece rate of $0.50 per pound.  (Wang Decl. ¶ 3, Ex. A - 2021 Work Order at p. 1.)

4.      The job order requested required that workers' have two months' experience picking blueberries.  (Wang Decl. ¶ 3, Ex. A - 2021 Work Order at p. 1.)

5.      Enrique also represented that the workers would receive free housing that met local, state, and federal requirements, free weekly trips to a food store and laundry facility, and three meals a day would be provided.  (Wang Decl. ¶ 3, Ex. A - 2021 Work Order at p. 3)

6.      Enrique also represented that he and his agents would not seek payment from any workers for application fees and recruitment costs.  (Wang Decl. ¶ 3, Ex. A - 2021 Work Order at p. 5; 8 C.F.R. § 214.2(h)(5)(xi)(A))

7.      Enrique listed Defendant MBR Farms, Inc. ("MBR Farms") as the place of employment for the eighty-four workers.  (Wang Decl. ¶ 3,  Ex. A - 2021 Work Order at p. 2.)

8.      Enrique approached MBR about providing H-2A workers to work on MBR's blueberry fields.  (Wang Decl. ¶ 3 , Ex. C – MBR Farms R. 30(B)(6) Depo. 60:16–22.)

9.      MBR advise Enrique that it wanted 100 H-2A workers with at least two months' experience picking blueberries.  (Wang Decl. ¶ 3 , Ex. C – MBR Farms R. 30(B)(6) Depo. 60:23–61:5, 66:6–19.)

10.     MBR Farms executed a contract and work order stating that it would need an estimated 84 employees and that employees would receive $11.71 an hour and a piece rate of  $0.50 per pound and that employees need at least two months' experience.  (Wang Decl. ¶ 3, Ex. B - Contract between Enrique and MBR Farms; Wang Decl. ¶ 3 , Ex. C – MBR Farms R. 30(B)(6) Depo. 67:21– 68:10, 74:13–18.)

11.    The contract also stated that the employees' duties included all farm labor related to blueberries and that MBR could inspect Enrique's records at anytime, which MBR never did.  (Wang Decl. ¶ 3, Ex. B - Contract between Enrique and MBR Farms; Wang Decl. ¶ 3, Ex. C – MBR Farms R. 30(B)(6) Depo. 74:13–75:7.)

12.    MBR determined whether the workers would be paid on an hourly or piece rate basis. (Wang Decl. ¶ 3, Ex. C – MBR Farms R. 30(B)(6) Depo. 69:17–70:1, 109:22–24.)

13.    MBR Farms knew that when it signed the work order that Enrique pay himself by taking a percentage of the employee pay rate and piece rate from the migrant workers, that they did not need workers for the whole length of time from April to October, and did not need 84 workers.  (Wang Decl. ¶ 3, Ex. C – MBR Farms R. 30(B)(6) Depo. 55:7–56:7, 77:25–78:7, 81:9–17, 83:12–84:21.)

14.    Defendant Maria Leticia Patricio acted as Defendant Enrique's agent for the purposes of filing and obtaining approval of the H-2A application.  (Enrique Decl. ¶ 7.)

15.    Plaintiffs Christhian Zuniga Hernandez, Luis Alfonso Palmillas Lopez, and Ramon Rodriguez Mendez (collectively "Plaintiffs") and are Mexican nationals who entered the U.S. in 2021 under the H-2A program.  (Hernandez Decl. ¶¶ 3–6; Lopez Decl. ¶¶ 3–6; Mendez Decl. ¶¶ 3–6.)

16.    Defendants Enrique and Jose Carmen Duque Tovar ("Jose")  told Plaintiffs that they would go to the U.S. to perform farm labor related to the cultivation of blueberries.  (Hernandez Decl. ¶ 7; Lopez Decl. ¶ 7; Mendez Decl. ¶ 7.)

17.    Enrique and  Jose promised Plaintiffs that they would earn at least $11.71 an hour and $0.50 per pound for performing farm labor related to cultivating blueberries.  (Hernandez Decl. ¶ 7; Lopez Decl. ¶ 7; Mendez Decl. ¶ 7; Enrique Decl. ¶ 4.)

