IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO PALMILLAS LOPEZ and RAMON RODRIGUEZ MENDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, <br><br> Defendants. | Case No. 5:23-cv-00023 |

**RULE 56(D) MOTION AND INCORPORATED MEMORANDUM OF LAW TO DEFER CONSIDERATION OF DEFENDANT MBR FARMS, INC.'S MOTION DISMISS, AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs Cristhian Zuniga Hernandez, Luis Alfonso Palmillas Lopez, and Ramon Rodriguez Mendez ("Plaintiffs") and, pursuant to Fed. R. Civ. P. 56(d), move to defer the Court's consideration of Defendant MBR Farms, Inc.'s ("MBR") Motion Dismiss, and In The Alternative, Motion For Summary Judgment ("Motion"), ECF. No. 61, with respect to Plaintiffs' Complaint. Plaintiffs "cannot present facts essential to justify [their] opposition"[1] to the Motion. Therefore, if the Court does not deny MBR's Motion, the Court should defer consideration pursuant to Rule 56(d) until Plaintiffs are able to take discovery.

Plaintiffs submit and incorporate the following Memorandum of Law and Rule 56(d) Declaration of Daniel Werner.

---

[1] Fed. R. Civ. P. 56(d).

WHEREFORE, Plaintiffs move this Court to enter an Order providing the relief described herein.

## MEMORANDUM OF LAW

**I.   BACKGROUND**

Defendant MBR Farms, Inc.'s ("MBR") Motion to Dismiss, and in the Alternative, Motion for Summary Judgment ("Motion") seeks to dismiss all causes of action Plaintiffs allege against MBR, including violations of the Trafficking and Violence Protection Act ("TVPA"), the Fair Labor Standards Act ("FLSA"), and common law claims under Georgia state law. (ECF No. 61.)[2]

As set forth in Plaintiffs' brief in Opposition to MBR's Motion ("Opp. Br."), Plaintiffs contend there are disputed issues of facts as to MBR's role as a joint employer of H-2A workers, the control MBR had over the terms and conditions of the H-2A workers' employment, Defendant Enrique Duque Tovar's ("Enrique Duque") role as MBR's agent, and MBR's role in the conspiracy to bring H-2A workers to the U.S. while not complying with all the requisite rules and regulations to employ H-2A workers.[3]

The material disputed facts include the following:

- **MBR's Role as a joint employer and its control over the terms and condition of the H-2A workers' employment**: Plaintiffs assert that there are disputed facts as to

---

[2] Also pending before the Court are Plaintiffs' Motion for Stay and for Extension of Discovery Deadlines (ECF No. 65) and Plaintiffs' Motion for Leave to Amend Complaint. (ECF No. 78).
[3] In their opposition to MBR's Motion, Plaintiffs presented MBR's deposition testimony and MBR's contract with Enrique Duque, which MBR provided for the first time midway through the deposition though it had been in MBR's attorneys' possession since the beginning of the litigation. Plaintiffs argued this evidence was sufficient to defeat summary judgment. Plaintiffs here move for relief under Fed. R. Civ. P. 56(d) if the Court determines the evidence Plaintiffs presented in their opposition papers does not show genuine issues of material fact sufficient to preclude summary judgment.

-2-

whether MBR exercised sufficient control over the terms and conditions of Plaintiffs' and other H-2A workers' employment while they worked at MBR. (Opp. Br. 17–20; Hernandez Decl. ¶ 12, ECF No. 79-4; Lopez Decl. 13, ECF No. 79-5; Mendez Decl. ¶ 13, ECF No. 85; Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 88:2–16, 95:22–96:13, 102:8–11, 102:24–103:3, 112:16–114:2, ECF No. 79-3.) MBR asserts it had no employment relationship with the plaintiffs. (Motion 15–16.)

