# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO PALMILLAS LOPEZ and RAMON RODRIGUEZ MENDEZ<br><br>Plaintiffs,<br><br>v.<br><br>MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation<br><br>Defendants. | Civil No. CV 5:23-cv-00023 |

## RULE 56(D) DECLARATION OF DANIEL WERNER

I, Daniel Werner, state the following based on personal knowledge:

1. I am a co-counsel for Plaintiffs in the above-referenced putative class and collective action.

2. I submit this declaration pursuant to Fed. R. Civ. P. 56(d). In response to Defendant MBR Farms, Inc.'s ("MBR") Motion to Dismiss, and in the Alternative, Motion for Summary Judgment ("Motion"), Plaintiffs cannot now "present facts essential to justify [their] opposition."

3. Plaintiffs have served the following discovery demands on Defendants:

   a. Plaintiffs' First Set of Interrogatories to Defendant MBR, attached hereto as Ex. DW-1;

   b. Plaintiffs' First Set of Interrogatories to Defendant Enrique Duque Tovar ("Enrique Duque"), attached hereto as Ex. DW-2;

c. Plaintiffs' First Set of Request for Production to Defendant MBR, attached hereto as Ex. DW-3; and

d. Plaintiffs' First Set of Request for Production to Defendant Enrique Duque Tovar, attached hereto as Ex. DW-4.

4. Defendant Enrique Duque served written responses to these discovery demands consisting principally of objections. His written responses are consolidated and attached hereto as Ex. DW-5.[1]

5. MBR responded to Plaintiffs' interrogatories, though some of the responses appear to be false. MBR's sworn Interrogatory responses are attached hereto as Ex. DW-6. For example, in response to Interrogatory 17, MBR indicated it "has never held any documentation regarding H-2A workers." During the deposition of MBR, MBR President Barton McKinnon provided a contract with Enrique Duque to obtain H-2A workers for MBR's blueberry farm, (Wang Decl. ¶ 3, Ex. C – MBR Farms R. 30(B)(6) Depo. 67:21-74:12, ECF No. 79-3), acknowledged MBR maintained spreadsheets and Quickbooks records for poundage and "pick tickets" reflecting the volume of blueberries the H-2A workers picked, (*Id.* at 32:6-11, 33:8-35:9) and he acknowledged frequent phone calls and text messages (from Bobby Garrity, whose role is "overseeing what needs done, helping get things done") with Enrique Duque. (*Id.* at 59:7-20, 106:14-107:13). Further, in response to Interrogatory 5, MBR affirmed it "did not utilize a significant number of H-2A

---

[1] Enrique Duque's document production was limited to 2018 and 2019 tax returns and a one-page handwritten list that appears to be assets and expenses related to his tax return. I did not include the documents themselves with Ex. DW-5, as they include Social Security numbers and other protected information under Fed. R. Civ. P. 5.2 that would need to be redacted, and they have no bearing on this motion.

laborers. These labors [sic] would total less than 500 man hours."[2] However, Mr. McKinnon testified MBR had an average of 40 workers at its blueberry farm, and more during the peak harvest period. (*Id.* at 55:18-56:7). The Job Order provided that 84 H-2A workers would work at MBR five days per week, five or six hours per day, six days per week, from March 8, 2021 until October 1, 2021; just under seven months (Wang Decl. ¶ 3, Ex. A, ECF No. 79-3). According to Ms. McKinnon's deposition testimony, the busiest months are during the harvest, which starts in April and ends in June. (MBR Farms R. 30(b)(6) Depo. at 18:24-19:5). Even if twenty workers worked five days per week for only six weeks, there would be more than 500 man days (20 x 5 x 6 = 600). MBR testified on average twice as many workers worked on its blueberry farm for considerably longer. (*Id.*)

6.  In response to Plaintiffs' Request for Production, MBR only produced tax returns and copies of checks issued to Enrique Duque and his wife, Sherry Duque. MBR again misrepresented that it "has never held any of the documentation regarding H-2A Workers..." In response to other requests, MBR indicated it "will produce all responsive documents in its possession" in response to other requests. It did not produce any additional documents until midway through the August 9, 2024 R. 30(b)(6) deposition (contract with Enrique Duque) and several days later; after the current discovery cutoff (a single email with a reporter, and Receiving Reports from the packing shed that purchased MBR's blueberries). MBR also objected to and

---

[2] It appears MBR is referencing the FLSA exemption for agricultural employers "who did not, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agricultural labor…" 29 U.S.C. 213(a)(6). A "man day" is defined as "any day during which an employee performs any agricultural labor for not less than one hour. 28 U.S.C. § 203(u).

refused to respond to requests for MBR's financial records other than its tax returns. MBR's written responses to Plaintiffs' Requests for Production are attached hereto as Ex. DW-7.[3]

7. In Plaintiffs' response in opposition to MBR's Motion, Plaintiffs have described factual disputes Plaintiffs contend revolve around MBR's role as a joint employer of H-2A workers, including the control MBR had over the terms and conditions of the H-2A workers' employment, and MBR's role in the alleged scheme to provide and obtain H-2A workers for forced labor and to traffic H-2A workers for forced labor.

