

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ,
LUIS ALFONSO PALMILLAS LOPEZ,
and RAMON RODRIGUEZ MENDEZ,

on behalf of themselves and all those
similarly situated,

        Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN
DUQUE TOVAR, and MBR FARMS,
INC., a Georgia corporation,

        Defendants.

Civil No. CV 523-023

**PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF
INTERROGATORIES - ENRIQUE DUQUE TOVAR**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Cristhian Zuniga Hernandez propound the following Interrogatories upon Defendant Enrique Duque Tovar ("Defendant EDT"), and request that they be answered separately, fully, in writing, and under oath within thirty (30) days of the date of service. Fed. R. Civ. P. 33(b). Defendant EDT should serve separate responses to these Interrogatories. Responses should be served upon counsel of record for Plaintiffs at the offices of Vedder Price P.C., 1925 Century Park East, Suite 1900, Los Angeles, California 90067.

These interrogatories are continuing, and you are hereby requested and instructed to provide any and all supplemental information in response to any of these interrogatories that may become available after service of your initial answers.

## **DEFINITIONS AND INSTRUCTIONS**

1.     As used in these Interrogatories, the following terms have the following meanings:

2.     "You" or "your" refers to Defendant Enrique Duque Tovar and any associated corporate entities, as well as any employees, officers, supervisees, directors, partners, agents, apparent agents, accountants, attorneys, trustees, and all other "persons" acting for it or purporting to represent it or to act on its behalf.

3.     Unless otherwise specified, "Plaintiffs" refers to all three Plaintiffs.

4.     "H-2A Workers" refers to individuals (a) employed at or by Enrique Duque Tovar; (b) with H-2A nonimmigrant visas.

5.     The words "pertain to" or "pertaining to" mean: relates to, reflects, reflecting, tends to reflect, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, and/or corroborates.

6.     The term "Plaintiffs' Complaint" refers to Class Action Complaint (CV523-023) filed in this action by Plaintiffs Cristhian Zuniga Hernandez, Luis Alfonso Palmillas Lopes, and Ramon Rodriguez Mendez against Defendants Maria Leticia Patricio, Enrique Duque Tovar, Jose Carmen Duque Tovar, and MBR Farms, Inc. ("Defendants"), and any subsequent complaints filed by Plaintiffs hereafter.

-2-

7.     The word "document" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible. Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made. Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, facsimiles, electronic mail, reports, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

8.    The singular shall include the plural and vice versa, the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

9.    You shall answer each interrogatory separately and fully in writing under oath.  An incomplete or evasive answer is a failure to answer. If you cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please explicitly so state and answer those remaining parts of the interrogatory which you are able to answer.

10.    If you object to fully identifying a document because of a privilege, you must nevertheless provide the following information:

(a)    The nature of the privilege claimed;

(b)    The date of the document;

(c)    The type of document, the custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee; and

(d)    The general subject matter of the document.

11.    If an interrogatory is objected to please state the reason(s) for the objection and answer the interrogatory to the extent it is not objectionable.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please list all real property you have owned between January 1, 2015 and the present. For each property, provide:

a.   The physical location of the property (address and parcel identifier);

b.   The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

c.   A description of all commercial activities conducted on the property, including but not limited to:

  (i)   Any crop(s) grown on the property (for sod, indicate the sod variety, such as fescue);

  (ii)   The acreage on which each crop was grown.

d.   The date you purchased or otherwise acquired the property;

e.   The purchase price of the property; and

f.   If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

g.   If you leased the property to another individual or entity, identify

  (i)   The name of the lessee;

  (ii)   The dates during which the property was leased;

  (iii)   The amount the lessee paid to you to lease the property; and

  (iv)   The purpose for which the lessee leased the property.

Your answers to this interrogatory should be segregated by individual properties.

### INTERROGATORY NO. 2:

State all facts upon which you contend, in your Sixth Affirmative Defense, that "Plaintiffs have failed to mitigate their alleged damages." Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification

of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**INTERROGATORY NO. 3:**

Please list the name, current residential and business address, and current residential and business telephone number of each person known to you, other than the parties to this action, who has knowledge of the events and matters which are the subject of this suit. Please also indicate whether written or recorded statements have been taken from the person, and who has possession of such statements.

**INTERROGATORY NO. 4:**

For every individual with an H-2A nonimmigrant visa ("H-2A workers") whom you employed at any point from January 1, 2015 to the present, please provide the following information:

        a.      Full name;

        b.      Last known address;

        c.      E-mail address(es);

        d.      Telephone numbers, including residential and mobile phones;

        e.      Job title;

        f.      Job description and/or responsibilities; and

        g.      Dates of utilization.

**INTERROGATORY NO. 5:**

Please identify all persons or entities who/which assisted you with filing and obtaining approval of H-2A nonimmigrant visa applications between January 1, 2015 and the present.

**INTERROGATORY NO. 6:**

Please identify all persons or entities who/which assisted you with the recruitment of H-2A workers between January 1, 2015 and the present.

