

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO PALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,<br><br>Defendants. | Civil No. CV 523-023 |

**PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ENRIQUE DUQUE TOVAR**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Cristhian Zuniga Hernandez request that Defendant Enrique Duque Tovar ("Defendant EDT") produce the following documents, records and things for inspection and copying within 30 days of service of these requests at the offices of Vedder Price P.C., 1925 Century Park East, Suite 1900, Los Angeles, California 90067.

In accordance with the provisions of Rule 34(b), Plaintiffs request that Defendant EDT organize and label these documents, records and data to correspond with the categories in this request. Defendant EDT should produce all documents and things requested below which are in its custody, possession or control, as well as those in the

VP/#65572070.3

possession, custody or control of its agents, co-workers, partners, officers, directors, employees, joint ventures, bookkeepers, accountants, attorneys, and all others from whom Defendant EDT may freely secure these documents and things.

If the Defendant EDT objects to fully identifying a document or oral communication because of a privilege, it shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Plaintiffs to assess the applicability of the privilege or protection claimed.

Defendant EDT is obligated to supplement or correct its response under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## DEFINITIONS AND INSTRUCTIONS

1. The word "document" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible. Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made. Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal

-3-

memoranda, facsimiles, electronic mail, reports, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. "You" or "your" refers to Defendant Enrique Duque Tovar and/or any associated corporate entities, either as an active corporation or an entity doing business as Enrique Duque Tovar as well as any employees, officers, supervisees, directors, partners, agents, apparent agents, accountants, attorneys, and all other "persons" acting for it or purporting to represent it or to act on its behalf.

3. Unless otherwise specified, "Plaintiffs" refers to all three named Plaintiffs.

4. The words "pertain to" or "pertaining to" mean: relates to, reflects, reflecting, tends to reflect, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, and/or corroborates.

5. The term "Plaintiffs' Complaint" refers to Class Action Complaint (CV523-023) filed in this action by Plaintiffs Cristhian Zuniga Hernandez, Luis Alfonso Palmillas Lopes, and Ramon Rodriguez Mendez against Defendants Maria Leticia Patricio, Enrique Duque Tovar, Jose Carmen Duque Tovar, and MBR Farms, Inc. ("Defendants"), and any subsequent complaints filed by Plaintiffs hereafter.

6. The singular shall include the plural and vice versa, the terms "and" or "or" shall be both conjunctive and disjunctive, and the term "including" means "including without limitation."

7. You must produce the requested documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request. Electronically stored information must be produced in its native format, without alterations of any kind.

8. In response to these requests for production of documents, you are to furnish such documents as are available to you and any to which you have access and any that are currently in your possession or that of any agent, servant, or employee, included but not limited to doctors, attorneys, and investigators.

9. If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, or (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof. If the documents are unavailable because they have been destroyed, state further the identity of

the person who ordered them destroyed and/or who destroyed them together with the reason for their destruction.

      10.    If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

      (a)    description of the document (e.g., letter, deed, memorandum, computer data file, etc.), including its title if it has any;

      (b)    date(s) the document was generated or created;

      (c)    name, address, and telephone number of the author(s) of the document;

      (d)    name, address, and telephone number of any indicated recipient(s) of the document;

      (e)    name, address, and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

      (f)    subject matter of the document;

      (g)    name, address, telephone number, and position of the person(s) who have custody or control over the document;

      (h)    number of pages comprising the document; and

      (i)    basis for claiming privilege or exemption from discovery.

11. Versions of a "document" in different languages or formats are different documents and must be separately produced.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Please produce every form W-2, W-4, Form IRS-1099, I-9, application for employment, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to the Plaintiffs, including any documents provided to you by the Plaintiffs or other H-2A workers, created at any time between 2015 and the present.

**REQUEST NO. 2:**

Please produce all documents you filed with or sent to the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labor, the United States Bureau of Citizenship and Immigration Services and/or other federal or state agencies to obtain temporary alien labor certification to employ workers under the H-2A nonimmigrant visa program (respectively, "H-2A workers"), with an admittance date any time between January 1, 2015 and the present, as well as any correspondence or other documents received by you from the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labir, the United States Bureau of Citizenship and Immigration Services and/or any other federal or state agencies in response to such filings or mailings. Such documents include, but are not limited to, Form I-129s with all attachments, Form ETA 9142Bs with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, summaries of recruitment efforts, prevailing wage determinations, and any forms detailing or listing the names and/or contact information of H-2A workers.

**REQUEST NO. 3:**

Please produce any and all documents and correspondence sent to you or received by you from any individual(s), agencies, companies and/or entities utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**REQUEST NO. 4:**

Please produce any and all documents and correspondence sent to you or received by you from MBR Farms, Inc. utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**REQUEST NO. 5:**

Please produce any and all documents and correspondence sent to you or received by you from Jose Carmen Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**REQUEST NO. 6:**

Please produce any and all documents and correspondence sent to you or received by you from Sherry Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**REQUEST NO. 7:**

Please produce any and all documents and correspondence sent to you or received by you from Maria Letitia Patricio utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**REQUEST NO. 8:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers, including the Plaintiffs, who were employed by you at any time from January 1, 2015 and the present.

**REQUEST NO. 9:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and MBR Farms, Inc. at any time between 2015 and the present.

**REQUEST NO. 10:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**REQUEST NO. 11:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you Jose Carmen Duque Tovar at any time between 2015 and the present.

