**EXHIBIT**
**DW-5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ

on behalf of themselves and all those similarly
situated,

        Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

        Defendants.

Civil No. CV 523-023

**ENRIQUE DUQUE TOVAR'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA
HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION**

ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, responds as follows
to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set of Request for Production to
Enrique Duque Tovar:

**GENERAL OBJECTIONS**

Enrique Duque Tovar ("Defendant") objects generally to producing information generated
in anticipation of litigation, privileged information generated in the course of litigation,
information reflecting attorney/client communications, and information containing attorney work
product.

**PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS**

These responses are based on diligent exploration by Defendant, and they reflect only the
current state of Defendant's knowledge, understanding, and belief with respect to the matters

addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege. Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

### **REQUEST NO. 1:**

Please produce every form W-2, W-4, Form IRS-1099, I-9, application for employment, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to the Plaintiffs, including any documents provided to you by the Plaintiffs or other H-2A workers, created at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. As Plaintiff has previously been made aware, Defendant's employment and other records related to Plaintiffs and its other H2A workers have previously been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 2:**

Please produce all documents you filed with or sent to the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labor, the United States Bureau of Citizenship and Immigration Services and/or any other federal or state agencies to obtain temporary alien labor certification to employ workers under the H-2A nonimmigrant visa program (respectively, "H-2A workers"), with an admittance date any time between January 1, 2015 and the present, as well as any correspondence or other documents received by you from the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labir, the United States Bureau of Citizenship and Immigration Services and/or any other federal or state agencies in response to such filings or mailings. Such documents include, but are not limited to, Form I-129s with all attachments, Form ETA 9142Bs with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, summaries of recruitment efforts, prevailing wage determinations, and any forms detailing or listing the names and/or contact information of H-2A workers.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Defendant did not employ H2A workers at any time prior to 2020, and he did not employ the named Plaintiffs in any year other than 2021. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this**

civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 3:**

Please produce any and all documents and correspondence sent to you or received by you from any individual(s), agencies, companies and/or entities utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 4:**

Please produce any and all documents and correspondence sent to you or received by you from MBR Farms, Inc. utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what

documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 5:**

Please produce any and all documents and correspondence sent to you or received by you from Jose Carmen Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 6:**

Please produce any and all documents and correspondence sent to you or received by you from Sherry Duque Tovar utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the**

requested documentation at this time. By way of further response, Defendant states that Sherry Duque Tovar is his wife. While his wife has helped him on occasion with discrete tasks related to his business, her role and her involvement in his business affairs has been very limited.

**REQUEST NO. 7:**

Please produce any and all documents and correspondence sent to you or received by you from Maria Letitia Patricio utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 8:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers, including the Plaintiffs, who were employed by you at any time from January 1, 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the

aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 9:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and MBR Farms, Inc. at any time between 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did not do business with MBR Farms, Inc. prior to 2021 or at any time since 2021.

**REQUEST NO. 10:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**Response:** Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what

documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

<u>REQUEST NO. 11:</u>

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you Jose Carmen Duque Tovar at any time between 2015 and the present.

**Response**: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

<u>REQUEST NO. 12:</u>

Please produce all documents evidencing or tending to evidence any policies or practices you had with respect to the recruitment, selection, hiring, employment, housing, or pay of H-2A workers from 2015 to the present.

**Response**: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 13:**

Please produce all documents, including but not limited to payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations (including those made on tablets and notebooks), canceled checks, receipts, employment contracts, and employment applications, evidencing or tending to evidence any of the following information with regard to the labor of the Plaintiffs and other H-2A workers, at any time from January 1, 2015 and the present:

    (a)     Name of employee;

    (b)     Employee identification number(s);

    (c)     The employee's permanent address;

    (d)     Dates of employment;

    (e)     The daily starting and stopping time of all labor performed;

    (f)     The type of work and/or activities performed;

    (g)     Hours worked;

    (h)     Wage rate(s) paid;

    (i)     Gross wages paid;

    (j)     All withholdings from wages, and the purpose for each such withholding;

    (k)     Any amounts advanced, loaned, or otherwise provided to the Plaintiffs; and

    (l)     Net pay.

Please separate payroll records provided in response to this request by "workweek" as defined by Department of Labor regulations of the Fair Labor Standards Act, 29 C.F.R. § 778.105

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, Microsoft Access databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs. Produce the data on CD, DVD, a portable drive, or via a secure file sharing service, accompanied by documentation of the file structures and contents.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers.**

However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.

