IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ, <br><br>  Plaintiffs, <br><br> v. <br><br> MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, <br><br> Defendants. | Civil No. CV 523-023 |

### DEFENDANT MBR FARMS, INC.'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant MBR Farms, Inc. (hereinafter referred to as "MBR"), in the above-captioned matter, and responds to Plaintiff Cristhian Zuniga Hernandez's First Set of Interrogatories to MBR as follows:

### SECTION I: OBJECTIONS

(A) MBR objects to each and every interrogatory to the extent that it would require them to respond by disclosing its attorney's or representative's mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said interrogatory exceeds the permissible scope of discovery under federal law and the Federal Rules of Civil Procedure.

-1-

(B)  MBR objects to each and every interrogatory to the extent that it, whether standing alone or taken in conjunction with any and all interrogatories, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to MBR, or would be unduly vexatious or unduly burdensome to respond to, or would require them to engage in investigative efforts burdensome to the point of oppression, on the ground that said interrogatory exceeds the permissible scope of discovery under federal law and the Federal Rules of Civil Procedure.

(C)  MBR objects to each and every interrogatory to the extent that it requires them to respond by acquiring or supplying information that would be irrelevant to the subject matter or issues of this action and is not reasonably calculated to lead to the discovery of admissible evidence under federal law and the Federal Rules of Civil Procedure.

(D)  MBR objects to each and every interrogatory to the extent that it requires them to respond by waiving its attorney-client privilege, on the ground that said interrogatory exceeds the permissible scope of discovery under federal law and the Federal Rules of Civil Procedure.

(E)  MBR objects to the caption or preface to the interrogatories to the extent that the MBR is requested to file responses that exceed the scope of discovery of federal law and the Federal Rules of Civil Procedure or within a period of time which is less than that allowed to respond to interrogatories under federal law and the Federal Rules of Civil Procedure. MBR's responses herein are made in compliance with federal law and the Federal Rules of Civil Procedure, and not pursuant to the conditions sought to be imposed by Plaintiff in the caption or preface to the interrogatories.

(F)  MBR objects to the interrogatories to the extent that the interrogatories or preface thereto require supplemental responses by MBR beyond or in addition to those required by federal law and the Federal Rules of Civil Procedure.

(G) MBR objects to the interrogatories to the extent that the interrogatories or preface thereto require MBR to identify information which stems from prior to November 5, 2018, when MBR was actually formed.

(H) MBR hereby puts Plaintiff on notice that the number of Interrogatories propounded to it by Plaintiff exceeds amount allowed by Rule 33.

(I) Subject to the above objections, on the basis of information now known to MBR and its counsel, and without waiving any objection or admitting the relevance or materiality, if any, of the information sought, MBR hereby responds to said interrogatories as follows:

## SECTION II: RESPONSES

1.

Please list all real property you have owned between January 1, 2015 and the present. For each property, provide:

    a.    The physical location of the property (address and parcel identifier);

    b.    The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

    c.    A description of all commercial activities conducted on the property, including but not limited to:

        (i)    Any crop(s) grown on the property (for sod, indicate the sod variety, such as fescue);

        (ii)    The acreage on which each crop was grown.

    d.    The date your purchased or otherwise acquired the property;

    e.    The purchase price of the property; and

    f.    If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

    g.    If you leased the property to another individual or entity, identify

      (i)      The name of the lessee;

      (ii)     The dates during which the property was leased;

      (iii)    The amount the lessee paid to you to lease the property; and

      (iv)    The purpose for which the lessee leased the property.

Your answers to this interrogatory should be segregated by individual properties.

**RESPONSE: MBR objects to this interrogatory as compound, conjunctive, or disjunctive questions. Subject to said objections and its General Objections, MBR generally responds as follows:**

    **MBR has never owned any real property.**

2.

State all facts upon which you contend, in your Fourth Affirmative Defense, that Defendant MBR is not a joint employer under the Fair Labor Standards Act. Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**RESPONSE: MBR objects to this interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all answers to such interrogatory. MBR objects to this interrogatory to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, is prepared in anticipation of litigation or trial by. Subject to the foregoing objections and its General Objections, MBR generally responds as follows:**

    **MBR never directly employed any of Plaintiffs and was not a joint employer with any other Defendant in this action. MBR did not have the ability to hire or fire workers, did not schedule Plaintiffs, or control their hours, did not directly assign Plaintiffs' duties, did not**

supervise the performance of Plaintiffs' duties, did not set work rules, did not discipline Plaintiffs, or govern the manner, means, or methods of the performance of duties.

3.

State all facts upon which contend, in your Ninth Affirmative Defense, that "Plaintiffs have failed to mitigate their alleged damages." Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**RESPONSE:** MBR objects to this interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all answers to such interrogatory. MBR objects to this interrogatory to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, is prepared in anticipation of litigation or trial by. As discovery is in its initial stages, MBR Farms will supplement this response.

4.

