

EXHIBIT DW-7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ, <br><br>Plaintiffs, <br><br>v. <br><br>MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, <br><br>Defendants. | Civil No. CV 523-023 |

## DEFENDANT MBR FARMS, INC.'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW Defendant MBR Farms, Inc. (hereinafter referred to as "MBR"), in the above-captioned matter, and responds to Plaintiff Cristhian Zuniga Hernandez's First Set of Requests for Production to MBR as follows:

### SECTION I: OBJECTIONS

(A)   MBR objects to each and every request to the extent that it would require them to respond by disclosing its attorney's or representative's mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said request exceeds the permissible scope of discovery under the federal law and the Federal Rules of Civil Procedure.

(B)   MBR objects to each and every request to the extent that it, whether standing alone

-2-

or taken in conjunction with any and all requests, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to MBR, or would be unduly vexatious or unduly burdensome to respond to, or would require them to engage in investigative efforts burdensome to the point of oppression, on the ground that said request exceeds the permissible scope of discovery under federal law and the Federal Rules of Civil Procedure.

(C) MBR objects to each and every request to the extent that it requires them to respond by acquiring or supplying information that would be irrelevant to the subject matter or issues of this action and is not reasonably calculated to lead to the discovery of admissible evidence under federal law and the Federal Rules of Civil Procedure.

(D) MBR objects to each and every request to the extent that it requires them to respond by waiving its attorney-client privilege, on the ground that said request exceeds the permissible scope of discovery under federal law and the Federal Rules of Civil Procedure.

(E) MBR objects to the caption or preface to the requests to the extent that MBR is requested to file responses that exceed the scope of discovery under federal law and the Federal Rules of Civil Procedure or within a period of time that is less than that allowed to MBR to respond to requests under federal law and the Federal Rules of Civil Procedure. MBR's responses herein are in compliance with federal law and the Federal Rules of Civil Procedure, and not pursuant to the conditions sought to be imposed by Plaintiff in the caption or preface to the requests.

(F) MBR objects to the requests to the extent that the requests or preface thereto require supplemental responses by MBR beyond or in addition to those required by federal law and the Federal Rules of Civil Procedure.

(G) Subject to the above objections, on the basis of information now known to MBR and its counsel, and without waiving any objection or admitting the relevance or materiality, if any, of the information sought, MBR hereby responds to said requests as follows:

## SECTION II: RESPONSES

1.

Please produce every form W-2, W-4, Form IRS-1099, I-9, application for employment, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to the Plaintiffs, including any documents provided to you by the Plaintiffs or other H-2A workers, created at any time between 2015 and the present.

**RESPONSE: None. MBR has never held any of the documentation regarding H-2A Workers, as MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

2.

Please produce all documents you filed with or sent to the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labor, the United States Bureau of Citizenship and Immigration Services and/or other federal or state agencies to obtain temporary alien labor certification to employ workers under the H-2A nonimmigrant visa program (respectively, "H-2A workers'), with an admittance date any time between January 1, 2015 and the present, as well as any correspondence or other documents received by you from the United States Department of Labor, the United States Department of State, the United States Department of Homeland Security, the Georgia Department of Labor, the United States Bureau of Citizenship and Immigration Services and/or any other federal or state agencies in response to such filings or mailings. Such documents include, but are not limited to, Form I-129s with all attachments, Form ETA 9142Bs with all attachments, documentation of final determinations made by the United States Department of Labor, itineraries, copies of job advertisements placed in newspapers, summaries of recruitment efforts, prevailing wage determinations, and any forms detailing or listing the names and/or contact information of H-2A workers.

**RESPONSE: None. MBR has never held any of the documentation regarding H-2A Workers, as MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

3.

Please produce any and all documents and correspondence sent to you or received by you from any individual(s), agencies, companies and/or entities utilized by you for the purposes of contracting, recruiting, hiring, transporting, and/or housing the Plaintiffs and other H-2A workers between January 1, 2015 and the present.

**RESPONSE: None. MBR has never held any of the documentation regarding H-2A**

**Workers, as MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

4.

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your H-2A workers, including the Plaintiffs, who were employed by you at any time from January 1, 2015 and the present.

**RESPONSE: None. MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

5.

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Enrique Duque Tovar at any time between 2015 and the present.

**RESPONSE: MBR will produce all responsive documents in its possession.**

6.

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Sherry Duque Tovar at any time between 2015 and the present.

**RESPONSE: MBR will produce all responsive documents in its possession.**

7.

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Jose Carmen Duque Tovar at any time between 2015 and the present.

**RESPONSE: None. Prior to the institution of this lawsuit, MBR had never heard of Jose Carmen Duque Tovar.**

8.

Please produce all documents, including correspondence, contracts, pay records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and Maria Letitia Patricio at any time between 2015 and the present.

**RESPONSE: None. Prior to the initiation of this lawsuit, MBR had never heard of Maria Leticia Patricio.**

9.

