IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CRISTHIAN ZUNIGA HERNANDEZ, LUIS ALFONSO PALMILLAS LOPEZ, and RAMON RODRIGUEZ MENDEZ, *on behalf of themselves and all those similarly situated*, <br><br> Representative Plaintiffs, <br><br> v. <br><br> MARIA LETICIA PATRICIO, ENRIQUE DUQUE TOVAR JOSE CARMEN DUQUE TOVAR, and MBR FARMS, INC., a Georgia corporation, <br><br> Defendants. | Civil No. 5:23-CV-00023 |

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCLOSURE DEADLINE**

Defendant Enrique Duque Tovar ("Duque") hereby moves for an extension of the deadline set by the Court in its Order dated October 24, 2024 [Doc. 101], which requires that, on or before November 21, 2024 (the "Disclosure Deadline"), Duque produce a list of H-2A visa holders whom Defendant employed from 2020 to the present, including names, addresses, telephone numbers, dates of employment, WhatsApp contact information, personal email addresses, and any other available contact information (the "Information"). In support of this Motion, Duque shows the Court as follows:

1. Pursuant to an Order dated August 13, 2024 [Doc. 71], this Court ordered Duque to produce the Information to Plaintiffs on or before September 3, 2024.

2. On August 26, 2024, prior to the production deadline, Duque moved this Court for a stay of said deadline on the grounds that a protective order in Duque's related criminal case,

*United States v. Patricio,* No. 5:21-cr-00009-LGW-BWC, United States District Court, Southern District of Georgia (the "Criminal Case"), prohibited him from accessing and disclosing the Information in the context of this civil case.

3. On October 24, 2024, this Court entered an Order [Doc. 101] denying Duque's request for a stay; however, in doing so, the Court granted Duque additional time to comply with the Court's order, making November 21, 2024, the new deadline for production of the Information. In issuing its Order, the Court directed Duque to move for relief from the protective order in the Criminal Case if he deemed it necessary in order to comply with his obligations in this civil matter.

4. Thereafter, Duque's undersigned civil counsel contacted and coordinated with Duque's criminal defense counsel in order to seek the necessary relief from the Protective Order in the Criminal Case. On November 6, 2024, Duque's criminal defense counsel, Daniel O'Connor filed a *Motion to Modify Protective Order* [Doc. 1178 in the Criminal Case], which motion is currently pending.

5. On November 13, 2024, the United States of America filed its response [Doc. 1183 in the Criminal Case] to the *Motion to Modify Protective Order*. While the United States' response contains certain objections to the *Motion to Modify Protective Order*, it specifically states that the United States "has no objection to Defendant using his records that were seized from his residence to create and disclose a list of all persons he employed as H-2A workers as required by this Court in the related civil action." That statement, however, is subject to a request that "the parties in the related civil action should be subjected to a similar protective order to protect the workers' identities and personal identifying information."

6. As of the date hereof, the Court in the Criminal Case has not yet entered an Order on the *Motion to Modify Protective Order*. Consequently, Duque's undersigned counsel has not

-3-

yet been granted access to the documents needed in order to compile the Information for compliance with the Court's Order. The undersigned counsel anticipates that, upon receipt of said documentation, he will need some time to review it, confer with his client about its contents, and organize and compile the Information for disclosure to Plaintiffs. Consequently, additional time for compliance with the Court's order is being requested.

7. Rather than specifying a date certain, Duque respectfully requests that he be given a period of 14 days following occurrence of the following events in which to produce the Information to Plaintiffs:

   a. the entry of an order in the Criminal Case modifying the Protective Order, to the extent such order provides the necessary relief from or exceptions to the Protective Order; and

   b. the entry of a protective order in this matter, to the extent that such an order is required by the Court's order in the Criminal Case.

Respectfully submitted this 15th day of November, 2024.

ELLIOTT BLACKBURN, PC

_/s/ James R. Miller_
James R. Miller
Georgia Bar No. 159080
3016 North Patterson Street
Valdosta, Georgia 31602
(229) 242-3333
jmiller@elliottblackburn.com
Attorney for Enrique Duque Tovar

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, a true and correct copy of the foregoing *Motion to Extend Deadline* was served on the following counsel of record via the Court's ECF system and by electronic mail:

Charlie Y. Wang
cwang@vedderprice.com

Daniel Werner
dan@decaturlegal.com

Anand Ramana
aramana@vedderprice.com

Dana Mehlman
dmehlman@vedderprice.com

Allison Czerniak
aczerniak@vedderprice.com

Mark A. Gilbert
Mark.gilbert@colemantalley.com

Kayla H. Barnes
Kayla.barnes@colemantalley.com

This 15th day of November, 2024.

/s/ *James R. Miller*
James R. Miller
Georgia Bar No. 159080