VP/#67586537.1

18.    In exchange for the Plaintiffs to come to the U.S. to work as farm laborers, Defendants
       Enrique and Jose required Plaintiffs to pay fees for transportation, obtaining the Visa, and
       recruitment fees.  (Hernandez Decl. ¶ 8; Lopez Decl. ¶ 8; Mendez Decl. ¶ 8.)

19.    When Plaintiffs entered the U.S. they first started working packing pine straw.  (Hernandez
       Decl. ¶ 9; Lopez Decl. ¶ 9; Mendez Decl. ¶ 9.)

20.    Enrique then transported plaintiffs to work on blueberry fields in Pearson, GA for MBR
       Farms.  (Hernandez Decl. ¶ 9; Lopez Decl. ¶ 9 ; Mendez Decl. ¶ 9; Wang Decl. ¶ 3, Ex. C
       – MBR Farms R. 30(B)(6) Depo. 11:11–13.)

21.    Plaintiffs' duties while working in the blueberry fields included cultivating blueberries by
       hands or using a machine harvester, removing debris and trash from the blueberry fields,
       loading and unloading crates filled with blueberries, and pulling weeds.  (Hernandez Decl.
       ¶ 11; Lopez Decl. 11; Mendez Decl. ¶ 11; Wang Decl. ¶ 3, Ex. C – MBR Farms R. 30(B)(6)
       Depo. 39:15–40:1, 41:7–20, 108:17–20, 109:2–6.)

22.    MBR leased the land Plaintiffs worked on, and all the blueberries cultivated and tools
       Plaintiffs used to cultivate the blueberries were owned by MBR Farms and not owned by
       Enrique.  (Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 19:17–25, 20:24–21:10, 39:9–14,
       40:2–6 , 98:5–6.)

23.     MBR farms also provided Plaintiffs water and portable toilet facilities.  (Wang Decl. ¶ 3,
       Ex. C – MBR 30(b)(6) Depo. 41:23–42:8.)

24.    MBR arranged for the blueberry packing shed, which was owned by MBR CEO Barton
       McKinnon's uncle, to provide the crates the workers filled with MBR's blueberries and the
       pallets the crates rested on.  (Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 33:8–34:12.)

VP/#67586537.1

25.     While working in the blueberry fields, Plaintiffs saw Bobby Garrity and Bart McKinnon on the premises speaking with Enrique.  (Lopez Decl. ¶ 12; Mendez Decl. ¶ 12; Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 93:2–11.)

26.     Enrique informed the Plaintiffs that Bobby Garrity and Bart McKinnon were MBR Farms' owners.  (Lopez Decl. 13; Mendez Decl. ¶ 13.)

27.     After speaking with McKinnon or Garrity, Enrique informed the Plaintiffs that the owners wanted were criticizing their performance such as dropping berries or that the owners wanted the workers to perform specific tasks including cutting the ripe blueberries a specific way, picking up trash, picking specific sections of the blueberry field, pulling weeds from certain section of the fields, starting and stopping work if there was dew or rain, or asking workers to work the machine harvester or make repairs to it.  (Hernandez Decl. ¶ 12; Lopez Decl. 13; Mendez Decl. ¶ 13; Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 88:2–16, 95:22–96:13, 102:8–11, 102:24–103:3, 112:16–114:2.)

28.     MBR sent home workers if there was rain or not enough crates.  (Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 21:15–22:6, 87:15–88:16, .)

29.     When Plaintiffs wanted to leave work for the day, Enrique told the workers that the owners wanted all their produce harvested before the workers could leave.  (Hernandez Decl. ¶ 13.)

30.     Enrique would often yell and berate the workers working in the blueberry field, threatening to deport them or report them to immigration if they complained about their working conditions.  (Hernandez Decl. ¶ 15; Lopez Decl. ¶ 14; Mendez Decl. ¶ 14.)

31.     The blueberry farm owners were present and saw Enrique yelling at the workers.  (Lopez Decl. ¶ 14; Mendez Decl. ¶ 14.)

VP/#67586537.1

32.    Enrique's son was also present on the fields and carried a fire arm to ensure workers did not run away. (Hernandez Decl. ¶ 14.)