- **<u>MBR's participation in the trafficking scheme to obtain H-2A workers for forced labor and to traffic H-2A workers for forced labor</u>**: Plaintiffs assert that MBR conspired with Enrique Duque to commit forced labor and trafficking for forced labor. (Wang Decl. ¶ 3, Ex. B - Contract between Enrique and MBR Farms, ECF No. 79-3; Wang Decl. ¶ 3 , Ex. C – MBR Farms R. 30(B)(6) Depo. 49:10–50:19, 55:7–56:7, 67:21– 68:10, 74:13–18, 77:25–78:7, 81:9–17, 83:12–84:21., ECF No. 79-3.) MBR asserts it did not commit any violation of the TVPA or benefited from any violation of the TVPA. (Motion at 9–10.)

(Rule 56(d) Decl. of Daniel Werner ("Werner Decl.") ¶ 8.)

MBR's Motion and Statement of Undisputed Facts relies entirely on the declaration of Defendant Enrique Duque. Plaintiffs have previously served substantive discovery on Enrique Duque but have not received substantive responses. Plaintiffs sought from Enrique Duque the following:

1. Documents and correspondence with any of the defendants for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers;

2. Memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers;

3. Documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between any of the defendants;

4. Documents, including payroll records, personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, canceled checks, employment contracts, and employment applications for H-2A workers; and

5. Identifying information for all H-2A workers employed by Defendants.

(Werner Decl. ¶ 3, Exs. DW-2 and DW-4, and ¶ 10.)

Enrique Duque responded to most document requests and several interrogatories with variations on the following:

> Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

(Werner Decl. ¶ 4, Ex. DW-5.)

Enrique Duque's counsel also advised that Enrique Duque planned to assert his Fifth Amendment privilege against self-incrimination during deposition testimony, and that he would

not provide testimony regarding facts and evidence he contends may not be disclosed under the *United States v. Patricio* protective order. (Werner Decl. ¶ 9.)

Defendant MBR's discovery responses have been misleading, incomplete, and—for some documents—provided on the last day of or after the conclusion of the current discovery period, (Werner Decl. ¶¶ 5-6 and Exs. DW-6 and DW-7), which Plaintiffs have sought to extend. (ECF No. 65.)

In addition, Plaintiffs have recently served Jose Carmen Duque Tovar ("Jose Duque") (ECF No. 80), who Plaintiffs recently learned returned to the United States after being in Mexico as a fugitive. (Werner Decl. ¶ 11.) His answer is due September 6, 2024. If the case is not stayed,[4] Plaintiffs expect to serve substantive written discovery on him and depose him regarding the trafficking scheme and MBR's relationship with the other participants in the scheme. (Werner Decl. ¶ 13).

Plaintiffs' ability to contest Enrique Duque's declaration is hindered by his inability to comply with the substantive discovery demands. MBR's Motion seeks to take advantage of the protective order in the criminal matter preventing Plaintiffs from obtaining documents and communications that would provide further support for Plaintiffs' position that there are genuine factual disputes. As a result, Plaintiffs "cannot present facts essential to [their] opposition." Fed. R. Civ. P. 56(d). Plaintiffs therefore submit that the Court should defer ruling on MBR's motion or deny it.

---

[4] Plaintiffs have sought to enforce the TVPA's mandatory stay provision pursuant, 18 U.S.C. § 1595(b), in part because of Enrique Duque's invocation of the criminal case protective order, his intent to invoke his Fifth Amendment privilege in his deposition, and the very recent resurfacing and service of Jose Duque. (ECF No. 65 at 10).

In support of their Motion, Plaintiffs have submitted a Rule 56(d) Declaration of Daniel Werner, co-counsel for Plaintiffs, specifying the reasons deferral is necessary.

## II. ARGUMENT

### A. The Court Should Defer Consideration of the Motion Until Plaintiffs Have the Opportunity to Obtain Discovery.

The Court should defer consideration until Defendant Enrique complies with Plaintiffs' discovery demands and provides deposition testimony, MBR provides complete and accurate responses to Plaintiffs' discovery demands, and until after Plaintiffs have had an opportunity to take discovery from Jose Duque. As the Eleventh Circuit recently held,

> The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion.'… 'Generally[,] summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.' … This is 'especially true' where the propounded discovery 'request[s] information that is critical to the issues in dispute.