8. Specifically, the factual disputes include:

    a. **MBR's role as a joint employer and its control over the terms and condition of the H-2A workers' employment**: Plaintiffs assert that there are disputed facts as to whether MBR exercised sufficient control over the terms and conditions of Plaintiffs' and other H-2A workers' employment while they worked at MBR. (Opp. Br. 17–20; Hernandez Decl. ¶ 12, ECF No. 79-4; Lopez Decl. 13, ECF No. 79-5; Mendez Decl. ¶ 13, ECF No. 85; Wang Decl. ¶ 3, Ex. C – MBR 30(b)(6) Depo. 88:2–16, 95:22–96:13, 102:8–11, 102:24–103:3, 112:16–114:2, ECF No. 79-3.) MBR asserts that it had no employment relationship with the plaintiffs. (Motion 15–16.)

    b. **MBR's participation in the trafficking scheme to obtain H-2A workers for forced labor and to traffic H-2A workers for forced labor**: Plaintiffs assert that MBR conspired with Enrique Duque to commit forced labor and

---

[3] I did not include the tax returns or checks with Ex. DW-7, as they contain account numbers and other protected information under Fed. R. Civ. P. 5.2 that would need to be redacted, and they have no bearing on this motion.

-4-

trafficking for forced labor. (Wang Decl. ¶ 3, Ex. B - Contract between Enrique and MBR Farms, ECF No. 79-3; Wang Decl. ¶ 3 , Ex. C – MBR Farms R. 30(B)(6) Depo. 49:10–50:19, 55:7–56:7, 67:21– 68:10, 74:13–18, 77:25–78:7, 81:9–17, 83:12–84:21., ECF No. 79-3.) MBR asserts it did not commit any violation of the TVPA or benefited from any violation of the TVPA. (Motion at 9–10.)

9. Defendant Enrique Duque is under criminal indictment in the matter of *U.S. v. Patricio*, 5:21-cr-00009-LGW-BWC (S.D. Ga. Oct. 15, 2021) for many of the same allegations as in Plaintiffs' complaint. That matter has a protective order, which Enrique Duque has cited as preventing him from providing substantive documents or interrogatory responses to almost all the discovery Plaintiffs propounded on him, including requests for contracts, communications, and other documents related to the business relationship between Enrique Duque and MBR. Enrique Duque's counsel has also advised that Enrique Duque plans to assert his Fifth Amendment right and invoke the *U.S. v. Patricio* protective order during deposition testimony.

10. Specifically, relevant to this factual dispute, Plaintiffs' current discovery demands seek, *inter alia*:

    a. documents and correspondence with any of the defendants for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers;

    b. memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers;

      c.      documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between any of the defendants;

      d.      documents, including payroll records, personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, canceled checks, employment contracts, and employment applications for H-2A workers

      e.      Identifying information for all H-2A workers employed by Defendants

11. Defendant Jose Duque was served on August 16, 2024. I understand Defendant Jose Duque was a fugitive in Mexico. Therefore, Plaintiffs had been unable to locate him. After he evidently returned to the United States and appeared in *U.S. v. Patricio*—Plaintiffs were able to serve him with the summons and complaint.

12. Once Defendant Enrique Duque is able to produce the requested documents, I expect Plaintiffs will serve a deposition notice on Enrique Duque. This testimony will be essential to review MBR's role as a joint employer of H-2A workers, the control MBR had over the terms and conditions of the H-2A workers' employment, Enrique Duque's role as MBR's agent, MBR's role in the conspiracy to bring H-2A workers to the U.S., and the treatment of H-2A workers in the U.S.

13. Once Defendant Jose Duque has appeared in this matter, Plaintiffs also expect to serve him with discovery demands and depose him. This testimony will be essential to identify the participants in the recruiting of H-2A workers, identify individuals who oversaw the H-2A workers while working on MBR's blueberry fields, and identify individuals who had control over the terms and conditions of the H-2A workers' employment.

14. Without the discovery set forth above, Plaintiffs cannot sufficiently establish a factual record regarding the disputes set forth above.

15. Because the Court generally prohibits the filing of multiple summary judgment motions, Standing Order at § I(h)(iii), R. Doc. 5, I believe the case would proceed most efficiently if MBR's Motion were denied and MBR would then file any summary judgment motion at the conclusion of discovery.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: <u>August 26, 2024</u>

<u>/s/ Daniel Werner</u>
Daniel Werner

VP/#67586537.1

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record. Further, I caused to be mailed by United States Mail, postage prepaid, the foregoing document to

- Defendant Maria Leticia Patricio at the following address:

    Maria Leticia Patricio
    208 Nopalito Rd
    Nicholls, GA 31554

- Defendant Jose Carmen Duque Tovar at the following address:

    Jose Carmen Duque Tovar
    109 Grover Dr.
    Americus, GA 31709

/s/ Daniel Werner
Daniel Werner

VP/#67586537.1