**INTERROGATORY NO. 7:**

Please identify all persons or entities with whom you had a business relationship to provide housing, including utilities, to H-2A workers between January 1, 2015 and the present.

**INTERROGATORY NO. 8:**

Please identify your telephone service provider(s) (mobile and land service) and all telephone numbers associated with you between January 1, 2015 and the present.

**INTERROGATORY NO. 9:**

Please identify all e-mail addresses associated with you between January 1, 2015 and the present. For each separate e-mail address, identify the person(s) with access to that account during said time period and the email service provider.

**INTERROGATORY NO. 10:**

Please identify your internet service provider(s) between January 1, 2015 and the present.

**INTERROGATORY NO. 11:**

Please identify all courier services, such as DHL or Federal Express, with which you had an account between January 1, 2015 and the present.

**INTERROGATORY NO. 12:**

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party during the last ten years, or in which a corporate officer, director, agent, or employee has testified on your behalf during the last ten years. Please identify the case style, cause number and court or agency in which each action was pending, and briefly describe the nature of the proceedings.

**INTERROGATORY NO. 13:**

Please describe all measures taken to maintain, preserve, and safeguard against disposal, destruction, or any other damage to any and all documents in your possession or control relating to any allegation made in, or involving any party or potential party to this litigation. Your answer should include any and all affirmative steps taken to ensure and monitor compliance with an appropriate "litigation hold" until discovery in the instant litigation is completed and issues of relevance are determined by the Court and the date(s) such steps were taken.

**INTERROGATORY NO. 14:**

Please describe the make, model, operating system, each version of each operating system, and period of use, of each electronic information system (including but not limited to computers; portable drives; local, remote, and "cloud" servers or services; tablets, PDAs, and smart phones) that you use, or have used to store, create, generate, manage, copy, convert, manipulate, destroy, shred, alter, or delete documents, electronically stored information and other tangible things between 2015 and the present date.

**INTERROGATORY NO. 15:**

Please identify each employee, vendor, contractor, or subcontractor who created, designed, purchased or leased the electronic information system for you, and was responsible for its management, operation, maintenance, repair, and technical support, as well as each person or entity from whom/which the system was purchased or leased.

**INTERROGATORY NO. 16:**

Please identify each tax preparer you used for the purpose of preparing and/or submitting information returns between January 1, 2015 and the present.

**INTERROGATORY NO. 17:**

Please identify each person you know, other than the parties to this action, to have knowledge of the events and matters which are the subject of this suit, and for each such person, please provide:

    a.     the name, current address, and telephone number of the person;

    b.     a description of the knowledge the person has;

    c.     whether any written or recorded statements regarding the events and matters which are the subject of this suit have been taken from the person; and

    d.     if so, who has possession of such statements.

**INTERROGATORY NO. 18:**

Please describe in complete detail all operations, tasks, projects, work, and/or business performed by you for Defendant MBR Farms, Inc. between January 1, 2015 and the present.

**INTERROGATORY NO. 19:**

Please provide the last known contact information for Jose Carmen Duque Tovar, including his residential and mobile phone number(s), address, and e-mail address.

**INTERROGATORY NO. 20:**

Please detail every transaction between you and the Seminole Hard Rock Hotel & Casino Tampa from 2015 to present, including providing the following information:

a.    The date of the transaction;

b.    The purpose of the transaction;

c.    The identity of all individuals involved in the transaction, including the telephone number, address, and job title;

d.    The amount of the transaction;

e.    Identifying any supporting documentation reflecting the transaction.


Dated:    March 21, 2024                VEDDER PRICE (CA), LLP


                                By: _____
                                    Charlie Y. Wang (pro hac vice)
                                    cwang@vedderprice.com

                                1925 Century Park East, Suite 1900
                                Los Angeles, California 90067
                                T:  +1 424 204 7700
                                F:  +1 424 204 7702

                                Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, Ann Grosso, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1925 Century Park East, Suite 1900, Los Angeles, California 90067. On March 21, 2024, I served a copy of the within document(s):

### **PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF INTERROGATORIES - ENRIQUE DUQUE TOVAR**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below..

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below

| | |
|---|---|
| James R. Miller | *Attorney for Defendant* |
| ELLIOTT BLACKBURN PC | ENRIQUE DUQUE TOVAR |
| 3016 North Patterson Street | |
| Valdosta, Georgia 31602 | |
| Tel: 229.242.3333 | |
| jmiller@elliottblackburn.com | |
| | |
| Mark A. Gilbert | *Attorney for Defendant* |
| Kayla H. Barnes | MBR FARMS, INC |
| COLEMAN TALLEY LLP | |
| 3344 Peachtree Road NE, Suite 1950 | |
| Atlanta, GA 30326 | |
| Tel: 229-671-8231 | |
| Tel: 904-456-8966 \| Cell: 229-251-8551 | |
| Mark.gilbert@colemantalley.com | |
| <u>Kayla.barnes@colemantalley.com</u> | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2024, at Los Angeles, California.

_____
Ann Grosso

VP/#65772291.1