**REQUEST NO. 12:**

Please produce all documents evidencing or tending to evidence any policies or practices you had with respect to the recruitment, selection, hiring, employment, housing, or pay of H-2A workers from 2015 to the present.

**REQUEST NO. 13:**

Please produce all documents, including but not limited to payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations (including those made on tablets and notebooks), canceled checks, receipts, employment contracts, and employment applications, evidencing or tending to evidence any of the following information with regard to the labor of the Plaintiffs and other H-2A workers, at any time from January 1, 2015 and the present:

(a) Name of employee;

(b) Employee identification number(s);

(c) The employee's permanent address;

(d) Dates of employment;

(e) The daily starting and stopping time of all labor performed;

(f) The type of work and/or activities performed;

(g) Hours worked;

(h) Wage rate(s) paid;

(i) Gross wages paid;

(j) All withholdings from wages, and the purpose for each such withholding;

(k) Any amounts advanced, loaned, or otherwise provided to the Plaintiffs; and

(l) Net pay.

Please separate payroll records provided in response to this request by "workweek" as defined by Department of Labor regulations of the Fair Labor Standards Act, 29 C.F.R. § 778.105

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, Microsoft Access databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs. Produce the data on CD, DVD, a portable drive, or via a secure file sharing service, accompanied by documentation of the file structures and contents.

**REQUEST NO. 14:**

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**REQUEST NO. 15:**

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**REQUEST NO. 16:**

Please produce all documents reflecting any of the following information pertaining to real property you have owned at any time between January 1, 2015 and the present:

(a) The physical location of the property (address and parcel identifier);

(b) The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

(c) Commercial activities conducted on the property, including but not limited to:

        i.      Any crop(s) grown on the property;

        ii.     The acreage on which each crop was grown.

(d)    The date you purchased or otherwise acquired the property;

(e)    The purchase price of the property; and

(f)    If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

(g)    If you leased the property to another individual or entity, identify

        i.      The name of the lessee;

        ii.     The dates during which the property was leased;

        iii.    The amount the lessee paid to you to lease the property;

        iv.    Any other terms and conditions of the lease; and

        v.     The purpose for which the lessee leased the property.

**REQUEST NO. 17:**

Please produce all reports prepared by any witnesses concerning this litigation and specifically any expert witness reports.

**REQUEST NO. 18:**

Please produce all documents related to any communications with your employees or former employees since the lawsuit began in which any of the issues in this lawsuit were discussed. This should specifically include, but is not limited to: documents provided to employees or placed in common areas accessible to employees (including in any vehicles utilized by employees), documents which employees were requested to sign, even if those documents were not signed, and any and all documents signed by any employees related to this suit.

**REQUEST NO. 19:**

Please produce all documents related to any settlement, deal, agreement, or arrangement of any kind made by you or your agent(s) with a person or party or their attorney concerning this litigation, including any insurance policies that may apply to this

case. This request includes, but is not limited to, an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

**REQUEST NO. 20:**

Please produce all documents that you contend support your defense of this action.

**REQUEST NO. 21:**

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**REQUEST NO. 22:**

Please produce all documents referenced in your responses to Plaintiffs' Interrogatories.

**REQUEST NO. 23:**

Please produce all documents that explain the meaning of any codes, shorthand, untitled columns of data, data fields, or other data presentation conventions used in documents that you have produced in this litigation.

**REQUEST NO. 24:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**REQUEST NO. 25:**

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

**REQUEST NO. 26:**

Please produce all information returns you submitted to the U.S. Internal Revenue Service between January 1, 2016 and the present.

-12-

**REQUEST NO. 27:**

Please produce any annual or fiscal year financial statements, cash flow statements, balance sheets, tax returns, and shareholder statements, prepared for you for the fiscal year including January 1, 2018 and each subsequent year until the date of the trial in this case.

**REQUEST NO. 28:**

Please produce all documents reflecting bank, investment, casino, and other financial accounts held, operated, controlled, or accessible by you.

**REQUEST NO. 29:**

Please produce all documents reflecting any transaction between you and the Seminole Hard Rock Hotel & Casino Tampa from 2015 to present.


Dated:   March 21, 2024                                    VEDDER PRICE (CA), LLP

By: _____
Charlie Y. Wang (pro hac vice)
cwang@vedderprice.com

1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorney for Plaintiffs

VP/#65572070.3

# CERTIFICATE OF SERVICE

I, Ann Grosso, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1925 Century Park East, Suite 1900, Los Angeles, California 90067. On March 21, 2024, I served a copy of the within document(s):

**PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ENRIQUE DUQUE TOVAR**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below..

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below

| | |
|---|---|
| James R. Miller<br>ELLIOTT BLACKBURN PC<br>3016 North Patterson Street<br>Valdosta, Georgia 31602<br>Tel: 229.242.3333<br>jmiller@elliottblackburn.com | *Attorney for Defendant*<br>ENRIQUE DUQUE TOVAR |
| Mark A. Gilbert<br>Kayla H. Barnes<br>COLEMAN TALLEY LLP<br>3344 Peachtree Road NE, Suite 1950<br>Atlanta, GA 30326<br>Tel: 229-671-8231<br>Tel: 904-456-8966 \| Cell: 229-251-8551<br>Mark.gilbert@colemantalley.com<br>Kayla.barnes@colemantalley.com | *Attorney for Defendant*<br>MBR FARMS, INC |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2024, at Los Angeles, California.

_____
Ann Grosso

VP/#65772291.1