**REQUEST NO. 14:**

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did no employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.**

**REQUEST NO. 15:**

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers.**

However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did no employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.

**REQUEST NO. 16:**

Please produce all documents reflecting any of the following information pertaining to real property you have owned at any time between January 1, 2015 and the present:

(a)     The physical location of the property (address and parcel identifier);

(b)     The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

(c)     Commercial activities conducted on the property, including but not limited to:

   i.     Any crop(s) grown on the property;

   ii.     The acreage on which each crop was grown.

(d)     The date you purchased or otherwise acquired the property;

(e)     The purchase price of the property; and

(f)     If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

(g)     If you leased the property to another individual or entity, identify

   i.     The name of the lessee;

   ii.     The dates during which the property was leased;

   iii.     The amount the lessee paid to you to lease the property;

   iv.     Any other terms and conditions of the lease; and

   v.     The purpose for which the lessee leased the property.

**Response: See objections and response to Interrogatory No. 1, which are incorporated herein**

by reference. Subject to and without waiving those objections, Defendant states that he sold the 506 Railroad Avenue property in 2019 and does not maintain any records related to it. Copies of deeds can be obtained through the Clerk of Court's electronic database at www.gsccca.org.

**REQUEST NO. 17:**

Please produce all reports prepared by any witnesses concerning this litigation and specifically any expert witness reports.

**Response: None.**

**REQUEST NO. 18:**

Please produce all documents related to any communications with your employees or former employees since the lawsuit began in which any of the issues in this lawsuit were discussed. This should specifically include, but is not limited to: documents provided to employees or placed in common areas accessible to employees (including in any vehicles utilized by employees), documents which employees were requested to sign, even if those documents were not signed, and any and all documents signed by any employees related to this suit.

**Response: None. Defendant further states that he has not hired or maintained any employees during the pendency of this action.**

**REQUEST NO. 19:**

Please produce all documents related to any settlement, deal, agreement, or arrangement of any kind made by you or your agent(s) with a person or party or their attorney concerning this litigation, including any insurance policies that may apply to this case. This request includes, but is not limited to, an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

**Response: Defendant objects to this request as needlessly invasive and irrelevant to any facts at issue in this case. Subject to and without waiving the foregoing objections, Defendant stats that he is not aware of any insurance policies that may apply to this action nor has anyone offered or agreed to indemnify him against any losses or costs related to this action.**

**REQUEST NO. 20:**

Please produce all documents that you contend support your defense of this action.

**Response: Defendant objects to this request as being overly broad and as an impermissible attempt to uncover trial strategy. Defendants further notes the existence of the aforementioned protective order which limits his ability to access documents that may be relevant to his defense.**

**REQUEST NO. 21:**

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 22:**

Please produce all documents referenced in your responses to Plaintiffs' Interrogatories.

**Response: Given the existence of the aforementioned protective order, Defendant has not identified any documents in response to Plaintiff's Interrogatories.**

**REQUEST NO. 23:**

Please produce all documents that explain the meaning of any codes, shorthand, untitled columns of data, data fields, or other data presentation conventions used in documents that you have produced in this litigation.

**Response: Defendant does not believe that this request applies to any documents being produced.**

**REQUEST NO. 24:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the factual purview of this case insofar as this**

**Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

<u>**REQUEST NO. 25:**</u>

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

<u>**Response:**</u> ***United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC**

<u>**REQUEST NO. 26:**</u>

Please produce all information returns you submitted to the U.S. Internal Revenue Service between January 1, 2016 and the present.

<u>**Response:**</u> **Defendant objects to this request as overly broad and needlessly invasive. Plaintiff has not made any particularized allegations against this Defendant that would justify an intrusion into his tax returns dating back to 2016. Defendant objects to this request to the extent that it impermissibly seeks information concerning his financial condition which would only otherwise be discoverable in a post-judgment context. Subject to and without waiving the foregoing objections, Defendant is producing his tax returns for 2018 and 2019, which are the most recent tax returns he has submitted to the U.S. Internal Revenue Service.**

<u>**REQUEST NO. 27:**</u>

Please produce any annual or fiscal year financial statements, cash flow statements, balance sheets, tax returns, and shareholder statements, prepared for you for the fiscal year including January 1, 2018 and each subsequent year until the date of the trial in this case.