State all facts upon which you contend, in your Tenth Affirmative Defenses, that Defendant MBR is not an employer under the Migrant and Seasonal Agricultural Worker Protection Act. Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**RESPONSE:** MBR objects to this interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all answers to such interrogatory. MBR objects to this interrogatory to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, is prepared in anticipation of litigation or trial by. Subject to the foregoing objections and its General Objections, MBR generally responds as follows:

**MBR did not directly recruit, solicit, hire, employ, furnish, or transport any migrant or seasonal agricultural worker. MBR did not have the ability to hire or fire workers, did not schedule Plaintiffs, or control their hours, did not directly assign Plaintiffs' duties, did not supervise the performance of Plaintiffs' duties, did not set work rules, did not discipline Plaintiffs, or govern the manner, means, or methods of the performance of duties of Plaintiffs.**

5.

State all facts upon which you contend, in your Eleventh Affirmative Defenses, that Defendant MBR is exempt under the small business exemption. Further, identify all documents and tangible things that you contend support this affirmative defense. Your identification of any such documents should include a description of the document and the Bates number if the document has been produced in discovery in this lawsuit. If the document has not been produced in discovery in this lawsuit, provide a detailed description of the document and identify the current custodian of the document.

**RESPONSE:** MBR objects to this interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all answers to such interrogatory. MBR objects to this interrogatory to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, is prepared in anticipation of litigation or trial by. Subject to the foregoing objections and its General Objections, MBR generally responds as follows:

**Plaintiffs' Complaint only identifies three H-2A workers who have allegedly performed work on behalf of MBR. MBR did not utilize a significant number of H-2A laborers. These labors would total less than 500 man hours.**

6.

Please list the name, current residential and business address, and current residential and business telephone number of each person known to you, other than the parties to this action, who has knowledge of the events and matters which are the subject of this suit. Please also indicate whether written or recorded statements have been taken from the person, and who has possession of such statements.

**RESPONSE:** Subject to its General Objections, MBR generally responds as follows:

- **Barton McKinnon** – Can be contacted through MBR's counsel;
- **Rebecca Garrity** – Can be contacted through MBR's counsel;
- **Robert Garrity** – Can be contacted through MBR's counsel;
- **Enrique Duque Tovar** – Can be contact through his counsel;
- **Maria Leticia Patricio;**
- **Jose Carmen Doque Tovar;**
- **Plaintiffs; and**
- **Sherry Duque, wife of Enrique Duque Tovar** – Phone number unknown at this time. MBR has not obtained a written or recorded statement.

7.

For every individual with an H-2A nonimmigrant visa ("H-2A workers") who worked at your business at any point from January 1, 2015 to the present, please provide the following information:

    a.    Full name;

    b.    Last known address;

    c.    E-mail address(es);

    d.    Telephone numbers, including residential and mobile phones;

    e.    Job title;

    f.    Job description and/or responsibilities; and

    g.    Dates of employment.

**RESPONSE: MBR has never been responsible for tracking and retaining this information.**

8.

For each check payment made to Enrique Duque or a.k.a. Ricky Duque, listed in your

initial disclosures, please describe in detail the purpose of the payment, including

    a.    Identifying the check number;

    b.    Providing a detailed description of the services purchased;

    c.    Identifying the date on which the services were performed:

    d.    Providing a description of the services that were actually performed;

    e.    Providing the identifying information of all individuals who performed those tasks, including the full name, last known address, e-mail address, and telephone number;

**RESPONSE:** **Subject to said its General Objections, MBR generally responds as follows:**

**From April 28, 2021 through May 11, 2021 MBR remitted ten (10) checks to Enrique Duque a.k.a. Ricky Duque with check numbers: 501, 502, 506, 509, 516, 1553, 1296, 1297, 1294, and 1299. Each of these checks was remitted by MBR to pay for labor and farm work provided by Enrique Tovar, as well as his independent laborers. All checks were written contemporaneously with the respective work performed. The services performed included picking blueberries. MBR did not, and has never, retained any identifying information for any individuals who performed these tasks. MBR was not responsible for and had no authority, to tender payment to any H-2A Workers, and did not specifically calculate the pay for each alleged H-2A Worker.**

9.

For each check payment made to Sherry Duque listed in your initial disclosures, please describe in detail the purpose of the payment, including

    a.    Identifying the check number;

    b.    Providing a detailed description of the services purchased;

    c.    Identifying the date on which the services were performed:

    d.    Providing a description of the services that were actually performed;

-8-

  e. Providing the identifying information of all individuals who performed those tasks, including the full name, last known address, e-mail address, and telephone number;

**RESPONSE: Subject its General Objections, MBR generally responds as follows:**

From March 10, 2022 through April 11, 2022 MBR remitted six (6) checks to Sherry Duque with check numbers: 1515, 1516, 1521, 1523, 1527, and 1532. Each of these checks was remitted by MBR to pay for labor and farm work provided by Enrique Tovar, as well as his independent laborers. All checks were written contemporaneously with the respective work performed. The services performed included picking blueberries. MBR did not, and has never, retained any identifying information for any individuals who performed these tasks. MBR was not responsible for and had no authority, to tender payment to any H-2A Workers, and did not specifically calculate the pay for each alleged H-2A Worker.