Please produce all documents evidencing or tending to evidence any policies or practices you had with respect to the recruitment, selection, hiring, employment, housing, or pay of H-2A workers from 2015 to the present.

**RESPONSE: None. MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act, and was not responsible for recruiting, selecting, hiring, employing, housing, or directly paying any H-2A workers.**

10.

Please produce all documents, including but not limited to payroll records, employee personnel records, wage statements, pay envelopes, ledgers, time cards or time sheets, correspondence, notes and notations (including those made on tablets and notebooks), canceled checks, receipts, employment contracts, and employment applications, evidencing or tending to evidence any of the following information with regard to the labor of the Plaintiffs and other H-2A workers, at any time from January 1, 2015 and the present:

(a) Name of employee;

(b) Employee identification number(s);

(c) The employee's permanent address;

(d) Dates of employment;

(e) The daily starting and stopping time of all labor performed;

(f) The type of work and/or activities performed;

(g) Hours worked;

(h) Wage rate(s) paid;

(i) Gross wages paid;

(j) All withholdings from wages, and the purpose for each such withholding;

(k) Any amounts advanced, loaned, or otherwise provided to the Plaintiffs; and

(l) Net pay.

Please separate payroll records provided in response to this request by "workweek" as defined by Department of Labor regulations of the Fair Labor Standards Act, 29 C.F.R. § 778.105

If any of the above information is maintained in whole or in part as computer files, please produce each file or database. Produce the file in its native format or, if that is not possible, then as ASCII delimited files, ASCII files with fixed field and record lengths, Microsoft Access databases, Microsoft Excel spreadsheets, or in a conventional file format agreed to by Plaintiffs. Produce the data on CD, DVD, a portable drive, or via a secure file sharing service, accompanied by documentation of the file structures and contents.

**RESPONSE: None. MBR has never held any of the documentation regarding H-2A Workers, as MBR is not, nor has it ever been, an employer under the Fair Labor Standards Act or Migrant and Seasonal Agricultural Worker Protection Act.**

11.

Please produce all documents, canceled checks, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for the purpose of housing the Plaintiffs and other H-2A workers, from 2015 to the present.

**RESPONSE: None. MBR was not responsible for housing any workers.**

12.

Please produce all documents, including correspondence, contracts, transaction records, or any other documents relating to and/or evidencing a business relationship or business dealings between you and any prospective or actual provider(s) of housing in Georgia for the Plaintiffs and other H-2A workers at any time between 2015 and the present.

**RESPONSE: None. MBR was not responsible for housing any workers.**

13.

Please produce all documents reflecting any of the following information pertaining to real property you have owned at any time between January 1, 2015 and the present:

    (a) The physical location of the property (address and parcel identifier);

    (b) The name of the owner of the property (if owned by a trust, identify the name of the trust and the name of each trustee);

    (c)    Commercial activities conducted on the property, including but not limited to:

        i.    Any crop(s) grown on the property;

        ii.    The acreage on which each crop was grown.

    (d)    The date you purchased or otherwise acquired the property;

    (e)    The purchase price of the property; and

    (f)    If you sold or otherwise transferred ownership of the property during this time period, the person or entity to whom the property was sold or transferred and the purchase price of the property.

    (g)    If you leased the property to another individual or entity, identify

        i.    The name of the lessee;

        ii.    The dates during which the property was leased;

        iii.    The amount the lessee paid to you to lease the property;

        iv.    Any other terms and conditions of the lease; and

        v.    The purpose for which the lessee leased the property.

**RESPONSE: None. MBR has never owned real property.**

14.

Please produce all reports prepared by any witnesses concerning this litigation and specifically any expert witness reports.

**RESPONSE: MBR objects to this request to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, or information prepared in anticipation of litigation or trial. Subject to said objections and its General Objections, MBR generally responds as follows:**

**None.**

15.

Please produce all documents related to any communications with your employees or former employees since the lawsuit began in which any of the issues in this lawsuit were discussed. This should specifically include, but is not limited to: documents provided to employees or placed in common areas accessible to employees (including in any vehicles utilized by employees), documents which employees were requested to sign, even if those documents were not signed, and any and all documents signed by any employees related to this suit.

**RESPONSE: MBR objects to this request to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, or information prepared in anticipation of litigation or trial. Subject to said objections and its General Objections, MBR generally responds as follows:**

**None.**

16.

Please produce all documents related to any settlement, deal, agreement, or arrangement of any kind made by you or your agent(s) with a person or party or their attorney concerning this litigation, including any insurance policies that may apply to this case. This request includes, but is not limited to, an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

**RESPONSE: MBR objects to this request to the extent that it purports to require the release of information that is protected by the attorney-client privilege, the attorney work product doctrine, or information prepared in anticipation of litigation or trial. Subject to said objections and its General Objections, MBR generally responds as follows:**

**None.**

17.

Please produce all documents that you contend support your defense of this action.

**RESPONSE: Subject to its General Objections, MBR will produce all responsive documents in its possession.**

18.

Please produce all non-privileged documents, including electronic mail and other electronic records, which refer to, reflect or in any way relate to this lawsuit and/or the substance of the claims or defenses raised in this lawsuit.

**RESPONSE: Subject to its General Objections, MBR will produce all responsive documents in its possession.**

19.

Please produce all documents referenced in your responses to Plaintiffs' Interrogatories.

**RESPONSE: MBR will produce all responsive documents in its possession.**

20.

Please produce all documents that explain the meaning of any codes, shorthand, untitled columns of data, data fields, or other data presentation conventions used in documents that you have produced in this litigation.

**RESPONSE: None.**

21.

Please produce all memos, personnel policies, employee handbooks, training materials, employment contracts, and other documents reflecting the terms and conditions of employment that were in effect for your non-supervisory employees, including the Plaintiffs, at any time from January 1, 2015 to the present.

**RESPONSE: None.**

22.

Please produce all documents and correspondence related to each instance in which you have been reviewed, inspected, interviewed, examined, investigated, cited, warned, prosecuted, or have been the subject of any finding or action by the U.S. Department of Labor, the Equal Employment Opportunity Commission, a state employment service or state Department of Labor, or other agency of state, federal, or local government, related to compliance with any laws concerning employment.

**RESPONSE: None.**

23.

Please produce any and all minutes or other notes related to any board meetings or meetings of officers/directors/members and/or managers of MBR Farms, Inc. related to the employment of H-2A workers, compliance with labor and/or employment laws, and/or any contracts with any

person or entity for which H-2A workers performed labor.

**RESPONSE: None.**

24.

Please produce all information returns you submitted to the U.S. Internal Revenue Service between January 1, 2016 and the present.

**RESPONSE: MBR objects to the forgoing request as not being reasonably calculated to lead to discoverable information. Plaintiffs allege the relevant work occurred during the 2020 – 2021 harvest season. Accordingly, there is absolutely no reason for MBR's financials outside of these years, other than to harass MBR. MBR will produce returns for 2020 and 2021.**

25.

Please produce any annual or fiscal year financial statements, cash flow statements, balance sheets, tax returns, and shareholder statements, prepared for you for the fiscal year including January 1, 2018 and each subsequent year until the date of the trial in this case.

**RESPONSE: MBR objects to the forgoing request as not being reasonably calculated to lead to discoverable information. Plaintiffs allege the relevant work occurred during the 2020 – 2021 harvest season. Accordingly, there is absolutely no reason for MBR's financials outside of these years, other than to harass MBR. MBR will produce returns for 2020 and 2021. By way of further response, MBR does not produce financial statements outside of its returns.**

26.

Please produce all documents reflecting bank, investment, casino, and other financial accounts held, operated, controlled, or accessible by you.

**RESPONSE: MBR objects to the forgoing request as being overly broad, vague, not reasonably calculated to lead to discoverable information, and serving no other purpose than to harass MBR. Plaintiffs allege all relevant work occurred during the 2020-201 harvest season. MBR will produced its returns and statements for these years. There is absolutely no**

**reason, Plaintiffs could need any other financial information possessed by MBR.**

DATED this 18th day of April, 2024.

                                                COLEMAN TALLEY LLP

                                                */s/ Mark A. Gilbert*
                                                Mark A. Gilbert
                                                Georgia Bar No. 293797

109 S. Ashley Street                     Kayla H. Barnes
Valdosta, Georgia 31601                Georgia Bar No. 301948
(904) 456-8966                             ***Attorney for MBR Farms, Inc.***
mark.gilbert@colemantalley.com
kayla.barnes@colemantalley.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| **CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO P ALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Civil No. CV 523-023** |
| v. | ) ) | |
| **MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR, JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing *DEFENDANT MBR FARMS, INC.'S RESPONSES TO PLAINTIFF CRISTHIAN ZUNIGA HERNANDEZ'S FIRST SET OF REQUESTS FOR PRODUCTION TO MBR FARMS, INC.* upon interested parties via e-mail and by placing a copy thereof in the United States mail with sufficient postage thereon and addressed as follows:

Charlie Y. Wang                                        *Attorneys for Plaintiffs*
Anand Ramana
Dana Mehlman
Allison Czerniak
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: (424) 204-7700
cwang@vedderprice.com
aramana@vedderprice.com
dmehlman@vedderprice.com
aczerniak@vedderprice.com

Daniel Werner

-12-

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
Tel: (678) 271-0304
dan@decaturlegal.com

James R. Miller
Elliot Blackburn, PC
3016 North Patterson Street
Valdosta, Georgia 31602
Tel: (229) 242-3333
jmiller@elliotblackburn.com

*Attorney for Defendant*
ENRIQUE DUQUE TOVAR

Maria Leticia Patricio
208 Nopalito Rd.
Nicholls GA 31554
Patricio_260@hotmail.com

*Pro Se*

This 18th day of April, 2024.

COLEMAN TALLEY LLP

*/s/ Mark A. Gilbert*
Mark A. Gilbert