33.    Despite Defendants promise to pay $11.71 an hour or $0.50 per pound, Plaintiffs' received wages that were much lower.  (Hernandez Decl. ¶ 19; Lopez Decl. ¶ 19; Mendez Decl. ¶ 18.)

34.    Plaintiffs did not receive any wages at all for some weeks despite working.  (Hernandez Decl. ¶ 19; Lopez Decl. ¶; Mendez Decl. ¶ 18.)

35.    Defendants did not provide pay stubs and paid Plaintiffs in cash.   (Hernandez Decl. ¶ 20; Lopez Decl. ¶ 20; Mendez Decl. ¶ 19.)

36.    Defendants also deducted fees from Plaintiffs' wages for transportation and rent. (Hernandez Decl. ¶ 20; Lopez Decl. ¶ 20; Mendez Decl. ¶ 19.)

37.    Enrique also announced to all the workers that he would be charging all the workers a $1,000 fee for transporting them to the U.S.  (Hernandez Decl. ¶ 20; Lopez Decl. ¶; Mendez Decl. ¶ 19.)

38.    Defendants housed Plaintiffs and other H-2A workers in trailers with no heating or air conditioning, leaking roofs, no beds, and nonworking stoves and refrigerators.  (Hernandez Decl. ¶ 21; Lopez Decl. ¶; Mendez Decl. ¶ 20.)

39.    Defendants charged Plaintiffs for transportation to the laundry facility, grocery store, and to the worksites.  (Hernandez Decl. ¶ 20; Lopez Decl. ¶ 20; Mendez Decl. ¶¶ 19–20.)

40.    When Plaintiffs complained about working conditions, Enrique told Plaintiffs that they had no rights in America, that he would report workers to immigration authorities to get them deported, or that he would report workers to the consulate and they would never be able to

VP/#67586537.1

come back to America.  (Hernandez Decl. ¶ 18; Lopez Decl. ¶ 16; Mendez Decl. ¶¶ 14, 16.)

41.   Enrique and Jose also took Plaintiffs passport and visa documents.  (Hernandez Decl. ¶¶ 16–17; Lopez Decl. ¶ 15; Mendez Decl. ¶ 15.)

42.   In response to Enrique taking Plaintiffs documents, Plaintiff Lopez called 911 to report that Enrique had taken their passport and visa documents.  (Lopez Decl. ¶ 17.)

43.   Enrique spoke to the police, and they left.  ( Lopez Decl. ¶ 17.)

44.   After the police encounter, Enrique told Plaintiffs that they have no rights in America and that he had influence over the police.  (Lopez Decl. ¶ 17.)

45.   Following the encounter with the police, Enrique then took Plaintiff Mendez to the woods because Mendez told Enrique in front of other workers that Enrique was required to give Plaintiffs and other workers their passports and visas.  (Mendez Decl. ¶ 17.)

46.   He then held Plaintiff Mendez by the collar and pushed him to the ground.  (Mendez Decl. ¶ 17.)

47.   Enrique was drunk and asked Mendez "where do you get these things your saying." (Mendez Decl. ¶ 17.)

48.   Plaintiffs eventually left with a large group of migrants after a few months of working for Defendants due to the poor working and housing conditions. (Hernandez Decl. ¶ 22; Lopez Decl. ¶ 21; Mendez Decl. ¶ 21.)

49.   After Enrique was indicted, MBR continued to do business with Enrique and utilize H-2A workers but instead paid Enrique's wife while Enrique supervised workers on the fields. (Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 49:10–50:19.)

VP/#67586537.1

-8-

Respectfully submitted this day: August 19, 2024.

By: /s/ Daniel Werner
    Daniel Werner (GA Bar No. 422070)
    Radford Scott, LLP
    125 Clairemont Ave., Suite 380
    Decatur, Georgia 30030
    Tel: (678) 271-0304
    Email: dwerner@radfordscott.com

    /s/ Charlie Y. Wang
    (California Bar No. 320236)
    (Pro Hac Vice)
    **VEDDER PRICE (CA), LLP**
    1925 Century Park East, Suite 1900
    Los Angeles, California 90067
    Tel: (424) 204-7700
    Email: cwang@vedderprice.com

VP/#67586537.1