*Jordan v. Georgia*, No. 20-13221, 2022 WL 4389006, at *3 (11th Cir. Sept. 22, 2022); (internally quoting and citing *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997); *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988); *WSB– TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988); *Cowan v. J.C. Penney Co., Inc.*, 790 F.2d 1529, 1532-33 (11th Cir. 1986) ("We have held that, generally, summary judgment is premature when the moving party has not answered the opponent's interrogatories."). Indeed, the purpose of Rule 56(d) "is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective." *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 453 (11th Cir. 2020).

As set forth in the attached Rule 56(d) Declaration of Daniel Werner, Enrique Duque failed to provide substantive documents or interrogatory responses to almost all of the discovery

Plaintiffs propounded on him, including requests for contracts, communications, and other documents related to the business relationship between Enrique Duque and MBR. (Werner Decl. ¶ 7.) This discovery is essential to develop the factual record around the control MBR had over the terms and conditions of Plaintiffs' and other H-2A workers' employment and MBR's participation in the trafficking scheme.

MBR relies entirely on the declaration of Enrique Duque' to support its Motion, which includes a number of conclusory states such as "I was never a party to an agreement with MBR creating a joint venture, partnership, or principal-agent relationship," "MBR did not have any degree of control over the H-2A workers on their farm," or that "At no time did MBR, either directly or indirectly, supervise the work of any of the Plaintiffs." Without additional discovery, Plaintiffs "cannot present facts essential to [their] opposition." Contracts, communications, and other documents related to the business relationship between MBR and Enrique Duque are relevant to whether there was a joint venture, partnership, or principal-agent relationship between Enrique Duque and MBR and whether MBR participated in the trafficking scheme. Further, discovery regarding "memos, personnel policies, employee handbooks, training materials, employment and payroll records" are relevant to determine whether MBR had a joint employer relationship over the H-2A workers.

Plaintiffs also must have the opportunity to depose Enrique Duque regarding the facts alleged in his declaration, his relationship and communications with MBR, and his involvement in the human trafficking scheme. By presenting a declaration in support of MBR while insisting he will assert his Fifth Amendment privilege and invoke the *United States v. Patricio* protective order during any deposition, he has put Plaintiffs in an untenable position. Plaintiffs must attempt to refute the facts alleged in Enrique Duque's declaration while the declarant himself is, for all

practical purposes, unable or unwilling to provide discovery responses or deposition testimony regarding those same facts.

Plaintiffs also seek to propound discovery and depose Defendant Jose Carmen Duque Tovar ("Jose Duque"), who was recently served after Plaintiffs learned he was back in the U.S. when he filed a bond application in the ongoing criminal case against him. Plaintiffs seek to propound discovery and depose Jose Duque, as he was part of the recruiting process and, on information and belief, helped manage and oversee workers while they worked at MBR. Discovery and testimony from Jose Duque will also be relevant to determining MBR's participation in the trafficking scheme and the amount and control it exercised over H-2A workers working on their farm.

## III.   CONCLUSION

For the reasons set forth herein and in Plaintiffs' Opp. Br., Plaintiffs respectfully request that the Court defer consideration of the motion until Plaintiffs have an opportunity to take discovery.

Respectfully submitted this day: August 26, 2024.

> By: /s/ Daniel Werner
> Daniel Werner (GA Bar No. 422070)
> Radford Scott, LLP
> 125 Clairemont Ave., Suite 380
> Decatur, Georgia 30030
> Tel: (678) 271-0304
> Email: dwerner@radfordscott.com

<u>/s/ Charlie Y. Wang</u>
(California Bar No. 320236)
(Pro Hac Vice)
**VEDDER PRICE (CA), LLP**
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
Email: cwang@vedderprice.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record. Further, I caused to be mailed by United States Mail, postage prepaid, the foregoing document to

- Defendant Maria Leticia Patricio at the following address:

  Maria Leticia Patricio
  208 Nopalito Rd
  Nicholls, GA 31554

- Defendant Jose Carmen Duque Tovar at the following address:

  Jose Carmen Duque Tovar
  109 Grover Dr.
  Americus, GA 31709

/s/ Daniel Werner
Daniel Werner

VP/#67680741.1