<u>**Response:**</u> **Defendant objects to this request as overly broad and needlessly invasive. Plaintiff has not made any particularized allegations against this Defendant that would justify an intrusion into his tax returns dating back to 2016. Defendant objects to this request to the extent that it impermissibly seeks information concerning his financial condition which would only otherwise be discoverable in a post-judgment context. Subject to and without**

waiving the foregoing objections, Defendant is producing his tax returns for 2018 and 2019, which are the last two tax returns that Defendant has filed. Defendant further states that he does not have and has never created cash flow statements, balance sheets, or other financial statements. Furthermore, Defendant is a sole proprietor, so the request for shareholder statements does not apply.

**REQUEST NO. 28:**

Please produce all documents reflecting bank, investment, casino, and other financial accounts held, operated, controlled, or accessible by you.

**Response:** Defendant objects to this request as vague, overly broad, and needlessly intrusive. The only bank account Defendant has ever maintained is a joint checking account with his wife for personal and household purposes. Defendant has never used that account for business purposes.

**REQUEST NO. 29:**

Please produce all documents reflecting any transaction between you and the Seminole Hard Rock Hotel & Casino Tampa from 2015 to present.

**Response:** None. Defendant has never had a transaction of any kind with Seminole Hard Rock Hotel & Casino Tampa.

Respectfully submitted, this 26th day of April, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

## <u>CERTIFICATE OF SERVICE</u>

GEORGIA, LOWNDES COUNTY

    I hereby certify that I have served the foregoing ***Defendant Enrique Duque Tovar's Response to Christhian Zuniga Hernandez's First Set of Requests for Production to Enrique Duque Tovar*** upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 26th day of April, 2024.

ELLIOTT BLACKBURN PC

*/s/ James R. Miller*
JAMES R. MILLER
Georgia Bar No.: 159080

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ,

on behalf of themselves and all those similarly
situated,

        Plaintiffs,

v.

                                  Civil No. CV 523-023

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

        Defendants.

**ENRIQUE DUQUE TOVAR'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA
HERNANDEZ'S FIRST SET OF INTERROGATORIES**

        ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, responds as follows

to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set  of Interrogatories to Enrique

Duque Tovar:

### **GENERAL OBJECTIONS**

        Enrique Duque Tovar ("<u>Defendant</u>") objects generally to producing information generated

in anticipation of litigation, privileged information generated in the course of litigation,

information reflecting attorney/client communications, and information containing attorney work

product.

        Defendant also objects to the number of Interrogatories which have been served upon him.

Fed. R. Civ. P. 33(a)(1) limits a party to serving "no more than 25 written interrogatories, including

all discrete subparts." Plaintiff's Interrogatories are numbered at 20, but multiple interrogatories

contain discrete subparts which cause Plaintiff's Interrogatories to exceed the maximum number of permissible interrogatories. Defendant's good faith efforts to answer each of the Plaintiff's Interrogatoreis should not be construed as waiver of Defendant's objection to the excessive number of Interrogatories.

## PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS

These responses are based on diligent exploration by Defendant, and they reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege.  Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel.  To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Georgia Civil Practice Act.

## **RESPONSES TO INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Please list all real property you have owned between January 1, 2015 and the present. For each property, provide:

  a.  The physical location of the property (address and parcel identifier);

  b.  The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

  c.  A description of all commercial activities conducted on the property, including but not limited to:

    (i)  Any crop(s) grown on the property (for sod, indicate the sod variety, such as fescue);

    (ii)  The acreage on which each crop was grown.

  d.  The date you purchased or otherwise acquired the property;

  e.  The purchase price of the property; and

  f.  If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

  g.  If you leased the property to another individual or entity, identify

    (i)  The name of the lessee;

    (ii)  The dates during which the property was leased;

    (iii)  The amount the lessee paid to you to lease the property; and

    (iv)  The purpose for which the lessee leased the property.

Your answers to this interrogatory should be segregated by individual properties.

**Response: Defendant objects to this Interrogatory to the extent that it impermissibly seeks information concerning his financial condition which would only otherwise be discoverable**

in a post-judgment context. Defendant also objects to this Interrogatory as being compound, overly burdensome, and characterized by subparts that are irrelevant to any issue in this case, and Defendant objects to the time period of this interrogatory, which extends far beyond the facts relevant to this case. Subject to and without waiving the foregoing objections, Defendant states that the only real property that he has owned during the subject time period is the residential real property located at 506 Railroad Avenue in Atkinson County, Georgia (tax parcel P016 029). Defendant purchased the home for $10,000.00 on July 7, 2017, and sold it for $15,000 on August 23, 2019.

### INTERROGATORY NO. 2:

State all facts upon which you contend, in your Sixth Affirmative Defense, that "Plaintiffs have failed to mitigate their alleged damages." Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**Response: Defendant notes that discovery is still ongoing, and it objects to this interrogatory as being premature. Defendant reserves the right to supplement this interrogatory after it has had adequate opportunity to conduct discovery. Defendant further objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine.**

### INTERROGATORY NO. 3:

Please list the name, current residential and business address, and current residential and business telephone number of each person known to you, other than the parties to this action, who has knowledge of the events and matters which are the subject of this suit. Please also indicate whether written or recorded statements have been taken from the person, and who has possession of such statements.

**Response: In response to this Interrogatory, Defendant refers Plaintiff to the persons listed in Section I of Defendants Initial Disclosures. In addition to those persons, Defendant is presently aware of the following people who may possess knowledge of the events and matters that are the subject of this lawsuit:**

1. **Terry Barnes – (912)520-8989**
   **Terry Barnes provided housing for some of the H-2A workers employed by Defendant during the 2021 crop season.**

2. **Ramon Ramirez – Contact Information Unknown**
   **Ramon Ramirez provided housing for some of the H-2A workers employed by Defendant during the 2021 crop season.**

3. **Fermin Plasencia – Contact Information Unknown**

**Fermin Plasencia provided housing for some of the H-2A workers employed by Defendant during the 2021 crop season.**

4. **Alfonso Boney – (470)636-3726**
   **Alfonso Boney drove a shuttle bus that transported some of the H-2A workers employed by Defendant during the 2021 crop season from the U.S.-Mexico border to Atkinson County, Georgia.**

5. **Amadeo Duque – Contact Information Unknown**
   **Amadeo Duque is Defendant's brother, and he assisted with driving a small number of the H-2A workers employed by Defendant during the 2021 crop season from the U.S.-Mexico border to Atkinson County, Georgia.**

**Defendant does not have written or recorded statements from any of the foregoing persons.**

## INTERROGATORY NO. 4:

For every individual with an H-2A nonimmigrant visa ("H-2A workers") whom you employed at any point from January 1, 2015 to the present, please provide the following information:

    a.    Full name;

    b.    Last known address;

    c.    E-mail address(es);

    d.    Telephone numbers, including residential and mobile phones;

    e.    Job title;

    f.    Job description and/or responsibilities; and

    g.    Dates of utilization.

**Response: Defendant objects to this interrogatory as being overly broad and unduly burdensome. Furthermore, as Plaintiff has previously been made aware, Defendant's employment and other records related to those workers have previously been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shared with Defendant's counsel in this case, or otherwise made available in this civil action. Without the benefit of those records, Defendant cannot provide the requested information.**

## INTERROGATORY NO. 5:

Please identify all persons or entities who/which assisted you with filing and obtaining approval of H-2A nonimmigrant visa applications between January 1, 2015 and the present.

**Response:** **For the 2020 season, a woman named Griselda in Douglas, Georgia, assisted Defendant with the filing and approval process for H-2A nonimmigrant visas. For the 2021 season, Maria Leticia Patricio assisted Defenant with the filing and approval process for H-2A nonimmigrant visas.**

## INTERROGATORY NO. 6:

Please identify all persons or entities who/which assisted you with the recruitment of H-2A workers between January 1, 2015 and the present.

**Response:** **In 2021, Defendant received assistance in H-2A recruitment from his brother Jose Carmen Duque Tovar and from a man in Hidalgo, Mexico named Lino Perez. In 2020, Defendant received assistance in H-2A recruitment from Lino Perez and Hugo Perez of Hidalgo, Mexico.**

## INTERROGATORY NO. 7:

Please identify all persons or entities with whom you had a business relationship to provide housing, including utilities, to H-2A workers between January 1, 2015 and the present.

**Response:** **2020 and 2021 are the only years in which Defendant has needed to provided housing to H-2A workers. To the best of Defendant's recollection and without the benefit of his business records, he contracted with the following persons to provide housing during one or both of those years:**

1. **Terry Barnes – (912)520-8989**
2. **Ramon Ramirez – Contact Information Unknown**
3. **Fermin Plasencia – Contact Information Unknown**
4. **Reynaldo Gonzalez - (912) 381-6778**

## INTERROGATORY NO. 8:

Please identify your telephone service provider(s) (mobile and land service) and all telephone numbers associated with you between January 1, 2015 and the present.

**Response: Home Phone – 912-422-7206; Planttell**

**Cell phone prior to confiscation of cellular telephone by federal investigators: (912)592-9592; Straight Talk**

**Cell phone obtained after confiscation of cellular telephone by federal investigators: (912)493-0614; Page Plus**

## INTERROGATORY NO. 9:

Please identify all e-mail addresses associated with you between January 1, 2015 and the present. For each separate e-mail address, identify the person(s) with access to that account during said time period and the email service provider.

**Response: None. Defendant has never used or maintained an email address.**

### INTERROGATORY NO. 10:

Please identify your internet service provider(s) between January 1, 2015 and the present.

**Response: Planttell.**

### INTERROGATORY NO. 11:

Please identify all courier services, such as DHL or Federal Express, with which you had an account between January 1, 2015 and the present.

**Response: None.**

### INTERROGATORY NO. 12:

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party during the last ten years, or in which a corporate officer, director, agent, or employee has testified on your behalf during the last ten years. Please identify the case style, cause number and court or agency in which each action was pending, and briefly describe the nature of the proceedings.

**Response: *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC.**

### INTERROGATORY NO. 13:

Please describe all measures taken to maintain, preserve, and safeguard against disposal, destruction, or any other damage to any and all documents in your possession or control relating to any allegation made in, or involving any party or potential party to this litigation. Your answer should include any and all affirmative steps taken to ensure and monitor compliance with an appropriate "litigation hold" until discovery in the instant litigation is completed and issues of relevance are determined by the Court and the date(s) such steps were taken.

**Response: As previously noted, Defendant's business records are in the possession of the United States government and are subject to a protective order. Therefore, Defendant has not been in a position to take affirmative steps to safeguard relevant documentation.**

### INTERROGATORY NO. 14:

Please describe the make, model, operating system, each version of each operating system, and period of use, of each electronic information system (including but not limited to computers; portable drives; local, remote, and "cloud" servers or services; tablets, PDAs, and smart phones) that you use, or have used to store, create, generate, manage, copy, convert, manipulate, destroy, shred, alter, or delete documents, electronically stored information and other tangible things between 2015 and the present date.

**Response: Defendant does not presently own a computer, tablet, or PDA, nor has he**

previously owned a computer, tablet, or PDA. Defendant did previously own and use a Samsung smartphone for personal and business use, but he cannot recall the model or other details, and it is presently in the possession of the United States government. He currently has a Samsung cellular telephone. Felix Herandez, who worked for Defendant as a crew leader during the 2021 season, purchased a laptop computer on his own to use in maintaining records, for which Defendant provided reimbursement. Defendant does not know the make or model of the laptop.

### INTERROGATORY NO. 15:

Please identify each employee, vendor, contractor, or subcontractor who created, designed, purchased or leased the electronic information system for you, and was responsible for its management, operation, maintenance, repair, and technical support, as well as each person or entity from whom/which the system was purchased or leased.

**Response: As noted above, Felix Hernandez purchased and used a laptop computer to maintain work records during the 2021 season. Defendant does not have access to that computer and has never previously accessed or used that computer, and he does not know what software was installed on it or otherwise accessed through it.**

### INTERROGATORY NO. 16:

Please identify each tax preparer you used for the purpose of preparing and/or submitting information returns between January 1, 2015 and the present.

**Response: Sheila Cribb.**

### INTERROGATORY NO. 17:

Please identify each person you know, other than the parties to this action, to have knowledge of the events and matters which are the subject of this suit, and for each such person, please provide:

a. the name, current address, and telephone number of the person;

b. a description of the knowledge the person has;

c. whether any written or recorded statements regarding the events and matters which are the subject of this suit have been taken from the person; and

d. if so, who has possession of such statements.

**Response: See Defendant's response to Interrogatory No. 3.**

### INTERROGATORY NO. 18:

Please describe in complete detail all operations, tasks, projects, work, and/or business performed by you for Defendant MBR Farms, Inc. between January 1, 2015 and the present.

**Response: 2021 is the only year in which Defendant has provided services of any kind to MBR Farms, Inc. During that growing season, Defendant provided H-2A workers to pick blueberries and to perform maintenance in the fields after picking had been completed.**

### INTERROGATORY NO. 19:

Please provide the last known contact information for Jose Carmen Duque Tovar, including his residential and mobile phone number(s), address, and e-mail address.

**Response: Defendant does not have an address or email address for Jose Carmen Duque Tovar. The last phone number that Defendant had for Jose Carmen Duque Tovar is 52 482 113 3472.**

### INTERROGATORY NO. 20:

Please detail every transaction between you and the Seminole Hard Rock Hotel & Casino Tampa from 2015 to present, including providing the following information:

a.   The date of the transaction;

b.   The purpose of the transaction;

c.   The identity of all individuals involved in the transaction, including the telephone number, address, and job title;

d.   The amount of the transaction;

e.   Identifying any supporting documentation reflecting the transaction.

**Response: None.**


Respectfully submitted, this 26th day of April, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

**<u>CERTIFICATE OF SERVICE</u>**

GEORGIA, LOWNDES COUNTY

     I hereby certify that I have served the foregoing ***Defendant Enrique Duque Tovar's***

***Response to Christhian Zuniga Hernandez's First Set of Interrogatories to Enrique Duque***

***Tovar*** upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 26th day of April, 2024.

                               ELLIOTT BLACKBURN PC

                               */s/ James R. Miller*
                               JAMES R. MILLER
                               Georgia Bar No.: 159080

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ

on behalf of themselves and all those similarly
situated,

       Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

       Defendants.

Civil No. CV 523-023

**ENRIQUE DUQUE TOVAR'S SUPPLEMENTAL RESPONSES TO PLAINTIFF
CRISTHIAN ZUNIGA HERNANDEZ FIRST SET OF REQUESTS FOR PRODUCTION**

ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, hereby supplements

his responses to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set of Request for

Production to Enrique Duque Tovar:

**GENERAL OBJECTIONS**

Enrique Duque Tovar ("Defendant") objects generally to producing information generated

in anticipation of litigation, privileged information generated in the course of litigation,

information reflecting attorney/client communications, and information containing attorney work

product.

**PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS**

These responses are based on diligent exploration by Defendant, and they reflect only the

current state of Defendant's knowledge, understanding, and belief with respect to the matters

addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege. Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 9:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and MBR Farms, Inc. at any time between 2015 and the present.

**Response:** **Defendant objects to this request as overly broad, unduly burdensome, and not**

reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that, according to his understanding of the protective order, all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he did not have a business relationship or engage in business dealings with MBR Farms, Inc. prior to 2021 or at any time since 2021, and Defendants has not been a party to any correspondence with MBR Farms, Inc. subsequent to 2021.

**REQUEST NO. 10:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**Response**: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that, according to his understanding of the protective order, all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he has not been party to any correspondence with Maria Letitia Patricio since his cell phone was confiscated by the U.S. government.

**REQUEST NO. 11:**

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you Jose Carmen Duque Tovar at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. For the avoidance of doubt, Defendant states that all documents responsive to this request are subject to the protective order, and, consequently, Defendant is unable to produce responsive documentation at this time. By way of further response, Defendant states that he has not been party to correspondence with Jose Carmen Duque Tovar since his cell phone was confiscated by the U.S. government.**

**REQUEST NO. 14:**

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further**

response, Defendant states that he did not employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.

**REQUEST NO. 15:**

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. By way of further response, Defendant states that he did not employ or house any H2A workers prior to 2020 and did not employ or house any of the named Plaintiffs in any year other than 2021.**

**REQUEST NO. 21:**

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order,**

as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is generally unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time. Defendant has, however, sent certain open records requests in an effort to obtain information concerning the incidents alleged in Plaintiffs' Complaint involving law enforcement, and the responses to those requests are being produced herewith.

**REQUEST NO. 24:**

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**Response: Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. A request for records dating back to 2015 far exceeds the potential scope of this case insofar as this Defendant is concerned. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant would only have documents of the type being requested for 2020 and 2021, as those were the only two years in which Defendant employed H-2A workers. However, as Plaintiff has previously been made aware, Defendant's employment and other records and his cellular telephone have been confiscated as part of the United States' investigation related to the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, and those records are subject to a protective order which prevents them from being used by Defendant, shown to or shared with Defendant's counsel in this case, or otherwise made available in this civil action. A copy of that protective order, as well as the motion precipitating it, were previously shared with Plaintiffs' counsel on October 24, 2023. Given the existence of the aforementioned protective order, Defendant is unable to determine and state what documents responsive to this request may exist and is further unable to produce the requested documentation at this time.**

**REQUEST NO. 25:**

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

**Response: Defendant objects to this request as overly broad and unduly vague. Defendant does not know what Plaintiff means by such terms as "reviewed," "inspected," or "examined" but anticipates that anyone submitting documents or otherwise having affairs within the purview of the named agencies has likely been reviewed or examined for legal compliance in the ordinary course of business. Defendant objects to this interrogatory to the extent that it seeks information of that kind. Subject to and without waiving the foregoing**

**objections, Defendants states that, to his knowledge, the only time he has been investigated, cited, warned, interviewed, or prosecuted by any federal or state agency is *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, United States District Court for the Southern District of Georgia.**

Respectfully submitted, this 7th day of June, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

<u>**CERTIFICATE OF SERVICE**</u>

GEORGIA, LOWNDES COUNTY

     I hereby certify that I have served the foregoing ***Defendant Enrique Duque Tovar's***

***Supplemental Response to Christhian Zuniga Hernandez's First Set of Requests for Production***

***to Enrique Duque Tovar*** upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

    This 7th day of June, 2024.

                                          **ELLIOTT BLACKBURN PC**

                                          */s/ James R. Miller*
                                          JAMES R. MILLER
                                          Georgia Bar No.: 159080

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CRISTHIAN ZUNIGA HERNANDEZ, LUIS
ALFONSO PALMILLAS LOPEZ, and
RAMON RODRIGUEZ MENDEZ,

on behalf of themselves and all those similarly
situated,

        Plaintiffs,

v.

MARIA LETICIA PATRICIO, ENRIQUE
DUQUE TOVAR, JOSE CARMEN DUQUE
TOVAR, and MBR FARMS, INC., a Georgia
corporation,

        Defendants.

Civil No. CV 523-023

**ENRIQUE DUQUE TOVAR'S SUPPLEMENTAL RESPONSES TO PLAINTIFF
CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF INTERROGATORIES**

        ENRIQUE DUQUE TOVAR, Defendant in the above-styled action, hereby supplements

his responses to Plaintiff CHRISTHIAN ZUNIGA HERNANDEZ'S First Set of Interrogatories

to Enrique Duque Tovar:

**<u>GENERAL OBJECTIONS</u>**

        Enrique Duque Tovar ("<u>Defendant</u>") objects generally to producing information generated

in anticipation of litigation, privileged information generated in the course of litigation,

information reflecting attorney/client communications, and information containing attorney work

product.

        Defendant also objects to the number of Interrogatories which have been served upon him.

Fed. R. Civ. P. 33(a)(1) limits a party to serving "no more than 25 written interrogatories, including

all discrete subparts." Plaintiff's Interrogatories are numbered at 20, but multiple interrogatories

contain discrete subparts which cause Plaintiff's Interrogatories to exceed the maximum number of permissible interrogatories. Defendant's good faith efforts to answer each of the Plaintiff's Interrogatories should not be construed as waiver of Defendant's objection to the excessive number of Interrogatories.

## **PRELIMINARY STATEMENT AND CONTINUING OBJECTIONS**

These responses are based on diligent exploration by Defendant, and they reflect only the current state of Defendant's knowledge, understanding, and belief with respect to the matters addressed in the Interrogatories. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating herself to do so, Defendant reserves the right to modify or supplement his responses with such pertinent information as he may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work product doctrine or privilege. Covered by such privilege or doctrine is information concerning analysis and evaluation of this case and related matters involving legal counsel. To the extent any request may be construed as calling for disclosure of documents protected by any such privilege or doctrine, a continuing objection to each and every request is hereby interposed.

The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and do not purport to be the precise language of the executing party.

Defendant further objects to the extent that any request or interrogatory seeks for the Defendant to supplement interrogatory responses beyond that which is required by the Georgia Civil Practice Act.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

State all facts upon which you contend, in your Sixth Affirmative Defense, that "Plaintiffs have failed to mitigate their alleged damages." Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**Response: Defendant notes that discovery is still ongoing, and he reserves the right to supplement this interrogatory response as information is obtained and after it has had adequate opportunity to conduct discovery. Defendant further objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendant states as follows: Defendant has a right to preserve defenses which may apply but which will need to be developed further in discovery such as the defense of failure to mitigate. Defendant is not presently aware of what actions Plaintiffs may or may not have taken to mitigate their claimed damages, but Defendant intends to inquire about this topic through interrogatories and during the depositions of Plaintiffs and will supplement this response as appropriate.**

### INTERROGATORY NO. 4:

For every individual with an H-2A nonimmigrant visa ("H-2A workers") whom you employed at any point from January 1, 2015 to the present, please provide the following information:

    a.     Full name;

    b.     Last known address;

    c.     E-mail address(es);

    d.     Telephone numbers, including residential and mobile phones;

    e.     Job title;

    f.     Job description and/or responsibilities; and

g.    Dates of utilization.

**Response: As an initial response, Defendant states that he only employed H-2A workers during 2020 and 2021. Therefore, there is no responsive information for any other years during the specified time period. With respect to H-2A workers employed by Defendant in 2020 and 2021, Defendant responds as follows: Other than the Plaintiffs who have brought this action, whom Defendant employed in 2021 only, Defendant does not remember the names of the H-2A workers he employed in 2020 and 2021 or their respective job responsibilities and dates of utilization. Similarly, he does not remember any worker's mailing or residence address, email address, and/or telephone number. In order to provide this information, Defendant would need to refer to his business and employment records from 2020 and 2021. As Plaintiffs have previously been made aware, Defendant's business, employment, and other records related to H-2A workers are subject to a protective order in the pending criminal action styled as *United States v. Patricio, et al.*, No. 5:21-cr-00009-LGW-BWC, U.S. District Court for the Southern District of Georgia. A stated reason that the United State government sought the protective order is the need to protect the safety of the foreign national workers identified in the records. Therefore, while Defendant does not personally remember the requested information and cannot provide it for that reason, it is also his understanding and interpretation of the protective order that he is prohibited from sharing the names and other identifying information about the H-2A workers who are identified in those records.**

**INTERROGATORY NO. 13:**

Please describe all measures taken to maintain, preserve, and safeguard against disposal, destruction, or any other damage to any and all documents in your possession or control relating to any allegation made in, or involving any party or potential party to this litigation. Your answer should include any and all affirmative steps taken to ensure and monitor compliance with an appropriate "litigation hold" until discovery in the instant litigation is completed and issues of relevance are determined by the Court and the date(s) such steps were taken.

**Response: Defendant objects to this interrogatory as vague in that it does not explain what is meant by a document "relating to" any allegation made in or "involving" any party or potential party to this litigation. It also requires Defendant to anticipate non-parties to this action that could conceivably become parties in the future. As written, this formulation is incredibly broad and inherently elastic with the potential for differing interpretations. In addition, as formulated, this interrogatory seeks information regarding preservation of all documents "involving" Defendant, which is plainly too broad, as it is not limited to documents bearing some relationship to this case. that are unrelated to the facts or issues before the Court in this case. Subject to and without waiving the foregoing objection, Defendant states as follows:**

**All of Defendant's documents relating to Plaintiffs, the employment of H-2A workers by Defendant, or the allegations of Plaintiffs' Complaint are currently in the possession of the United States government and are subject to aforementioned protective order. Because the United States government has taken possession of such documents, Defendant has not been**

in a position to or had a need to take further affirmative steps to safeguard said documentation.

### INTERROGATORY NO. 14:

Please describe the make, model, operating system, each version of each operating system, and period of use, of each electronic information system (including but not limited to computers; portable drives; local, remote, and "cloud" servers or services; tablets, PDAs, and smart phones) that you use, or have used to store, create, generate, manage, copy, convert, manipulate, destroy, shred, alter, or delete documents, electronically stored information and other tangible things between 2015 and the present date.

**Response: Defendant does not presently own or use a computer, tablet, or PDA, nor has he previously owned or used a computer, tablet, or PDA for any purpose. Defendant did previously own and use a Samsung smartphone for personal and business use, but he cannot recall the model or other details, and it is presently in the possession of the United States government. He currently has a Samsung cellular telephone that he obtained after his previous phone was confiscated. Felix Herandez, who worked for Defendant as a crew leader during the 2021 season, purchased a laptop computer on his own to use in maintaining records related to farm workers, and Defendant provided reimbursement to Mr. Hernandez for that expense. Defendant does not know the make or model of the laptop or have access to it.**

This 7th day of June, 2024.

ELLIOTT BLACKBURN PC

/s/ James R. Miller
JAMES R. MILLER
Georgia Bar No.: 159080
*Attorney for Defendant Enrique Duque Tovar*

3016 North Patterson Street
Valdosta, Georgia 31601
(229) 242-3333
jmiller@elliottblackburn.com

## <u>CERTIFICATE OF SERVICE</u>

GEORGIA, LOWNDES COUNTY

I hereby certify that I have served the foregoing ***Defendant Enrique Duque Tovar's Supplemental Responses to Christhian Zuniga Hernandez's First Set of Interrogatories to Enrique Duque Tovar*** upon all counsel of record by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 7th day of June, 2024.

ELLIOTT BLACKBURN PC

*/s/ James R. Miller*
JAMES R. MILLER
Georgia Bar No.: 159080