10.

Please identify all persons or entities who/which assisted you with the recruitment of H-2A workers between January 1, 2015 and the present.

**RESPONSE: Subject to MBR's General Objections, MBR generally responds as follows:**

- **Enrique Duque Tovar**

11.

Please identify all persons or entities with whom you had a business relation to provide housing, including utilities, to H-2A workers between January 1, 2015 and the present.

**RESPONSE: None.**

12.

Please identify your telephone service provider(s) (mobile and land service) and all telephone numbers associated with you between January 1, 2015 and the present.

**RESPONSE: Barton McKinnon – (912) 381-5899 Verizon**

**Rebecca Garity – (912) 422-8254 Straight Talk**

-9-

**Robert Garrity – (912) 501-0804 Straight Talk**

13.

Please identify all e-mail addresses associated with you between January 1, 2015 and the present. For each separate e-mail address, identify the person(s) with access to that account during said time period and the email service provider.

**RESPONSE: The following are all e-mail addresses associated with MBR between January 1, 2015:**

- **bmelectric14@gmail.com – Barton McKinnon**
- **rmgarrity12@gmail.com – Rebecca Garrity**
- **bogarrity012289@gmail.com – Robert Garrity**

14.

Please identify your internet service provider(s) between January 1, 2015 and the present.

**RESPONSE: FTC**

15.

Please identify all courier services, such as DHL or Federal Express, with which you had an account between January 1, 2015 and the present.

**RESPONSE: None.**

16.

Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party during the last ten years, or in which a corporate officer, director, agent, or employee has testified on your behalf during the last ten years. Please identify the case style, cause number and court or agency in which each action was pending, and briefly describe the nature of the proceedings.

**RESPONSE: None.**

17.

Please describe all measures taken to maintain, preserve, and safeguard against disposal, destruction, or any other damage to any and all documents in your possession or control relating

-10-

to any allegation made in, or involving any party or potential party to this litigation. Your answer should include any and all affirmative steps taken to ensure and monitor compliance with an appropriate "litigation hold" until discovery in the instant litigation is completed and issues of relevance are determined by the Court and the date(s) such steps were taken.

**RESPONSE: MBR has never held any documentation regarding H-2A Workers, as MBR is not, nor have it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

18.

Please describe the make, model, operating system, each version of each operating system, and period of use, of each electronic information system (including but not limited to computers; portable drives; local, remote, and "cloud" servers or services; tablets, PDAs, and smart phones) that you use, or have used to store, create, generate, manage, copy, convert, manipulate, destroy, shred, alter, or delete documents, electronically stored information and other tangible things between 2015 and the present date.

**RESPONSE: MBR Farms, Inc. makes use of an HP Desktop in its office. It also makes use of an additional IMAC and HP Laptop.**

19.

Please identify each employee, vendor, contractor, or subcontractor who created, designed, purchased or leased the electronic information system for you, and was responsible for its management, operation, maintenance, repair, and technical support, as well as each person or entity from whom/which the system was purchased or leased.

**RESPONSE: None.**

20.

Please identify each tax preparer you used for the purpose of preparing and/or submitting information returns between January 1, 2015 and the present.

**RESPONSE: Danny Smith, CPA of Clements, Purvis & Stewart, P.C.**

This 18th day of April, 2024.

-11-

<div style="display: flex;">

<div>
109 S. Ashley Street
Valdosta, Georgia 31601
(904) 456-8966
mark.gilbert@colemantalley.com
kayla.barnes@colemantalley.com
</div>

<div>
COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert
Georgia Bar No. 293797
Kayla H. Barnes
Georgia Bar No. 301948
***Attorney for MBR Farms, Inc.***
</div>

</div>

-12-

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | Civil No. CV 523-023 |
| v. | ) ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## VERIFICATION STATEMENT

Personally appeared before the undersigned officer duly authorized to administer oaths, **Barton McKinnon, Officer and Authorized Representative of MBR Farms, Inc.**, who after oath was administered, deposes and states that the facts stated in the foregoing *DEFENDANT MBR FARMS, INC.'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF INTERROGATORIES TO MBR FARMS, INC.* are true and correct to the best of his knowledge and belief.

This the 18 day of April, 2024.

**BARTON MCKINNON**

Sworn to and subscribed before me this 18 day of April, 2024.

Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. CV 523-023 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing *DEFENDANT MBR FARMS, INC.'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF INTERROGATORIES TO MBR FARMS, INC.* upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                                             *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com

aczerniak@vedderprice.com

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

James R. Miller                                          *Attorney for Defendant*
Elliot Blackburn, PC                                     ENRIQUE DUQUE TOVAR
3016 North Patterson Street
Valdosta, Georgia 31602
Tel: (229) 242-3333
jmiller@elliotblackburn.com

Maria Leticia Patricio                                   *Pro Se*
208 Nopalito Rd.
Nicholls GA 31554
Patricio_260@hotmail.com

This 18th day of April, 2024.

COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert